IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **Filed Under Seal** |
| | ) | |
| | ) No. | 2:19-00013 |
| v. | ) | |
| | ) | Magistrate Judge Newbern |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

COMES NOW the United States, by and through the undersigned Assistant United States Attorneys, and hereby submits the following response in opposition to the Defendant's Motion to Strike Supplemental Memorandum in Support of Pre-trial Detention (Doc. 16).

In her motion, the defendant, relying on 18 U.S.C. § 3142(f), seeks to exclude the United States' supplemental memorandum on the basis that the proffered information does not support reopening the detention hearing. That provision provides in relevant part, "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.*, § 3142(f)(2)(B). For the reasons that follow, the defendant's motion should be denied.

The defendant cites two cases in support of her position – *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991), and *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). The defendant's reliance on these cases is misplaced. In *Dillon*, a detention hearing was held and the issue ruled

1

upon by the magistrate judge. *Dillon*, 938 F.2d at 1414. On appeal to the district court, a second hearing was held, which the district court also ruled upon. *Id.* at 1414-15. Following the rulings of the magistrate court and the district court, the defendant then sought to reopen the detention hearing; that request was ultimately denied. *Id.* at 1415. Similarly, in *Hare*, a detention hearing was held by a magistrate judge in the arresting district and ruled upon. The case was then removed to another district, where the defendant moved to revoke the previous detention order and to have a second detention hearing. Following the recommendation from a magistrate judge there, the district court, upon reviewing the record, denied the motion. *Hare,* 873 F.2d at 797-98. In other words, both cases cited by the defendant are examples of cases in which a defendant effectively sought to reopen a detention hearing after a magistrate judge had ruled on the issue of detention, and in the case of *Dillon*, after a district court had also held a second hearing. That is not the case here, where the Court has taken the matter under advisement and has not yet issued a ruling.

Moreover, in the instant case, as generally noted in its supplemental memorandum, the United States is not seeking to reopen the hearing. Rather, the United States is merely expounding upon information already proffered to the Court. At the detention hearing, the United States orally proffered to the Court that the defendant had previously made Western Union money transfers to Turkey and that those matters were under investigation. This information was generally proffered, to the best of counsels' recollection, in response to the Court's inquiry regarding comparisons between this case and other cases charging a violation of the same statutory provision. To that end, in its supplemental memorandum, the United States is simply providing the Court with additional support for what was already proffered at the detention hearing, rather than new information contemplated by the statute, and was presented in order for the Court to have

2

a full understanding of the in-court proffer in making its detention determination. Furthermore, the information presented in the supplemental memorandum was approved by the originating state investigative agency for use by the United States following the hearing and at the United States' request. Additional information regarding other money transfers remains classified and thus was not addressed in the United States' memorandum. Thus, because the United States is not seeking to reopen the hearing, the defendant's motion should be denied.

Lastly, in its consideration of the issue, the United States directs the Court to a recent case from this district, *United States v. Bills*, 2019 WL 1901643 (M.D. Tenn. Apr. 29, 2019), where the court dealt with a somewhat analogous but much more extreme situation in which the court allowed the government to reopen the detention hearing to put on additional evidence that in part connected the defendant to a murder after the court had orally ruled against the government on the detention issue. *Id.* *5-7. In a written ruling on the issue of whether the court could reopen the hearing and consider the government's evidence, the court engaged in a lengthy legal analysis and ultimately ruled in favor of the government's position. *Id.* The court adopted a "less restrictive approach" interpreting § 3142(f), finding "most persuasive" the rationale that construing the provision too strictly would, first "turn detention hearings into much longer mini-trials lest someone might [later] argue an attorney or pretrial services officer 'should have known this' or 'could have done that,' adding further delay and expense to the district courts' heavy dockets. Second, public safety or individual liberty interests might be jeopardized if the standard to reopen a person's release or detention were too high." *Bills*, 2019 WL 1901643, at * 5, quoting *United States v. Tommie*, 2011 WL 2457521, at * 4 (D. Ariz. June 20, 2011). The court noted that the magistrate judge in *Tommie* "applied a 'complete lack of diligence' standard and also considered

3

whether the government was attempting to 'schedule seriatim hearings for detention until it 'gets it right.'" *Id.* (citing distinguishing finding in *United States v. Flores*, 856 F. Supp. 1400, 1406 (E. D. Cal. 1994)).

In comparison with *Bills*, the instant case presents a far less extreme scenario and is limited only to information that was already referenced in the detention hearing and has been submitted prior to this Court's ruling. Moreover, such evidence provides appropriate context and meaning to the Court's consideration of the United States' proffer on the issue of detention, particularly on the issue of the defendant's dangerousness, and along with the other evidence proffered reflects the defendant's deliberate and sustained intent to violate the law and her support for jihadist causes. Accordingly, the United States submits that the Court should deny the defendant's motion to strike.

    Respectfully submitted,

    DONALD Q. COCHRAN
    United States Attorney
    Middle District of Tennessee

By: *s/ Philip H. Wehby*
    PHILIP H. WEHBY
    BEN SCHRADER
    Assistant United States Attorneys
    110 9th Avenue South, Suite A-961
    Nashville, Tennessee 37203
    (615) 736-5151

4

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 23, 2019, I have forwarded a copy of the foregoing motion, via electronic mail, to Peter J. Strianse, Esq., counsel for the defendant.

       *s/ Philip H. Wehby*
PHILIP H. WEHBY
Assistant United States Attorney