UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | **Filed Under Seal** |
| | ) | | |
| | ) | No. | 2:19-cr-00013 |
| v. | ) | | |
| | ) | | Chief Judge Crenshaw |
| | ) | | |
| GEORGIANNA A.M. GIAMPIETRO | ) | | |

**GOVERNMENT'S MOTION TO EXCLUDE SPEEDY TRIAL TIME,
TO DESIGNATE THE INSTANT MATTER AS A COMPLEX CASE,
AND TO SET A STATUS HEARING FOR SCHEDULING PURPOSES**

The United States, through the United States Attorney for the Middle District of Tennessee, respectfully moves this Court, pursuant to the Speedy Trial Act, Title 18, United States Code, Sections 3161, *et seq.*, to designate the above-captioned matter as a complex case that warrants the tolling of speedy trial time. The government also requests that the Court set a status hearing to determine scheduling dates for pre-trial motions, trial, and related matters. In support of its motion, the government sets forth as follows:

On August 14, 2019, a federal grand jury indicted defendant Georgianna A.M. GIAMPIETRO on one count of Attempting to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B, in connection with her alleged attempt to provide material support, namely, personnel, to Hay'at Tahir al-Sham, also known as "HTS," a designated foreign terrorist organization ("FTO"). The charges were filed under seal at the request of the government. On August 16, 2019, GIAMPIETRO made her initial appearance before U.S. Magistrate Judge Alistair Newbern. On August 21, 2019, the parties appeared before Judge Newbern for a detention hearing. Judge Newbern took the detention issue under advisement at the conclusion of the hearing.

1

Under the Speedy Trial Act of 1974, codified at Title 18, United States Code, Section 3161, *et seq.*, trial "shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." The Speedy Trial Act permits the Court, however, to exclude certain periods of time within which a trial must commence. Specifically, Title 18, United States Code, Section 3161(h)(7)(A) permits the Court, upon the Court's motion or upon a motion made by the government or a defendant, to continue the trial and to exclude any period of delay where the Court finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors that the Court shall consider in determining whether to exclude time under § 3161(h)(7)(A) is whether:

> [T]he case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [§§ 3161, *et seq.*].

18 U.S.C. § 3161(h)(7)(B)(ii). Additionally, even if the Court found that a case were "not so unusual or so complex as to fall within [§ 3161(h)(7)(B)(ii)]," the Court may also consider whether a failure to exclude time under the Speedy Trial Act "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

The instant matter comfortably falls within the parameters of § 3161(h)(7)(B)(ii). This case, as noted, charges GIAMPIETRO with attempting to provide material support to HTS, an FTO. The government's investigation into the conduct underlying these allegations began in 2015. The evidence developed as a result of the investigation—including online communications in

2

which GIAMPIETRO engaged, search warrant returns for numerous social media accounts, search warrant returns for electronic devices which belonged to GIAMPIETRO, undercover recordings between GIAMPIETRO and others, and surveillance of GIAMPIETRO—is therefore voluminous, and amounts to hundreds of gigabytes of information. All told, FBI agents have prepared more than 450 reports, many of which have attachments, in connection with this investigation. The government's investigation, moreover, is ongoing, and may result in the filing of additional charges against GIAMPIETRO.

Some of the evidence in this case is also currently classified, and the logistics of production of discoverable information will therefore require disclosure in phases over a period of time. The government has already begun this process, but expects that it will be extensive and time-consuming, given the amount of material involved. Since matters relating to classified information may arise in this case, classified litigation pursuant to the Classified Information Procedures Act, 18 U.S.C. App. 3, Pub. L. 96-456, 94 Stat. 2025 (1980) ("CIPA"), may become necessary to resolve pre-trial and/or trial issues concerning the use, disclosure, and dissemination of classified information. Defense counsel may need to seek and obtain a security clearance in connection with this case, and if so, the process of obtaining a security clearance takes time.

If the Court were to find that the case did not fall within § 3161(h)(7)(B)(ii), a failure to exclude time here would deny counsel for GIAMPIETRO and counsel for the government the time necessary to review the evidence in this case and adequately prepare that evidence for use at trial. The evidence underlying the prosecution in this case is voluminous, as noted, and the parties will require significantly more time than that required in the ordinary case to review these materials and prepare the case for trial.

For these reasons, designation of the instant matter as a complex case under Title 18, United

States Code, Section 3161(h)(7)(B)(ii) is appropriate. Additionally, given the nature and extent of potentially discoverable material in this case, it would be unreasonable to expect adequate preparation for pretrial proceedings to conclude, or for the trial itself to occur, within the seventy-day period set forth in the Speedy Trial Act. The Court may therefore toll the Speedy Trial time clock under Title 18, United States Code, Section 3161(h)(7)(A) and issue a scheduling order that reflects a trial date that the Court deems appropriate, considering the matters stated herein. Given the nature and complexity of the instant matter, the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Other courts considering such requests in national security cases involving classified material have excluded time under the Speedy Trial Act on this basis as well. *See*, *e.g.*, *United States v. Warsame*, 2007 WL 748281, at *1-6 (D. Minn. Mar. 8, 2007) (denying motion to dismiss on Speedy Trial grounds in case charging conspiracy to provide material support to an FTO, which required implementation of Classified Information Procedures Act to resolve pretrial discovery issues).

WHEREFORE, for the reasons above, the government respectfully requests that the Court certify the instant matter as a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii), toll time limits pursuant to Title 18, United States Code, Section 3161(h)(7)(A), and set forth that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The government also requests that the Court set a status hearing to determine scheduling and a trial date that the Court deems appropriate, considering the complexity of the instant case.[1]

---

[1] Undersigned government counsel met and conferred with defense counsel regarding the instant motion on the afternoon of Friday, August 23, 2019. Undersigned government counsel also provided defense counsel with an electronic copy of the instant motion later that day, and requested defense counsel's position on the motion. Defense counsel has not yet conveyed his position on the instant motion to the government, although defense counsel is

4

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

By:     *s/Ben Schrader*
        BEN SCHRADER
        Assistant U.S. Attorney
        110th Avenue South, A96l
        Nashville, Tennessee 37203
        Phone: (615) 736-5151

By:     *s/Philip Wehby*
        PHILIP WEHBY
        Assistant U.S. Attorney
        110th Avenue South, A96l
        Nashville, Tennessee 37203
        Phone: (615) 736-5151

Dated:          August 27, 2019

---

beginning trial today (August 27, 2019) before U.S. District Judge Eli J. Richardson, and also expressed to the government that he did not believe he would have an opportunity to review this motion with the defendant prior to beginning trial today.

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2019 I electronically served one copy of the government's Motion to Exclude Speedy Trial Time, to Designate the Instant Matter as a Complex Case, and to Set a Status Hearing for Scheduling Purposes with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for defendant.

*s/Ben Schrader*
BEN SCHRADER
Assistant U.S. Attorney
110th Avenue South, A96l
Nashville, Tennessee 37203
Phone: (615) 736-5151

6