UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **Filed Under Seal** |
| | ) | |
| | ) No. | 2:19-cr-00013 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

## PROTECTIVE ORDER

The United States, through the United States Attorney for the Middle District of Tennessee, and the defendant, Georgianna A.M. GIAMPIETRO, through her counsel, Peter Strianse, Esq., have filed a Joint Motion for a Protective Order (the "Joint Motion") (ECF Doc. 28) regarding certain discovery materials in this case. Specifically, the government represents that it anticipates producing the following materials to GIAMPIETRO's counsel in its first tranche of discovery ("Production 1"):

- The contents of GIAMPIETRO's Facebook accounts, obtained after the execution of a federal search warrant issued by U.S. Magistrate Judge Alistair Newbern on July 3, 2018;

- The contents of GIAMPIETRO's Instagram accounts, obtained after the execution of a federal search warrant issued by U.S. Magistrate Judge Alistair Newbern on July 3, 2018;[1]

- The contents of additional Instagram accounts associated with GIAMPIETRO, obtained after the execution of a federal search warrant issued by U.S. Magistrate Judge Alistair Newbern on July 11, 2018;[2]

- The contents of GIAMPIETRO's Google Cloud account (associated with email address gergiannagiampieto@gmail.com), obtained after the execution of a

---

[1] The government represents that this search warrant was issued for information associated with numerous Instagram profile names.

[2] The government represents that this search warrant was issued for information associated with Instagram username 1395009601.

1

federal search warrant issued by U.S. Magistrate Judge Alistair Newbern on March 1, 2019;

- The contents of GIAMPIETRO's Samsung S5 cell phone, obtained after the execution of a federal search warrant issued by U.S. Magistrate Judge Alistair Newbern on October 22, 2018;

- The contents of GIAMPIETRO's Samsung S8 cell phone, obtained after the execution of a federal search warrant issued by U.S. Magistrate Judge Alistair Newbern on October 22, 2018;

- The contents of GIAMPIETRO's laptop computer, obtained after the execution of a federal search warrant issued by U.S. Magistrate Judge Alistair Newbern on October 22, 2018;

- The contents of four thumb drives, obtained after the execution of a federal search warrant issued by U.S. Magistrate Judge Alistair Newbern on October 22, 2018; and

- A redacted transcript of an interview of GIAMPIETRO on October 23, 2018, conducted in connection with the execution of a search warrant at her residence on that date.

Because the purpose of discovery is for nothing other than to be used in the prosecution or defense in this case, and based upon good cause shown by the Joint Motion under Federal Rule of Criminal Procedure 16(d)(1), including that these materials implicate a matter of national security, such that the disclosure or further dissemination of these materials could jeopardize national security, alert other persons to the government's investigation and prompt them to flee or take steps to evade potential prosecution, including by obstructing justice or taking flight, it is hereby ORDERED that the discovery materials identified above shall not be further disseminated by the defendant, or her counsel of record, or any individual associated with her, to any individuals, organizations or other entities, other than: (i) members of the defense team (counsel, paralegals, investigators, translators, transcription service personnel, litigation support personnel, the defendant, and secretarial staff); (ii) experts retained to assist in the preparation of the case; and

2

(iii) individuals or entities assisting the United States in the prosecution of the case (generally the same types of individuals listed at (i), above). Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except for good cause authorized by the court and with the express direction of counsel. In addition, counsel and any investigator may show (but not provide copies or allow memorialization of information in) the discovery materials identified above to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the case.

Under no circumstances, however, may the defendant retain a copy of these materials for herself. Rather, counsel shall store all of these materials, and any copies thereof, in a safe and secure place in defense counsel's office and shall exercise due and proper care with respect to the storage, custody, use, control, and/or dissemination of such information. Non-party recipients of any of these discovery materials pursuant to this protective order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of these discovery materials.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE