UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | **Filed Under Seal** | |
| | ) | | |
| | ) No. | 2:19-cr-00013 | |
| v. | ) | | |
| | ) | Chief Judge Crenshaw | |
| | ) | | |
| GEORGIANNA A.M. GIAMPIETRO | ) | | |

**SUPPLEMENT TO GOVERNMENT'S MOTION TO EXCLUDE SPEEDY TRIAL TIME, TO DESIGNATE THE INSTANT MATTER AS A COMPLEX CASE, AND TO SET A STATUS HEARING FOR SCHEDULING PURPOSES**

The United States, through the United States Attorney for the Middle District of Tennessee, and the Counterterrorism Section of the National Security Division, U.S. Department of Justice, respectfully files this Supplement to its Motion to Exclude Speedy Trial Time, To Designate the Instant Matter as a Complex Case, and to Set a Status Hearing for Scheduling Purposes, in order to provide the Court with additional information regarding the status of discovery in this case and to apprise the Court regarding certain discovery-related matters that the government believes will be relevant to scheduling this case for trial.

As the government noted at the status conference on September 16, 2019, the government expects discovery in this case to be voluminous. In the course of the government's investigation, which began in 2015, FBI agents in Nashville have prepared approximately 600 reports. Those reports include, for example:

- Internal FBI memorandums related to investigative activities undertaken by agents in this case;

- Reports related to various requests law enforcement has made of other entities or

1

organizations for information about the defendant;

- Reports reflecting FBI analyses of information obtained during the investigation in this case;

- Reports documenting physical surveillance of the defendant;

- Reports documenting requests for information made through the grand jury subpoena process;

- Reports documenting online encounters (including records of text messages and other online chats) between the defendant and an online covert employee;

- Reports documenting face-to-face encounters, as well as online encounters (including records of text messages and other online chats) between the defendant and an undercover employee, which are voluminous, and which span approximately one year;

- Reports related to the extraction of data from various electronic devices, including extractions from laptop computers, two cell phones, and four thumb drives; and

- Reports documenting interviews with potential witnesses.

In addition to these reports, many of which include attachments, discovery materials in this case also include:

- Multiple recordings of face-to-face meetings between an undercover employee and the defendant, as well as transcripts of those meetings prepared at FBI expense;

- Returns from Facebook and Instagram for multiple accounts belonging to the defendant;

- Returns from Google for information associated with the defendant's Gmail account;

- Applications and related materials for search warrants for the defendant's Facebook accounts, Instagram accounts, the Google account associated with the defendant's Gmail account, and the search of the defendant's residence on October 23, 2018;

- Physical evidence that the defendant gave to the undercover employee; and

- Physical evidence seized during the execution of the search warrant at the defendant's residence on October 23, 2018, including various books and journals.

All told, this information comprises hundreds of gigabytes of case-related data.

To date, the government has already made substantial efforts to ensure that its discovery obligations are met in this case. For example, the government has already provided the defense with an initial discovery production that includes a transcript prepared at FBI expense of the defendant's October 23, 2018 interview with FBI agents at her residence in Sparta, Tennessee; the contents of the defendant's Facebook accounts, totaling approximately 5,990 pages; the contents of the defendant's Instagram accounts, totaling approximately 27,870 pages; the contents of the Google account associated with the defendant's Gmail account; the contents of her laptop computer; the contents of her two cell phones; and the contents of several thumb drives. The government notes that the contents of the defendant's Google account and the contents of her electronic devices are difficult to quantify in numbers of pages because of the manner in which that information is stored, but nevertheless amounts to hundreds of gigabytes of data.

The government anticipates making significant and voluminous additional productions of discovery material in this case as well. Specifically, the government has already begun the process of requesting that certain materials be declassified, so that the government can make them available to the defense in discovery. For example, as of October 9, 2019, the government had requested, through appropriate FBI channels, that approximately 209 reports and their attachments be declassified for production to the defense. Prosecutors also conducted a comprehensive review of FBI Nashville's files during the week of September 23, 2019, and anticipate requesting that approximately 143 additional reports and their attachments be declassified for production to the defense as well. Prosecutors will also likely be required to review materials possessed by FBI field offices in one or more other locations, given the scope of the government's investigation in this case and given that potential Jencks material for persons whom the government anticipates calling

3

to testify at trial likely exists in the files of other offices.

