UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **Filed Under Seal** |
| | ) | |
| | ) No. | 2:19-cr-00013 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

**SUPPLEMENT TO GOVERNMENT'S MOTION FOR APPOINTMENT
OF A CLASSIFIED INFORMATION SECURITY OFFICER
PURSUANT TO 18 U.S.C. APP. III (CIPA) SECTION 9**

The United States, through its attorneys, the United States Attorney for the Middle District of Tennessee, and the Counterterrorism Section of the National Security Division, U.S. Department of Justice, hereby supplements its request that the Court designate a Classified Information Security Officer ("CISO"), pursuant to Section 2 of the Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 by the Chief Justice of the United States and promulgated pursuant to Section 9 of the Classified Information Procedures Act, ("CIPA"), 18 U.S.C. App. III (1980). In support of this Motion, the United States relies on the following points and authorities:

The defendant has been charged with attempting to provide material support or resources to a designated foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B, in connection with her attempt to provide material support, namely, personnel, to Hay'at Tahir al-Sham, also known as "HTS." Anticipating that issues relating to discovery, disclosure, or use of classified information may arise during this case, on October 15, 2019, the government filed a Motion for a Pretrial Conference Pursuant to Section 2 of CIPA to discuss

such issues and to provide the Court and defense counsel with an initial overview of CIPA. The government also filed a Motion For Appointment of a Classified Information Security Officer ("CISO"), pursuant to Section 9 of CIPA and Section 2 of the Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025. On October 21, 2019, the Court entered an Order requiring the government to provide the Court with the names of three (3) possible nominees for lead CISO, along with alternates. For each individual, the government was also ordered to provide biographical information, including the positions they have held at the Department of Justice, their prior employment history, and their educational background.

The Classified Information Procedures Act establishes a set of procedures to regulate the discovery, admissibility and use of classified information in criminal cases. By its terms, it was enacted to apply only in criminal cases. *See generally* S. Rep, No. 96-823, 1980 U.S. Code Cong. & Ad. News 4294 (96th Cong. 2d Sess. 1980); H.R. Conf. Rep. No. 1436, 1980 U.S. Code Cong. & Ad. News 4307 (96th Cong. 2d Sess. 1980); *see also United States v. Sedaghaty*, 728 F.3d 885, 903-04 (9th Cir. 2013); *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002); *United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir.), *cert. denied*, 493 U.S. 1004 (1989); *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985); 28 C.F.R. § 17.17 (2019). According to The Revised Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025 by the Chief Justice of the United States for the Protection of Classified Information, in any proceeding in a criminal case involving classified information, "[t]he Attorney General or the Department of Justice Security Officer will recommend to the court a person qualified to serve as a classified information security officer." A copy of the Revised Security Procedures is attached to this filing as Exhibit A. The CISO must be "an individual with demonstrated competence in security matters," but is not an attorney. While the CISO is selected from the Litigation Security Group,

Security and Emergency Planning Staff of the Department of Justice (LSG), he or she is detailed to the Court to serve in a neutral capacity, independently from the United States in all litigation. CISOs "are organizationally quite separate from the government's representatives in court. Their obligation is to help the court protect classified information, not to assist the government's representatives in court. In fact, they often provide assistance to parties opposing the government." Reagan, *Keeping Government Secrets: A Pocket Guide for Judges on the State-Secrets Privilege, the Classified Information Procedures Act, and Court Security Officers*, at 21-22 (Federal Judicial Center 2d ed. 2013) (hereafter referred to as "Pocket Guide"), a copy of which is attached to this filing as Exhibit B.

The CISO has no substantive role in determining whether a party in the case is entitled to access to specific information. Rather, the CISO is responsible to the Court for ensuring that the infrastructure for handling classified information is in place to allow the Court to review classified material and make determinations relating to discovery, admissibility, and use of classified information in a given criminal case. To this end, the CISO handles all matters concerning personnel, information, and communications security and is responsible for the security of all classified information in the custody of the court. For example, consistent with a variety of regulations, the CISO facilitates the transportation and handling of, and oversees the physical security of, classified documents in the custody of the Court and/or the parties; ensures that there is secure storage and a secure location where the Court can review classified material; ensures that any person requiring access to classified information, whether court staff or defense counsel, has received the appropriate security clearance and a need to have access to that information in the performance of an official function; manages the filing of classified documents by the parties and the docketing of classified orders or opinions issued by the Court;

and maintains custody of classified pleadings and filings as a sealed record separate from the public docket of the case. The CISO assists in submitting to the Department of Justice Security Officer any request for security clearances that are required in the case and if necessary, may assist in obtaining cleared court reporters to record any classified proceedings. The CISO is also responsible for identifying, recommending, and certifying a secure location in the courthouse where any *in camera* proceedings concerning classified information may be held. *See, e.g.,* 32 C.F.R. § 2001.45 (2010); 28 C.F.R. §§ 17.11, 17.17, 17.46 (2019); *see generally* Pocket Guide at 22-23.

