UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **Filed Under Seal** |
| | ) | |
| v. | ) | No. 2:19-cr-00013 |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO, | ) | Chief Judge Crenshaw |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENT TO GOVERNMENT'S SUBMISSION OF
A DECLARATION FILED *EX PARTE* WITH THE COURT
ON OCTOBER 15, 2019**

The United States, through its attorneys, the United States Attorney for the Middle District of Tennessee, and the Counterterrorism Section of the National Security Division, U.S. Department of Justice, hereby supplements its submission of a declaration filed ex parte with the Court on October 15, 2019. At a status hearing held on November 1, 2019, the Court directed that the government be prepared to provide a copy of the declaration to the defense prior to the next hearing, and the government advised that it would consult with the Federal Bureau of Investigation ("FBI") concerning such a disclosure. The United States, having consulted with the FBI, respectfully requests that the Court reconsider its decision to make the October 15, 2019, declaration available to the defense at this time, for the reasons below. If the Court believes that the declaration should, nevertheless, be made available to the defense at this time, the government requests that the Court enter a protective order to prevent disclosure of the declaration beyond defense counsel appearing before the Court. In support of this Motion, the United States relies on the following points and authorities:

The defendant has been charged with attempting to provide material support or resources to a designated foreign terrorist organization, in violation of Title 18, United States Code,

1

Section 2339B, in connection with her attempt to provide material support, namely, personnel, to Hay'at Tahir al-Sham, also known as "HTS." On October 15, 2019, the government filed with the Court a declaration <u>ex</u> <u>parte</u> in support of its pending motion to exclude time calculated under the Speedy Trial Act and to declare the instant case complex. In support of the request to file the declaration <u>ex</u> <u>parte</u>, the government advised the Court that the declaration contained sensitive information concerning the internal workings of the FBI, including FBI review procedures relating to classified information. On October 17, 2019, the Court granted the government's motion to file the declaration <u>ex</u> <u>parte</u> and under seal.

On November 4, 2019, the Court issued an Order directing Supervisory Special Agent David J. Sesma to be present at the upcoming November 13, 2019, status conference and be prepared to discuss the representations in his declaration with specificity. Supervisory Special Agent Sesma, along with his supervisor, intends to be present at the November 13 status conference, and will be prepared to answer the Court's questions about his previously submitted declaration, but since the answers to those questions may require the disclosure of additional sensitive, law enforcement information concerning internal processes and procedures of the FBI, the government requests that Supervisory Special Agent Sesma be permitted to provide this information on an <u>ex</u> <u>parte</u> basis to the Court on November 13, 2019, prior to the commencement of the status conference or at another time convenient to the Court.

The FBI agents will be prepared to discuss with the Court the nature of counterterrorism investigations, in which numerous sensitive sources and methods may be used to obtain intelligence and evidence that may be required to be part of the government's case and/ or disclosed to the defense in subsequent criminal prosecutions. The FBI agents can explain to the Court that in counterterrorism or national security cases, classified material may be subject to

declassification for disclosure and use, but if so, the information that makes the material classified must be redacted and reviewed by any office within the FBI with an equity in the material to ensure that national security information is protected. There is detailed written internal guidance provided to FBI employees that governs the declassification of information and material in the FBI's files. Certain specific categories of information are identified as subject to redaction, according to this internal guidance. If a case involves activity by an undercover employee or confidential human source of the FBI, information that could identify those individuals must be protected, for their safety and/or to ensure that other law enforcement activities with which they may be involved are not compromised. If a case involves surveillance, the methods by which such surveillance is undertaken may require protection for the same reasons. If a case involves evidence obtained from social media platforms, there are certain methods of acquisition of that evidence from particular platforms that require protection because the government's ability to obtain such evidence is not widely known and if made public, could adversely affect the government's ability to acquire important intelligence information in the future.

The protection of unique sources and methods in national security investigations is the responsibility of the government, and this responsibility is undertaken with great care, while recognizing the continuing obligation to provide the defense with discovery to which the defense is entitled. The time it takes to review documents, audio material, video material and social media material to ensure that disclosure does not jeopardize ongoing investigations or the safety of personnel involved in such investigations depends on the material that is potentially subject to disclosure. In this case, the government initiated the required review of its files for discovery purposes even before the defendant was arrested, and by the time of the status hearing on

November 13, 2019, will have provided to the defense two voluminous tranches of discovery material identified by the government in other filings. The government intends to continue to produce discoverable material as the declassification review of such material within the FBI is completed. The government will provide to the Court a description of the outstanding categories of material and the estimated volume of material within each category in order to advise the Court of the time it is expected to take to complete the declassification process for each category of material. The government requests that the Court receive this information on an ex parte basis, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure[1.] because discussion of the nature of the material and the requirements for declassification are likely to reveal the internal operations of the FBI that should not be made public nor disclosed to the defense. This is the type of information that is appropriate for ex parte consideration. See, e.g., United States v. Kampiles, 529 F.3d 1233, 1248 (7th Cir. 1979) ("It is settled that *in camera ex parte* proceedings to evaluate bona fide Government claims regarding national security information are proper.") (citing cases), cert. denied, 446 U.S. 954 (1980); see also United States v. Lazar, No. 04-20017 D, 2004 WL 7331847 at *2 (W.D. Tenn. April 29, 2004); accord United States v. Van Horn, 789 F.2d 1492, 1507-08 (11th Cir. 1986) (discussing the protection of sensitive investigative techniques from disclosure).

WHEREFORE, the government requests that the Court grant the government's requests to maintain the declaration of Supervisory Special Agent David Sesma as an ex parte

---

[1] Rule 16 (d)(1) states, in pertinent part, "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte." The Advisory Committee Notes for this Rule state that "among the considerations" in a Rule 16(d) motion is "the protection of information vital to the national security." Rule 16 Adv. Comm. Notes, Subdivision (e) (1966).

4

filing and take any testimony of Supervisory Special Agent Sesma or other FBI personnel appearing before the Court on November 13, 2019, outside the presence of defense counsel. If the Court determines that defense counsel should be provided with the declaration of Supervisory Special Agent David Sesma, the government requests that the Court enter a protective order covering the disclosure of that declaration before the government is required to provide a copy of the declaration to defense counsel. A proposed protective order is submitted with this filing.

        Respectfully submitted,

        DONALD Q. COCHRAN
        United States Attorney
        Middle District of Tennessee

By: *s/ Philip H. Wehby*
  PHILIP H. WEHBY
  Assistant United States Attorney
  110 9th Avenue South, Suite A-961
  Nashville, Tennessee 37203
  (615) 736-5151

By: *s/ Ben Schrader*
  BEN SCHRADER
  Assistant United States Attorney
  110 9th Avenue South, Suite A-961
  Nashville, Tennessee 37203
  (615) 736-5151

By: *s/ Jennifer Levy*
  JENNIFER LEVY
  Trial Attorney
  Counterterrorism Section
  U.S. Department of Justice
  950 Pennsylvania Avenue, N.W.,
  Suite 7600
  Washington, D.C. 20530
  (202) 514-1092

## CERTIFICATE OF SERVICE

      I hereby certify that on November 8, 2019, I have forwarded a copy of the foregoing document, via electronic mail, to Peter J. Strianse, Esq., and Charles D. Swift, Esq., counsel for the defendant.

*s/ Philip H. Wehby*
PHILIP H. WEHBY
Assistant United States Attorney