UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | **Filed Under Seal** |
| | ) | | |
| | ) | No. | 2:19-cr-00013 |
| v. | ) | | |
| | ) | | Chief Judge Crenshaw |
| | ) | | |
| GEORGIANNA A.M. GIAMPIETRO | ) | | |

## SECOND JOINT MOTION FOR A PROTECTIVE ORDER

The United States, through the United States Attorney for the Middle District of Tennessee, and the defendant, Georgianna A.M. GIAMPIETRO, through her counsel, Peter J. Strianse, Esq., and Charles D. Swift, Esq., respectfully move this Court, pursuant to Federal Rule of Criminal Procedure 16(d)(1), for a protective order regarding certain discovery materials in this case. In support of this motion, the parties set forth as follows:

On August 14, 2019, a federal grand jury indicted defendant Georgianna A.M. GIAMPIETRO on one count of Attempting to Provide Material Support or Resources to Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B, in connection with her attempt to provide material support, namely, personnel, to Hay'at Tahir al-Sham, also known as "HTS," a designated foreign terrorist organization ("FTO"). On August 16, 2019, GIAMPIETRO made her initial appearance before U.S. Magistrate Judge Alistair Newbern. On August 21, 2019, the parties appeared before Judge Newbern for a detention hearing. On September 5, 2019, Judge Newbern ordered GIAMPIETRO detained pending trial. On October 8, 2019, pursuant to a joint motion of the parties, the Court issued a protective order related to the government's disclosure of materials identified as "Production 1." The instant motion seeks a further protective order related to the government's intended disclosure of materials

1

identified as "Production 2," which has been prepared to be disclosed and/or otherwise made available to the defense, as further described herein, consisting of six (6) binders that includes nine (9) discs.

More specifically, the government is prepared to disclose and/or make available to GIAMPIETRO's counsel its second tranche of discovery ("Production 2"), which includes the items summarized below:

- 1 Disc with Content of Tablet (30 GB)
- Search Warrant Affidavit for Facebook accounts
- Search Warrant Affidavit for Instagram accounts
- Search Warrant Affidavit for Google account
- Search Warrant Affidavit for Giampietro's Residence
- Subpoena results from social media, telephone, education, financial, and other providers (Binders 1, 2, and 3 that include 7 discs)
- Case Initiation Report with attachments
- Report of Online Communications with Giampietro October 2015, with attachments
- Report of Online Communications with Giampietro November 2016, with attachments
- Report of Online Activity of Giampietro February 2016, with attachments
- Report of Online Activity of Giampietro March 2016, with attachments
- Report of Online Communications with Giampietro June 2016, with attachments
- Report of Online Communications with Giampietro March-April 2017, with attachments
- Report of Private Chats with Giampietro May 2016, with attachments
- Report of Text Messages with Giampietro November 2017

- Report of Undercover Meeting with Giampietro November 2017

- Report of Undercover Meeting with Giampietro February 2018 (part 1)

- Report of Undercover Meeting with Giampietro February 2018 (part 2)

- Report of Online Chat with Giampietro September 26, 2018, with message attachments

- Report of Online Chat with Giampietro September 23-24, 2018, with message attachments

- Report of Online Communications with @Alsadaqahsyria October 2018, with message attachments

- Report of Online Chat with Giampietro September 30, 2018, with message attachments

- Report of Online Chat with Giampietro October 1-2, 2018, with message attachments

- Report of Online Chat with Giampietro October 3-4, 2018, with message attachments

- Report of Online Chat with Giampietro October 11, 2018, with message attachments

- Documenting Photographs Obtained During Search of Giampietro's Residence

- Report of Online Communication with Giampietro Between May 3, 2018 and September 12, 2018, with message attachments

- Proffer with Giampietro December 2018

- Report of Interview of Giampietro October 2018 (part 1)

- Report of Interview of Giampietro October 2018 (part 2)

- Journal Excerpt from Evidence Collected at Giampietro's Residence

- Deleted Messages Found on Giampietro's Cell Phone

- Online Post Made by Giampietro Warning Followers Found on Cell Phone

- Open Source Information on Al-Sadaqah

3

- Text Messages Obtained Between Giampietro and a Chat Group Associate

- Reverse Proffer with Giampietro in April 2019

- Online Warning Found on Giampietro's Cell Phone

- Search Warrant Return from Search of Giampietro's Residence October 2018

- Documents Relating to Physical Surveillance Conducted During the Course of Investigation Documents

- All Physical Evidence Collected from Giampietro's Residence is available for inspection and review

- Physical Evidence that Giampietro Gave to the Undercover Employee is available for inspection and review

- Audio Recording of Interview of Giampietro on October 23, 2018, has been made available for review

- Audio Recordings of Meetings Between Giampietro and the Undercover Employee have been made available for review
    - Meeting on November 28, 2017
    - Meeting on February 22, 2018
        - Transcript of meeting is being provided
    - Meeting on March 17-18, 2018
    - Meeting on June 25, 2018

Because the purpose of discovery is for nothing other than to be used in the prosecution or defense in this case, the parties agree that the discovery materials contained in Production 2, which are summarized above, shall not be further disseminated by the defendant, or her counsel of record,

4

or any individual associated with her, to any individuals, organizations or other entities, other than: (i) members of the defense team (counsel, paralegals, investigators, translators, transcription service personnel, litigation support personnel, the defendant, and secretarial staff); (ii) experts retained to assist in the preparation of the case; and (iii) individuals or entities assisting the United States in the prosecution of the case (generally the same types of individuals listed at (i), above). Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except for good cause and with the express direction of counsel. In addition, counsel and any investigator may show (but not provide copies or allow memorialization of information in) the discovery materials contained in Production 2 to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the case.

Under no circumstances, however, may the defendant retain a copy of these materials for herself. Rather, counsel shall store all of these materials, and any copies thereof, in a safe and secure place in defense counsel's office and shall exercise due and proper care with respect to the storage, custody, use, control, and/or dissemination of such information. Non-party recipients of any of these discovery materials pursuant to this protective order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of these discovery materials.

Lastly, the parties agree that there is good cause under Federal Rule of Criminal Procedure 16(d)(1) for the Court to adopt a protective order regarding the above-described materials. These materials implicate a matter of national security, such that the disclosure or further dissemination of these materials could jeopardize national security, alert other persons to the government's investigation and prompt them to flee or take steps to evade potential prosecution, including by

5

Case 2:19-cr-00013 Document 70 Filed 11/14/19 Page 5 of 6 PageID #: 480

obstructing justice or taking flight.

Accordingly, for good cause shown, the parties respectfully request the issuance of a Protective Order by the Court pursuant to the government's disclosure of Production 2 in this case.

|  |  | Respectfully Submitted, |
|---|---|---|
| PETER J. STRIANSE, Esq.<br>Counsel for Defendant |  | DONALD Q. COCHRAN<br>United States Attorney<br>Middle District of Tennessee |
| *s/ Peter J. Strianse* | By: | *s/Philip H. Wehby*<br>PHILIP H. WEHBY<br>BEN SCHRADER |
| CHARLES D. SWIFT, Esq.<br>Counsel for Defendant |  | Assistant U.S. Attorneys<br>110th Avenue South, A96l<br>Nashville, Tennessee 37203 |
| *s/Charles D. Swift* |  | Phone:  (615) 736-5151 |

Dated:  November 14, 2019