UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **Filed Under Seal** |
| | ) | |
| | ) No. | 2:19-cr-00013 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

**PROTECTIVE ORDER**

The United States, through the United States Attorney for the Middle District of Tennessee, and the defendant, Georgianna A.M. GIAMPIETRO, through her counsel, Peter J. Strianse, Esq., and Charles D. Swift, Esq., have filed a Second Joint Motion for a Protective Order (the "Joint Motion") regarding certain discovery materials in this case. Specifically, the government represents in the motion that it has prepared to disclose and/or make available materials to GIAMPIETRO's counsel identified as "Production 2", as further described herein, consisting of six (6) binders that includes nine (9) discs.

More specifically, the government is prepared to disclose and/or make available to GIAMPIETRO's counsel its second tranche of discovery ("Production 2"), which includes the items summarized below:

- 1 Disc with Content of Tablet (30 GB)
- Search Warrant Affidavit for Facebook accounts
- Search Warrant Affidavit for Instagram accounts
- Search Warrant Affidavit for Google account
- Search Warrant Affidavit for Giampietro's Residence

1

- Subpoena results from social media, telephone, education, financial, and other providers (Binders 1, 2, and 3 that include 7 discs)
- Case Initiation Report with attachments
- Report of Online Communications with Giampietro October 2015, with attachments
- Report of Online Communications with Giampietro November 2016, with attachments
- Report of Online Activity of Giampietro February 2016, with attachments
- Report of Online Activity of Giampietro March 2016, with attachments
- Report of Online Communications with Giampietro June 2016, with attachments
- Report of Online Communications with Giampietro March-April 2017, with attachments
- Report of Private Chats with Giampietro May 2016, with attachments
- Report of Text Messages with Giampietro November 2017
- Report of Undercover Meeting with Giampietro November 2017
- Report of Undercover Meeting with Giampietro February 2018 (part 1)
- Report of Undercover Meeting with Giampietro February 2018 (part 2)
- Report of Online Chat with Giampietro September 26, 2018, with message attachments
- Report of Online Chat with Giampietro September 23-24, 2018, with message attachments
- Report of Online Communications with @Alsadaqahsyria October 2018, with message attachments
- Report of Online Chat with Giampietro September 30, 2018, with message attachments
- Report of Online Chat with Giampietro October 1-2, 2018, with message attachments
- Report of Online Chat with Giampietro October 3-4, 2018, with message attachments

2

- Report of Online Chat with Giampietro October 11, 2018, with message attachments
- Documenting Photographs Obtained During Search of Giampietro's Residence
- Report of Online Communication with Giampietro Between May 3, 2018 and September 12, 2018, with message attachments
- Proffer with Giampietro December 2018
- Report of Interview of Giampietro October 2018 (part 1)
- Report of Interview of Giampietro October 2018 (part 2)
- Journal Excerpt from Evidence Collected at Giampietro's Residence
- Deleted Messages Found on Giampietro's Cell Phone
- Online Post Made by Giampietro Warning Followers Found on Cell Phone
- Open Source Information on Al-Sadaqah
- Text Messages Obtained Between Giampietro and a Chat Group Associate
- Reverse Proffer with Giampietro in April 2019
- Online Warning Found on Giampietro's Cell Phone
- Search Warrant Return from Search of Giampietro's Residence October 2018
- Documents Relating to Physical Surveillance Conducted During the Course of Investigation Documents
- All Physical Evidence Collected from Giampietro's Residence is available for inspection and review
- Physical Evidence that Giampietro Gave to the Undercover Employee is available for inspection and review

- Audio Recording of Interview of Giampietro on October 23, 2018, has been made available for review
- Audio Recordings of Meetings Between Giampietro and the Undercover Employee have been made available for review
    - Meeting on November 28, 2017
    - Meeting on February 22, 2018
        - Transcript of meeting is being provided
    - Meeting on March 17-18, 2018
    - Meeting on June 25, 2018

Based upon good cause shown by the Joint Motion under Federal Rule of Criminal Procedure 16(d)(1), including that these materials implicate a matter of national security, such that the disclosure or further dissemination of these materials could jeopardize national security, alert other persons to the government's investigation and prompt them to flee or take steps to evade potential prosecution, including by obstructing justice or taking flight, it is hereby ORDERED that the discovery materials summarized above, including any and all documents or items contained within Production 2, shall not be further disseminated by the defendant, or her counsel of record, or any individual associated with her, to any individuals, organizations or other entities, other than: (i) members of the defense team (counsel, paralegals, investigators, translators, transcription service personnel, litigation support personnel, the defendant, and secretarial staff); (ii) experts retained to assist in the preparation of the case; and (iii) individuals or entities assisting the United States in the prosecution of the case (generally the same types of individuals listed at (i), above). Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further

4

disseminate the materials except for good cause authorized by the court and with the express direction of counsel. In addition, counsel and any investigator may show (but not provide copies or allow memorialization of information in) the discovery materials contained in Production 2 to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the case.

Under no circumstances, however, may the defendant retain a copy of these materials for herself. Rather, counsel shall store all of these materials, and any copies thereof, in a safe and secure place in defense counsel's office and shall exercise due and proper care with respect to the storage, custody, use, control, and/or dissemination of such information. Non-party recipients of any of these discovery materials pursuant to this protective order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of these discovery materials.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE