UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 2:19-cr-00013 |
| v. ) | |
| ) | Chief Judge Crenshaw |
| ) | |
| GEORGIANNA A.M. GIAMPIETRO ) | |

### GOVERNMENT'S MOTION TO UNSEAL

The United States of America, by and through its attorney, the United States Attorney for the Middle District of Tennessee, respectfully moves this Court to unseal the docket in this case and to unseal certain pleadings filed on the docket. In support of this Motion, the government states the following:

On August 14, 2019, a federal grand jury indicted defendant Georgianna A.M. GIAMPIETRO on one count of Attempting to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B, in connection with her attempt to provide personnel to Hay'at Tahir al-Sham, also known as "HTS." The charges were filed under seal with the Court at the request of the government. All subsequent pleadings have been filed under seal in order to protect an ongoing investigation into specific conduct of the defendant and others with whom the defendant interacted and who were potential subjects of the investigation.

On December 18, 2019, a federal grand jury returned a superseding indictment against GIAMPIETRO, charging her with one count of Attempting to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B; one count of Obstruction of Justice, in violation of Title 18, United States

1

Code, Section 1519, in connection with GIAMPIETRO's use of self-destruct timers in text message applications, her deletion of social media accounts and her deletion of text messages; and one count of Obstruction of Justice, in violation of Title 18, United States Code, Section 1512(c)(1), in connection with GIAMPIETRO's direction to an FBI undercover employee to delete information about GIAMPIETRO before traveling to Syria to join HTS. Following the filing of the superseding indictment, there is no continuing law enforcement need to file future docket entries regarding the prosecution of these charges under seal unless expressly requested and with approval of the Court.

Accordingly, with the filing of superseding charges against GIAMPIETRO, the government requests that all previously filed docket entries be unsealed, with the exception of the following submissions:

>Government's Memorandum in Support of Pre-Trial Detention with Attachments, Filed on August 20, 2019 (Doc. No. 13)
>
>Government's Supplemental Memorandum in Support of Pre-Trial Detention, with Attachments, filed August 22, 2019 (Doc. No. 16)
>
>Government's Ex Parte and Under Seal Notice Regarding Declaration of David J. Sesma, Supervisory Special Agent, Counterterrorism Division, Federal Bureau of Investigation, and attached In Camera, Ex Parte Declaration of David J. Sesma, Supervisory Special Agent, Counterterrorism Division, Federal Bureau of Investigation, filed October 15, 2019 (Doc. No. 40)
>
>Any and all classified documents or documents identified as containing classified information, including the government's classified, *ex parte* submission on December 6, 2019

The government requests that the filings identified above remain under seal because they contain sensitive, law enforcement information and because some of these filings were submitted *ex parte*

2

Case 2:19-cr-00013   Document 86   Filed 12/27/19   Page 2 of 4 PageID #: 565

to the Court for consideration.[1] *See*, *e.g.*, *United States v. Longueuil*, 567 F. App'x 13, 16 (2d Cir. 2014) (no abuse of discretion in denying pro se defendant's request that certain materials be made public, given that those materials "reflected sensitive information about cooperating witnesses and the government's "investigative methods and techniques"); *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("We have recognized the law enforcement privilege as an interest worthy of protection."); *In re U.S. Dep't of Justice Motion to Compel Facebook to Provide Technical Assistance in Sealed Case*, 357 F. Supp. 3d 1041, 1044 (E.D. Ca. 2019) (DOJ's interest in preserving the secrecy of law enforcement techniques in wiretap case "compelling" because the public disclosure of those techniques "would compromise law enforcement efforts in many, if not all, future wiretap investigations").

WHEREFORE, the United States respectfully requests that the Court unseal the docket in this case and unseal the various pleadings filed by the parties, with the express exception of those pleadings identified above. Defense counsel have been contacted in advance of the filing of this motion and have reported no objection thereto.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

By:    *s/Ben Schrader*
BEN SCHRADER
Assistant U.S. Attorney
110th Avenue South, A96l
Nashville, Tennessee 37203
Phone: (615) 736-5151

---

[1] The request pertaining to *ex parte* filings is also intended to extend to any and all *ex parte* filings by the parties.

By: *s/Philip Wehby*
PHILIP WEHBY
Assistant U.S. Attorney
110th Avenue South, A96l
Nashville, Tennessee 37203
Phone: (615) 736-5151

By: *s/Jennifer Levy*
JENNIFER LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Suite 7600
Washington, D.C. 20530
Phone: (202) 514-1092

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2019, I have forwarded a copy of the foregoing document, via electronic mail, to Peter J. Strianse, Esq., and Charles D. Swift, Esq., counsel for the defendant.

*s/ Philip H. Wehby*
PHILIP H. WEHBY
Assistant United States Attorney

4