UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No.     2:19-cr-00013 |
| v. ) | |
| ) | Chief Judge Crenshaw |
| ) | |
| GEORGIANNA A.M. GIAMPIETRO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## PROTECTIVE ORDER PERTAINING TO
## TESTIMONY OF UNDERCOVER EMPLOYEES AT TRIAL

This cause came to be heard upon the Motion of the United States of America for a Protective Order authorizing the government to use certain measures to protect the identity and security of Federal Bureau of Investigation undercover employees and online undercover employees (collectively, "UCEs") who will be witnesses at the trial of this case. The government filed a Declaration of Jill Sanborn, Assistant Director, Counterterrorism Division, Federal Bureau of Investigation, in support of the Motion, as well as a second, classified submission. After consideration of the Motion and the record as a whole, this Court finds that the Motion is well-taken, and that it should be and hereby is, **GRANTED.**

This Court finds, based upon applicable law and the circumstances of this case, that the security measures proposed by the government are necessary to protect from disclosure the true identities and identifying information relating to the UCEs at trial, that disclosure of the true identities of the UCEs would jeopardize ongoing and future undercover investigations and the government's critical undercover investigative procedures, and that the UCEs and their families face a real and substantial risk of danger if the true identities of the UCEs are disclosed. This Court

1

further finds that the defendant's constitutional rights would not be violated by adoption of the security measures requested by the government in this case.

It is therefore

**ORDERED** that the defense shall be prohibited from asking any questions designed to elicit at trial any identifying information about the UCEs, to include name, address, date of birth, or any other personal information; it is further

**ORDERED** that the defense shall be prohibited from asking any questions designed to identify certain online monikers or personas; it is further

**ORDERED** that the defense shall be prohibited from asking any questions designed to elicit at trial any information about the UCEs' participation in other past and pending investigations or undercover operations; it is further

**ORDERED** that the defense shall be prohibited from asking any questions designed to elicit at trial any information about the FBI's Undercover Programs; it is further

**ORDERED** that the UCEs may testify under pseudonyms when testifying at trial, without disclosing publically the true identity of the UCEs; it is further

**ORDERED** that the UCEs may testify in a manner that prevents their facial appearance from being revealed to the public, and allow their appearance to be obscured in any video or photographic evidence introduced during trial; it is further

**ORDERED** that the UCEs may testify in light disguise; it is further

**ORDERED** that courtroom sketches of the UCEs are prohibited; it is further

**ORDERED** that all recordings of the UCEs' voices, apart from the official court record, are prohibited; it is further

**ORDERED** that all non-official recording devices shall be prohibited from being in the

courtroom in which the UCEs testify; it is further

**ORDERED** that no public disclosure of any audio recording, or similar reproduction of the voice or visual image of the UCEs while testifying shall be permitted; it is further

**ORDERED** that the UCEs shall be permitted to use a non-public entrance and exit to the courthouse and the courtroom; and it is further

**ORDERED** that this Protective Order may only be modified through a written superseding Order issued by this Court.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE