**SENT VIA EMAIL**

May 15, 2020

Ben Schrader
Philip Wehby
Jennifer Levy
Assistant United States Attorneys
United States Attorney's Office
for the Middle District of Tennessee

Re: Expert Disclosures

Counsel-

Pursuant to Fed. Rule Crim. Proc. 16(b)(1)(C), and the Court's Scheduling Order No. 89 entered on 01/02/2020, Defense gives notice of two experts for trial in the matter of the *U.S. v. Giampietro*, No. 2:19-00013.

1. **Richard Connor:** Mr. Conner's qualifications to testify as an expert are contained in the attached CV.
   Summary of testimony:

   - Richard Connor will testify about his examination of the forensic images of, and the data contained in, the seized devices, including the computer and two cell phones. Mr. Connor will testify about usage of the devices, including apps installed on the phones. Mr. Connor will offer the opinion that the forensic images do not evidence systematic deletion of relevant materials from the electronic storage capacity of the devices during the charged period.
   - Mr. Connor will also testify about the defendant's use of the Telegram app. His testimony will include how the app is used, the user experience, and the various options and features of the app, including the secret chat feature. Regarding the secret chat feature, Mr. Connor will offer testimony that the purpose of the feature is to allow users to communicate electronically without creating a record on their devices, the device of the individual they are communicating with, and/or the Telegram company's computer servers which hosts the app. He will offer the opinion that users of the secret chat feature use this feature specifically to prevent the creation of records. Mr. Connor will offer the opinion that the defendant's use of the Telegram app was consistent with normal usage of the app, with one exception, that the defendant on occasion would use the screen shot feature on her mobile device to create a photographic image of the conversations occurring in the secret chat. When the secret chat feature within Telegram was updated to

- prevent users from taking screenshots, forensic evidence on the defendant's mobile devices shows that the defendant then utilized the camera feature from a separate device to take pictures of conversations vs. a screen shot (no longer available), to preserve the conversation. Mr. Connor will offer the opinion that there is no evidence that the defendant deleted any of these phots taken of conversations.
- Finally, to the extent the government requires foundational testimony regarding the authenticity of electronic documents found on the defendant's devices prior to their admission, Mr. Connor will serve as a foundational witness and testify to the document's presence within the forensic image and the reliability of that image for the purpose of admission and the data authenticating when the electronic document was created and any subsequent modifications.

2. **Aymenn Jawad (Al-Tamimi):** Mr. Jawad's qualifications to testify as an expert are contained in the attached CV.
Summary of testimony:

- Aymenn Jawad will testify, based on his personal research and scholarship, about the concept of military jihad within Islam, and the recent developments of Islamic foreign fighters traveling to participate in regional conflicts as a perceived religious duty. Mr. Jawad will testify about different terrorist and Islamist organizations, including the Islamic State (ISIS), Hay'at Tahrir al-Sham (HTS), Harakat Nour al-Din al-Zinki and Ahrar al-Sham, use of religious beliefs in recruiting support in the form of personnel and finances during the Syrian conflict. Mr. Jawad will specifically testify about the religious duties to participate in jihad and issues of debt. The defendant's insistence that she be debt free- in particular regarding debts owed to non-Muslims- is inconsistent with the beliefs and actions of Westerners who travelled to Syria believing that jihad was an individual obligation on every Muslim and thus overrode the need to seek the permission of the creditor.
- Mr. Jawad will testify in particular on HTS's views of jihad and recruitment, focusing on the recruitment campaigns the group has launched and which primarily target people inside Syria. Although foreigners have an important role in the group and the group sees itself as defending a wider Muslim cause, the recruitment of foreigners these days is a matter that requires coordination and vetting prior to their arrival in Syria. Mr. Jawad will also testify as to the question of foreign women who are present in northwest Syria and their limited roles in life under HTS rule.
- Mr. Jawad will testify about the defendant's statements made in person to the undercover and by the defendant in social media, about ISIS, HTS, Harakat Nour al-Din al-Zinki and Ahrar al-Sham. Mr. Jawad will offer testimony comparing the defendant's attitudes towards HTS with persons who were actively supporting this group and will offer the opinion that the defendant's expressed feelings about HTS were not consistent with persons who supported, contributed, or promoted HTS in social media. Rather, the defendant's criticisms and stated reasons for disapproval of HTS based on its infighting with the other rebel groups, was a

2

- common line of social media criticism of HTS. Based on the defendant's expressed statements about HTS, Mr. Jawad will offer the opinion that the defendant statements cannot be reasonably described as those of a supporter of HTS during the charged period.
- Finally, Mr. Jawad will offer the opinion based on his research and scholarship regarding the travel of Westerners to Syria that the advice the defendant and her contact gave to the undercover was general advice regarding travel that was commonly available on the internet or from news stories, and not specialized advice one might pay for that would significantly enhance the chance for success of going to Syria and of being recruited.

Regards-

*Charlie Swift*

Charles Swift
Attorney for Giampietro