IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | ) ) ) ) | |
| v. | ) ) ) ) | Case No.: 2:19-cr-00013 |
| GEORGIANNA A.M. GIAMPIETRO<br>Defendant. | ) ) | Chief Judge Waverly D. Crenshaw, Jr. |

## MOTION TO DISMISS COUNT THREE AS DUPLICITOUS AND/OR MULTIPLICITOUS, OR IN THE ALTERNATIVE AMEND COUNT THREE

Defendant Georgianna A. M. Giampietro, in accordance with Rules 12(b)(3) of the Federal Rules of Criminal Procedure; the Due Process and Double Jeopardy provisions of the Fifth Amendment to the Constitution of the United States and this Court's Scheduling Order, moves for this Court to direct the government to dismiss Counts Two and Three as duplicitous. Alternatively, and additionally, Defendant requests to cure the multiplicity between Counts Two and Three by requesting that the Court direct the government to amend Count Three to exclusively charge an attempt. For the reasons set forth in the attached Memorandum of Law, Defendant respectfully requests that this Court grant this Motion.

Respectfully submitted this 5th day of June, 2020.

By: /s/ *Charles Swift*
Charles D. Swift,
Pro Hac Vice Attorney for Giampietro
CLCMA
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
(972) 914-2507

1

# MEMORANDUM OF LAW

## I. SUMMARY OF THE ARGUMENT

*"The yardstick in determining whether there is duplicity or multiplicity is whether one offense or separate offenses are charged and... this is a difficult and subtle question."*

*United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002).

The Superseding Indictment charges Ms. Giampietro with two counts of obstruction of justice. Doc. 77. Count Two charges that between March 2018 and October 23, 2018, Defendant obstructed an FBI investigation in violation of 18 U.S.C. §1519 by destroying social media accounts, text messages, chat conversations, and other electronic communications. Count Three charges that between September 23, 2018 and October 23, 2018, Defendant obstructed a federal grand jury in violation of 18 U.S.C. §1512(c)(1) by destroying, or attempting to destroy, contact information, text messages, electronic communications, and a cell phone. Defendant respectfully submits that these charges are duplicitous because they charge multiple separate individual acts as a singular course of conduct rather than the individual crimes that they represent. While a single course of conduct may be charged in some circumstances under either statute, those circumstances are not present when the allegation relates to separate and distinct acts of destruction across a wide variety of platforms, rather than a singular act accomplished by multiple means. Utilizing a single course of conduct under these circumstances will not reveal whether the jury unanimously found the defendant guilty of any particular alleged criminal conduct, or guilty of one crime and not guilty of the others.

Additionally, Counts Two and Three's courses of conduct are duplicitous with each other. The courses of conduct charged by Counts Two and Three overlap in both time and factual allegations, creating the potential that the same facts used to convict the defendant of Count Two could also be used to convict the defendant of Count Three in violation of the Due Process and Double Jeopardy Clauses of the Fifth Amendment.

## II.    ARGUMENT

### Count Two

Count Two charges Defendant with a violation of 18 U.S.C. §1519. Section 1519 prescribes:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

The government alleges that the defendant violated §1519 as follows:

> Beginning in or about March 2018, and continuing until on or about October 23, 2018, in the Middle District of Tennessee, the defendant, GEORGIANNA A.M. GIAMPIETRO, did knowingly alter, destroy, mutilate, conceal, and cover up a record and document, including, but not limited to, social media accounts, text messages, chat conversations, and other electronic communications, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, that is a possible violation of Title 18, United States Code, Section 2339B(a)(1), a matter within the jurisdiction of the Federal Bureau of Investigation, and in relation to and in contemplation of such matter.
> In violation of Title 18, United States Code, Section 1519.

### Count Three

Count Three charges the defendant with a violation of 18 U.S.C. §1512(c)(1). 18 U.S.C. §1512(c)(1) states:

> Whoever corruptly— alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; shall be fined under this title or imprisoned not more than 20 years, or both.