Of course, the government may not be in a position to declassify certain of these materials for production to the defense, at least in their current form. To that end, the government anticipates that litigation pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, § 2, may be necessary as well. The government has thus filed, contemporaneously with its filing of the instant Supplement, a Motion for a Pretrial Conference Pursuant to 18 U.S.C. App. III (CIPA) Section 2, to put the Court and the defense on notice that an initial CIPA pretrial conference to discuss issues relating to classified information may be necessary at a later date in this case. If classified material is, in fact, at issue in this case, the Court will need to appoint a Classified Information Security Officer to evaluate the availability and need for storage facilities for the classified material, brief the Court and the Court's staff about the handling of classified material, and initiate the process of obtaining security clearances at the appropriate classification level for individuals connected with the case who have a need to know the classified information at issue.

Furthermore, the government anticipates that, because of the subject matter in this case, and because certain discovery materials implicate the national security interests of the United States, the government will be seeking further protective orders restricting the dissemination of future discovery materials in this case, including orders more restrictive than the order issued by this Court on the parties' Joint Motion for a Protective Order regarding Production 1 of the discovery materials. Consequently, the defense may be restricted in its ability to review discovery materials with the defendant, given that she is not permitted to retain copies of the discovery materials in Production 1, and given that the materials that the government anticipates producing in future productions will be more sensitive than the information provided in Production 1. Those limitations will necessarily require the defense to spend more time than required in the ordinary

4

case to review the discovery materials with the defendant and prepare motions—including motions to suppress, motions to dismiss, or motions seeking other relief—as appropriate.

Additionally, and to familiarize the Court with the government's declassification procedures, the prosecution team is presently seeking a declaration from appropriate personnel at the FBI outlining the declassification procedures that the government must undertake in a criminal case like this one. Given that such a declaration would necessarily reveal internal workings of the FBI, including FBI review mechanisms, the government would likely file such a declaration under seal and ex parte. Unfortunately, the government is unable to provide the Court with a precise timeline for declassification of the material outlined above. But the government is mindful of its discovery obligations and of the defendant's and the public's rights under the Speedy Trial Act, and has devoted sufficient resources to this case to ensure that the government's obligations are met in a timely manner, given the volume of material here.

Lastly, the possibility that classified information is involved in a case is a relevant factor in considering whether to declare a case complex. As other courts have recognized, resolution of issues relating to classified information is likely to take time. In *United States v. Salad*, 779 F. Supp. 2d 509 (E.D. Va. 2011), for example, the court deemed the case complex in part because "CIPA is time consuming" but "necessary before the prosecution can legally comply with its discovery obligations." (citing cases, including *United States v. Warsame*, No. 04-29, 2007 WL 748281 at *3 (D. Minn. Mar. 8, 2007); *see also United States v. Al-Arian*, 267 F. Supp. 2d 1258, 1263 (M.D. Fla. 2003) (noting that terrorism cases present the type of complex and challenging issues for which it is unreasonable to expect expeditious trial dates); *United States v. Moussaoui*, No. 01-455-A, 2001 WL 1887910, at *1 (E.D. Va. Dec. 27, 2001).

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

By: _s/Ben Schrader_
BEN SCHRADER
Assistant U.S. Attorney
110th Avenue South, A96l
Nashville, Tennessee 37203
Phone: (615) 736-5151

By: _s/Philip Wehby_
PHILIP WEHBY
Assistant U.S. Attorney
110th Avenue South, A96l
Nashville, Tennessee 37203
Phone: (615) 736-5151

By: _s/Jennifer Levy_
JENNIFER LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Suite 7600
Washington, D.C. 20530
Phone: (202) 514-1092

Dated: October 15, 2019

6

## CERTIFICATE OF SERVICE

      I hereby certify that on October 15, 2019, I electronically served one copy of the government's Supplement to its Motion to Exclude Speedy Trial Time, to Designate the Instant Matter as a Complex Case, and to Set a Status Hearing for Scheduling Purposes with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for defendant.

                            *s/Ben Schrader*
                            BEN SCHRADER
                            Assistant U.S. Attorney
                            110th Avenue South, A96l
                            Nashville, Tennessee 37203
                            Phone:  (615) 736-5151