While all CISOs in the Litigation Security Group have the requisite security clearances and are qualified to handle the full range of responsibilities described above, the Department Security Officer (DSO) submits a letter to the Court nominating one CISO in a given case and recommending other CISOs as alternates. Pocket Guide at 18. A copy of the nomination letter in this case is attached to this filing as Exhibit C. The recommendation of the primary CISO is based, in part, on the prior experience, current caseload, and availability of the nominee, and serves as confirmation of the nominee's qualifications to serve as the primary CISO. The Revised Security Procedures Established Pursuant to PL 96-456, 94 Stat. 2025 by the Chief Justice of the United States for the Protection of Classified Information provide that the classified information security officer *shall* be selected from among the persons listed in a nomination letter submitted by the Department Security Officer. In the instant case, Carli V. Rodriguez-Feo, the nominee recommended by the DSO, has served as the primary CISO for a number of complex cases throughout the country for close to a decade. Ms. Rodriguez-Feo has also served as an Alternate CISO in numerous cases, providing assistance to other CISOs in the execution of their duties when necessary. As the CISOs assist in litigation nationwide, they are

often called upon to substitute for one another when the primary CISO is required to be present in another district.

In response to the Court's October 21, 2019 Order, the government also proposes that Daniel O. Hartenstine, who has served for 15 years as a CISO and is currently the Chief of the LSG, and Harry Rucker, who has served close to a decade as a CISO and previously served in the United States Navy, be designated as Alternate CISOs in this case. Each of these nominees has extensive experience serving as CISOs in cases involving classified information that have been brought in federal courts around the United States, and each of these candidates has broad experience handling national security issues that have arisen in the context of these cases.

Each of the CISOs has attained an undergraduate degree from an accredited university and received graduate-level education. All three have served in the position of security specialist/CISO during their entire tenure with the Department of Justice. Each has undergone significant security training in personnel, physical space, information, and communication. Among the many notable and challenging national security-related matters that these CISOs have handled, Ms. Rodriguez-Feo acted as the primary CISO for *United States v. Reality Winner* (17-cr-34, Southern District of Georgia), Mr. Rucker was the primary CISO for *United States v. Joaquin "El Chapo" Guzman-Loera* (09-cr-446, Eastern District of New York), and Mr. Hartenstine currently serves as the primary CISO for *United States v. Joshua Schulte* (17-cr-548, Southern District of New York). A CISO will be in attendance at the hearing scheduled on November 13, and can also meet with the Court on that date to explain the program further. The CISO is prepared to provide to the Court a listing of United States Federal District Court Judges who have previously appointed CISOs to serve their courts in CIPA litigation, should the Court wish to consult with judicial colleagues. If the Court has any additional questions about the

procedure for designating CISOs, James L. Dunlap, Director of the Department of Justice Security and Emergency Planning Staff, and Christine Gunning, Deputy Director of the Department of Justice Security and Emergency Planning Staff, are available to discuss the process further at the Court's convenience.

WHEREFORE, the government requests that the Court designate the CISOs and alternate CISOs identified above to serve the Court in this case.

                        Respectfully submitted,

                        DONALD Q. COCHRAN
                        United States Attorney
                        Middle District of Tennessee

By:    *s/Ben Schrader*
       BEN SCHRADER
       Assistant U.S. Attorney
       110th Avenue South, A96l
       Nashville, Tennessee 37203
       Phone: (615) 736-5151

By:    *s/Philip Wehby*
       PHILIP WEHBY
       Assistant U.S. Attorney
       110th Avenue South, A96l
       Nashville, Tennessee 37203
       Phone: (615) 736-5151

By:    *s/Jennifer Levy*
       JENNIFER LEVY
       Trial Attorney
       Counterterrorism Section
       U.S. Department of Justice
       950 Pennsylvania Avenue, N.W., Suite 7600
       Washington, D.C. 20530
       Phone: (202) 514-1092

Dated:       October 30, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2019 I emailed a copy of the government's Supplement to its Motion for Appointment of a Classified Information Security Officer to Charles Swift and Peter Strianse, counsel for defendant.

     *s/Ben Schrader*
BEN SCHRADER
Assistant U.S. Attorney
110th Avenue South, A96l
Nashville, Tennessee 37203
Phone: (615) 736-5151