The government alleges that the defendant violated §1512(c)(1) as follows:

> Between on or about September 23, 2018, and on or about October 23, 2018, in the Middle District of Tennessee, the defendant, GEORGIANNA A.M. GIAMPIETRO, knowingly and corruptly did alter, destroy, mutilate, and conceal a record and document, including but not limited to, contact information, text messages, electronic communications, and a cell phone, and corruptly did attempt to do so, with the intent to impair the record and document's integrity and availability for use in an official

proceeding, namely, a grand jury investigation into a possible violation of Title 18, United States Code, Section 2339B(a)(1).
In violation of Title 18, United States Code, Section 1512(c)(1).

### A. <u>Counts Two and Three are duplicitous because they each charge multiple distinct allegations of obstruction over a broad spectrum of time.</u>

The government is likely to contend that both Counts Two and Three are not duplicitous, citing *United States v. Schmeltz*, 667 F.3d 685 (6th Cir. 2011) and *United States v. Moyer*, 674 F.3d 192, 204 (3d Cir. 2012). Likely arguing that similarly, here, the multiple alleged destructions of communications and communication devices simply allege that the defendant committed a single offense in more than one way, and therefore unanimity is not required on any specific means of committing the offense.

There are, however, important differences between *Schmeltz* and *Moyer* in the present case. The primary difference is that both cases dealt with the falsification of records rather than the destruction of them. In *Schmeltz* the defendant, a former corrections officer, was charged with, among other things, two counts of creating a false documents in violation of §1519, based on two documents he had prepared concerning the death of an inmate. On appeal the defendant asserted that one of the counts was duplicitous because it alleged that he made three separate omissions in the document he had prepared and accordingly the count charged three different crimes. The Sixth Circuit found Schmeltz's contention to be without merit. The lynchpin for the Sixth Circuit's logic was:

> "The "falsifies" clause of § 1519 was thus intended to punish the falsification of a document, rather than specific statements or omissions within a document. Accordingly, Schmeltz could violate § 1519 once—and no more than once—by falsifying his May 30th report with his omissions. Because Count 6 charged only one offense, the district court did not err in instructing the jury.

*Schmeltz*, 667 F.3d at 688.

The Third Circuit in *Moyer* expanded on the Sixth Circuit's reasoning in *Schmeltz*, holding that multiple false reports which had been separately charged in *Schmeltz* could be charged under a

4

single count without offending duplicity. Finding that §1519's prohibition of falsification of a record "could fairly be interpreted as the collection of official police reports…" and that a course of conduct over nine months identifying multiple reports could be charged as a single count without being duplicitous. *Moyer*, 674 F.3d at 205.

The logic of these two cases, however, does not extend to the obstruction charges in this case. Counts Two and Three allege the destruction of electronic records and documents (Count Two) and the destruction and concealment and attempted destruction and concealment of electronic records and communications and a cell phone rather than the falsification of an official record of investigation. The destruction of records of electronic communication, as opposed to the creation of a false record, is a distinction with a difference. Each of the acts in destroying electronic records or communications reflect "distinct conceptual groupings" requiring unanimity to at least one specific allegation in order to obtain a conviction. The concept of distinct contextual groupings, to identify when unanimity was required where multiple means of committing the offense were alleged, was first articulated by Judge Wisdom in *United States v. Gipson*, 553 F.2d 453, 456-59 (5th Cir. 1977) and has been adopted by the Sixth Circuit in *United States v. Duncan*, 850 F.2d 1104 (6th Cir. 1988). In *United States v. Peterson*, 768 F.2d 64, 67 (2d Cir. 1985) Judge Friendly explained the distinct conceptual grouping refers to "…situations where the same act is characterized in different ways, each of which constitutes a crime under the same count of an indictment."

An examination of both Counts Two and Three makes clear that, unlike falsification of a record, the government is not charging the same act in different forms. The government has not limited the scope of the obstruction in either Counts Two or Three to a single conceptual grouping. Count Two charges multiple instances of obstruction in relation to, "social media accounts, text messages, chat conversations, and other electronic communications" between March 2018 and October 23, 2018.

5

Likewise, Count Three charges multiple instances of obstruction in relation to "contact information, text messages, electronic communications, and a cell phone" between September 23, 2018 and October 23, 2018.

Unlike the decisions regarding falsifications in a record, the alleged criminal conduct in Count Two relates to distinct decisions regarding the retention or deletion of electronic communications conducted over eight months. In making these decisions, there is no evidence that the defendant knew that she was under investigation, that she knew she was obligated to be truthful, nor that she knew she must maintain the records. While the government may be able to prove an individual decision was made with the necessary corrupt intent, that corrupt intent cannot be grafted universally onto every decision to retain or delete a document or record over the course of eight months. Thus, each decision the defendant makes must be weighed independently rather than as part of a continuing course of conduct as it was in *Schmeltz* and *Moyer*. For example, the defendant's use of Telegram's secret chat feature (alleged as destruction of documents because of the auto-destruct feature within the app which prevented retention of the messages beyond a minute on either parties cellphone or Telegram's servers) to exchange messages secretly about the political situation in Syria in March, is conceptually distinct from her intention in deleting messages from the undercover in October 2018.[1] Thus, the absence of requiring unanimity as to the specific instance the defendant decided to destroy a record would violate the defendant's right to a unanimous verdict because the alleged mindset for each act is not necessarily transferable.

---

[1] Even the secret Telegram chats between the defendant and the undercover cannot be fairly grouped as a single distinct conceptual group because while some of the secret chats were initiated by the defendant, many of the secret chats were initiated by the undercover (with the undercover turning on the auto-destruct feature) including the secret chat on September 23, 2018, when the undercover informed the defendant that the undercover's husband had sworn bayat (allegiance) to Hayat Tahrir Al Sham (HTS).

Likewise, unless the government is charging in Count Three the destruction of the cellphone as a singular act that alternatively caused the other harms charged (ie. the destruction of the communications therein and contact information etc.), the defendant's charged actions also represent different conceptual groupings. Again, the government may be able to prove the destruction of a cellphone with the necessary corrupt intent to obstruct a federal proceeding. But, that intent cannot be grafted on to the separate decision made at a different time to delete contact information as the decisions could easily be done for a different reason thereby preventing unanimity on the act.[2]

1. **Remedies**

"[W]hen the offenses joined bear a relationship to one another and may be said to constitute a continuing course of conduct, the 'distinct and separate' test should be applied, not as a metaphysical exercise, but with a view toward serving the purposes of the prohibition against duplicity." *United States v. Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978). "The dangers posed by a duplicitous indictment include the possibility that the defendant may not be adequately notified of the charges against him, that he may be subjected to double jeopardy, that he may be prejudiced by evidentiary rulings at trial, and that he may be convicted by a less than unanimous verdict." *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir.). In addition to the vices set out in *Alsobrook*, the Sixth Circuit has also enumerated the potential harm to the defendant's right of appeal. *See United States v. Perry*, 401 F. App'x 56, 60 (6th Cir. 2010). Accordingly, the remedy should be sufficient to alleviate the harm created by the

---

[2] Defendant does not contend that charging any distinct conceptual grouping as both a completed offense and an attempt would violate duplicity. Indeed, the ability to charge both means of violation for a single act (*e.g.* destroyed the cellphone, or tried to destroy the cellphone, or hid the cellphone) does not constitute duplicity because each of the methods would violate the statute and the mental state is the same for each action. Specifically, if one juror believed that she destroyed the cellphone and another juror believed that she did not, but tried to destroy it and both agreed that her mental state with regards to the phone was to prevent it being available for a federal proceeding, then they would not have to unanimously agree as to whether the phone was actually destroyed or not.

7

duplicitous charge in the first place.

The most common, but not the exclusive remedy, for duplicitous charges are jury instructions requiring unanimity with respect to one or more of the *actus reus* charged. But, when the challenge is brought within the timeframe under Fed. R. Crim. P. Rule 12(b), jury instructions are not the only cure, nor are they the preferred one. *See United States v. Marlinga*, No. 04-80372, 2005 U.S. Dist. LEXIS 3156, *17 (E.D. Mich. Feb. 28, 2005) (holding "[a] jury instruction would be an unsatisfactory remedy when the problem and its potential for harm and prejudice is recognized so far in advance of trial").

Instead, when a timely challenge is made in accordance with Fed. R. Crim. P. Rule 12(b), the defendant can request that a duplicitous indictment be dismissed. *See United States v. Adesida*, 129 F.3d 846, 849 (6th Cir. 1997). Dismissal, however, is considered a drastic remedy and prior to dismissing a charge courts generally afford the government the opportunity to choose to proceed on one of the distinct crimes contained within the offense. *See, e.g., United States v. Sturdivant*, 244 F.3d 71, 79 (2d Cir. 2001); *United States v. Aguilar*, 756 F.2d 1418, 1422-24 (9th Cir. 1985); *Thomas v. United States*, 418 F.2d 567, 568 (5th Cir. 1969). While the Sixth Circuit has not expressed a preference towards proceeding on only one of the distinct crimes included within a duplicitous count, such an approach is recognized as an available remedy and absent authority to the contrary is presumptively the preferred method. *See United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) citing *Shumpert Hood*, 210 F.3d at 663.

In the present case, the defendant respectfully submits that the court should not rely solely on jury instructions to cure the duplicitous nature of the charges because jury instructions alone are insufficient here to cure the prejudice to the defendant. Waiting for jury instructions means that this Court will have to wait until the case is completed to determine what the distinct conceptual groupings

are requiring unanimity. In a case involving settled criminal conduct, such as false official statements that would not be difficult. However, it will be difficult here. The decision to charge §1519 here, in the absence of a duty to create or maintain the records, and the absence of knowledge of an investigation, constitutes a novel theory of guilt under §1519 for which the Court will likewise have to consider whether the charged conduct is void for vagueness as applied, and whether an investigation was sufficiently foreseeable to satisfy the corrupt intent requirement.[3]

Accordingly, unless the government is willing to choose a single distinct crime for Counts Two and Three (*e.g.* use of the secret chat feature of Telegram with the undercover for a particular conversation for Count Two and attempted destruction of the cell phone for Count Three) on which to rest each charge, set out in a Bill of Particulars, dismissing the charges is the appropriate remedy.[4] Conceptually distinct individual charges will not only aid the Court's analysis, but would also provide the defendant an opportunity to decide whether she wants to plead guilty, or not, to a particular charge, thereby perhaps alleviating the need for trial. It will also aid the court in making evidentiary rulings. The government has indicated their intent to enter a great deal of the defendant's prior speech regarding Syria and organizations therein as evidence of her intent to commit the offense. This

---

[3] Absent a claim of actual knowledge of an investigation, a defendant such as Ms. Giampietro has standing to assert a claim of void for vagueness as applied to the charged conduct with respect to 18 U.S.C. 1519. *See United States v. Kernell*, 667 F.3d 746, 750 (6th Cir. 2012).

[4] To the extent that the government maintains, without particularity, that there is a single course of conduct, the defendant respectfully requests this Court to order a Bill of Particulars to reach a factual determination as to whether the charged conduct constitutes distinct conceptual groupings constituting separate criminal offenses. *See United States v. Willis*, 475 F. Supp. 2d, 269 (W.D.N.Y. 2007) (finding that general allegations of possession over a substantial period of time was insufficient to determine whether separate courses or a singular course of conduct existed). Noting in particular the considerable duration of time calls into question whether a continuing course of conduct can be shown. Likewise, where not only is there a significant period of time but the actions differ in form over that period of time and exist between multiple different individuals, it is possible that there is a singular course of conduct to be found, but if there is it should be stated with particularity.

evidence is not directly related to the offense and is outside of the charged period.

    **B. <u>Counts Two and Count Three are multiplicitous because, as charged, they permit conviction based on identical factual conduct.</u>**

Counts Two and Three are not only duplicitous, they are so broad that they are also multiplicitous of each other. "An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Schaffner*, 715 F.2d 1099, 1102 (6th Cir. 1983).

A determination of whether two charges are potentially multiplicitous begins with the *Blockburger* test. The test, set forth by the Supreme Court in <u>*Blockburger v. United States*</u>, 52 S. Ct. 180 (1932), is as follows:

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether these are two offenses or only one is whether each provision requires proof of fact which the other does not. A single act may be an offense against two statutes; and *if each statute requires proof of an additional fact which the other does not*, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Id*. at 304 (emphasis added)(citations omitted).

In *Illinois v. Vitale,* 100 S. Ct. 2260 (1980*)*, the Supreme Court reaffirmed the *Blockburger* test and explained that the test for determining whether multiple offenses exist is whether each provision of the statute requires proof of a fact that the other statute does not. *Id.* at 2265, quoting *Brown v. Ohio*, 97 S. Ct. 2221 (1977). The Supreme Court directed that the courts should focus "on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Id*. at 2265. When a statute has alternative statutory elements, the *Vitale* Court directed that before applying the *Blockburger* test, the court should examine the particular case to determine which statutory elements the government is actually trying to prove. *Id. See also Whalen v. United States*, 100 S. Ct. 1432 (1977); *Pandelli v. United States*, 635 F.2d 533, 536 (6th Cir. 1980); *Pryor v. Rose*, 724 F.2d 525, 529 (6th Cir. 1984); *Mathews v. Marshall*, 754

10

Case 2:19-cr-00013  Document 112  Filed 06/05/20  Page 10 of 14 PageID #: 788

F.2d 158 (6th Cir. 1985). What is different, however, is not simply that the government has to prove additional facts in order to obtain a conviction on one of the charges. *See Vitale*, 100 S. Ct. at 2267 (stating that, "a person who has been convicted of a crime having several elements included in it may not subsequently be tried for a lesser-included offense -- an offense consisting solely of one or more of the elements of the crime for which he has already been convicted. Under *Brown*, the reverse is also true; a conviction on a lesser-included offense bars subsequent trial on the greater offense.")

The factual allegations in Counts Two and Three differ only as follows:

(a) Count Two alleges obstruction of an FBI investigation, whereas Count Three alleges obstruction of a federal grand jury;

(b) Count Two alleges the destruction of social media accounts, text messages, chat conversations and other electronic communications, whereas Count Three alleges the destruction of contact information, text messages, electronic communications and a cell phone, and;

(c) Count Three, in addition to alleging the destruction of messages, electronic communications and a cell phone, alternatively alleges the attempted destruction of the same.

<u>1. FBI investigation versus grand jury investigation</u>

The fact that there are two different proceedings alleged to have been obstructed is not sufficient to satisfy the *Blockburger* test. The Supreme Court has observed that there is "significant overlap" of 18 U.S.C. § 1512 (c)(1) and 18 U.S.C. §1519. *Yates v. United States*, 574 U.S. 528, 528 (U.S. February 25, 2015). In particular, the Court observed that, "[v]irtually any act that would violate §1512(c)(1) no doubt would violate §1519 as well, for §1519 applies to "the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States

11

. . . or in relation to or contemplation of any such matter," not just to "an official proceeding.").[5] The only factual way that a charge under both statutes would not necessarily overlap with regards to the destruction of documents is where the federal investigation had ended prior to the alleged destruction, and thus the obstruction related solely to a federal proceeding. Here, the time periods for Counts Two and Three overlap with the defendant being charged simultaneously with obstructing a grand jury and obstructing an FBI investigation from September 23, 2018 to October 23, 2018. Thus, a conviction or acquittal on Count Two would bar a subsequent proceeding under Count Three based on the allegation that the conduct more seriously obstructed a federal proceeding.

        2. Charging of destruction of a cell phone and contact information in Count Three

The alleged destruction of the defendant's cell phone and contact information is not sufficient, either, to satisfy the *Blockburger* test's requirement of proof of a different fact. The meanings of the differing language of §1512(c)(1) and §1519 relating to "tangible object" and "other objects" was determined by the Supreme Court in *Yates*, which noted that the term is properly read to "refer, not to any tangible object, but specifically to the subset of tangible objects involving records and documents, i.e., objects used to record or preserve information." *Yates*, 574 U.S. at 528, 544, citing United States Sentencing Commission, Guidelines Manual §2J1.2, comment., n. 1 (Nov. 2014) ("'Records, documents, or tangible objects' includes (A) records, documents, or tangible objects that are stored on, or that are, magnetic, optical, digital, other electronic, or other storage mediums or devices; and (B) wire or electronic communications."). This definition necessarily encompasses the defendant's cell phone and contact information. Thus a proper charge under 18 U.S.C. §1519 could include conduct related to the cell phone.[6]

---

[5] The exceptional act found by the Supreme Court was destruction of a tangible object.
[6] It is possible that the contact information, text messages, electronic communications and cellphone charged in Count Three are a distinct conceptual grouping apart from the similar actions charged in

12

Case 2:19-cr-00013   Document 112   Filed 06/05/20   Page 12 of 14 PageID #: 790

### 3. Attempted destruction of a cell phone and contact information in Count Three

Federal law specifically requires that an attempt theory of liability be incorporated into the language of the statute, and there is no general attempt theory for criminal liability. As such, §1519's omission of attempt as a methodology for commission of a crime means that the government must prove than the actual destruction, or concealment, occurred in order to obtain a conviction for §1519. Section 1512(c)(1) does include a provision for attempt, thus the government may obtain a conviction for §1512(c)(1) where the defendant attempted to destroy the materials, but failed to do so. Accordingly, the government could charge the defendant with separate attempts under §1512(c)(1) regardless of whether she had been acquitted or convicted of the §1519 charge.

The problem with Count Three, as currently constituted is that it charges in the alternative rather than in the exclusive. To cure this problem, at a minimum, Count Three needs to be amended to charge exclusively that the defendant did knowingly and corruptly attempt to destroy, mutilate and conceal contact information, text messages and electronic communications and a cell phone.

### **CONCLUSION**

For the above reasons, the defendant respectfully submits that this honorable Court should dismiss Counts Two and Three as duplicitous. Alternatively, should the Court find that dismissal of Counts Two and Three is not warranted, the defendant respectfully requests that this Court direct the

---

Count Two. Several points weigh heavily against reading Count Three as charging a separate and distinct conceptual grouping from Count Two. First is the government's choice to use a single charge to cover eight months of conduct in Count Two. The government can hardly argue that Count Two is not duplicitous but somehow Count Three incorporates a separate conceptual grouping in count three. To the extent that the government maintains that Count Three constitutes a separate conceptual grouping, a Bill of Particulars for both counts is appropriate in order to differentiate between them. *See United States v. Schmitz*, 634 F.3d 1247, 1260 n.8 (11th Cir. 2011) (explaining that a bill of particulars may cure notice problems caused by a vague term in an indictment).

government to amend Count Three to exclusively charge an attempt to cure the multiplicity with Count Two.

Respectfully submitted this 5th day of June, 2020.

By: /s/ *Charles Swift*
Charles D. Swift,
Pro Hac Vice Attorney for Giampietro
CLCMA
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
(972) 914-2507

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of June, 2020, I electronically filed the foregoing Motion and accompanying Memorandum of Law with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /s/ *Charles Swift*
Charles D. Swift, Pro Hac
Vice Attorney for Giampietro
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081