UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No.    2:19-cr-00013 |
| v.           ) | |
| ) | Chief Judge Crenshaw |
| ) | |
| GEORGIANNA A.M. GIAMPIETRO   ) | |

GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
COUNTS OF THE INDICTMENT ON CONSTITUTIONAL GROUNDS

The United States of America, by and through the United States Attorney for the Middle District of Tennessee, and the Chief of the Counterterrorism Section of the National Security Division, U.S. Department of Justice, respectfully opposes defendant Georgianna A.M. GIAMPIETRO's Motion to Dismiss Count Two as Void for Vagueness as Applied and Count Three for Absence of a Nexus. (Doc. 113.) For the reasons below, the government submits that the motion to dismiss these counts of the indictment should be denied without a hearing.

I.      The Pretrial Motion To Dismiss Should Be Denied As Premature

The Court should deny the motion to dismiss, filed pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, because by its terms the motion is not ripe for determination. GIAMPIETRO cites *United States v. Jones,* 542 F.2d 661 (6th Cir. 1976) for the proposition that the Court can dismiss charges before trial when the motion to dismiss raises a specific legal question as to whether the statute was intended to apply to a factual situation that is not in dispute.[1]

---

[1]     *Jones* involved a prosecution under the wiretap statute, 18 U.S.C. § 2511, of a husband for illegally intercepting the phone calls of his estranged wife. The Court observed that "[t]he facts surrounding the alleged offense were virtually undisputed and trial of the substantive charges would not substantially assist the Court in deciding the legal issue raised by the motion to dismiss the indictment," 542 F.2d at 665, and therefore, the question of whether the defendant was exempt from prosecution was the issue to be decided. *Jones* also explained further that its conclusion

1

GIAMPIETRO claims that the facts in the instant case are not in dispute, narrowly admitting "the charged conduct related to her use of Telegram," *see* Doc. 113 at 6,[2] and then asserting that she used Telegram "without actual knowledge of an investigation." *Id.* GIAMPIETRO's selective admission of some facts alleged in the Indictment does not mean that the facts underlying Count Two are undisputed. Nor does GIAMPIETRO's bald assertion that she had no actual knowledge of an investigation make that an undisputed fact for purposes of determining her motion to dismiss. Rather, the issue of the defendant's knowledge of an investigation is a critical issue to be determined by the jury after hearing the evidence presented at trial. *Accord United States v. Houston*, No. 3:13-CR-9, 2013 U.S. Dist. LEXIS 184323, at *7-8 (E.D. Tenn. Oct. 3, 2013) (when addressing a motion to dismiss the indictment which alleges that the government cannot establish the offense charged as a matter of law, "the undisputed nature of the evidence is an important predicate to a court's determination" of the motion to dismiss; "[i]f the evidence relating to the issue raised by the parties is disputed, the Court runs the risk of treading upon the role of the grand jury."); *United States v. Hahn,* 574 F. Supp. 2d 827, 830 (M.D. Tenn. 2008) ("a motion to dismiss should be denied if it requires a pretrial test of the government's evidence.") (quoting *United States v. Jones,* No. 1:05-132, 2006 WL 399234 at *1 (E.D. Tenn. Feb. 16, 2006)); *see also United States v. Kettles,* No. 3:16-00163-1, 2017 WL 2080181 at *3 (M.D. Tenn. May 15, 2017) ("In order for the court to determine whether [the statute] was misleading as applied to [the defendant's] particular case, the court must first know the nature and extent of the conduct supporting the

---

that the wiretap statute at issue was insufficiently definite and specific to create a federal cause of action was "limited to the specific facts of th[e] case," which were fairly unique. *Id.* at 666-67.

[2]   As the Indictment reflects and the evidence supporting this prosecution shows, GIAMPIETRO used a number of different methods, including communication on Telegram, Instagram, a self-destruct timer on exchanges with others online, and cryptic abbreviations, to obstruct a material support investigation.

2

charges against him.").

In an analogous situation involving an "as applied" challenge to another obstruction of justice statute, 18 US.C. § 1513, the court noted that determining whether the defendant's speech was protected by the First Amendment required the court to review the context of her Facebook posts and her intent in posting the material. The court concluded that Rule 12(b) "prohibits such a finding on issues ultimately triable to a jury with regard to a criminal statute otherwise constitutional on its face." *United States v. Edwards,* No. 2:17-cr-170, 2017 U.S. Dist. LEXIS 201968 at *8 (S.D. Ohio Dec, 7, 2017). GIAMPIETRO concedes as much in her motion to dismiss, regarding an element of 18 U.S.C. § 1519.[3] GIAMPIETRO's motion is therefore premature and should be dismissed.[4]

II. The Void for Vagueness Challenge to Count Two of the Indictment is Unsupported

Should the Court decide to consider GIAMPIETRO's motion to dismiss Count Two at this time, even though GIAMPIETRO's motion to dismiss impliedly acknowledges that important disputed questions of fact still exist, the government submits that GIAMPIETRO's constitutional challenge to 18 U.S.C. § 1519 must fail. Count Two alleges that GIAMPIETRO violated 18 U.S.C. § 1519, as follows:

> Beginning in or about March 2018, and continuing until on or about October 23, 2018, in the Middle District of Tennessee, the defendant, GEORGIANNA A.M. GIAMPIETRO, did knowingly alter, destroy, mutilate, conceal, and cover up a record and document, including, but not limited to, social media accounts, text messages, chat conversations, and

---

[3] "The defendant nevertheless acknowledges that a finding of whether she acted in contemplation of an FBI investigation cannot be made until the government has been afforded the opportunity to present its case-in-chief." (Doc. 113 at 10 n.8.)

[4] Defendant's reliance on *United States v. Levin,* 973 F.2d 463 (6th Cir. 1992), on an alternative theory is also misplaced. The defendants in *Levin* filed a Rule 12(b) motion to dismiss asserting that the government was, as a matter of law, incapable of proving beyond a reasonable doubt the requisite intent required to convict them of certain counts of the Indictment. This does not appear to be the basis of GIAMPIETRO's motion to dismiss Count Two or Count Three.

3

other electronic communications, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, that is, a possible violation of Title 18, United States Code, Section 2339B(a)(1), a matter within the jurisdiction of the Federal Bureau of Investigation, and in relation to and in contemplation of such matter.

(Doc. 77 at 2.). Title 18, United States Code, Section 1519 provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction or agency of the United States or any case filed under title 11, or in retaliation to or contemplation of any matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

GIAMPIETRO makes no claim that the statute is facially unconstitutional. That may be because the Sixth Circuit, in a case GIAMPIETRO cites, explicitly held that 18 U.S.C. § 1519 is constitutional on its face. *See United States v. Kernell*, 667 F.3d 746, 756 (6th Cir. 2012) ("Section 1519 clearly sets out the elements that the government must prove for a conviction under the statute. All courts looking at the question have rejected the constitutional challenge, and any ambiguities that might exist apply to a hypothetical defendant, not to Kernell and his specific conduct. For this reason, we reject Kernell's challenge to the constitutionality of 18 U.S.C. § 1519.").[5] Rather, GIAMPIETRO claims that § 1519 is vague as applied to her. (Doc. 113 at 7.)[6]

---

[5] The Court also denied Kernell's various "as applied" challenges to § 1519. *See* 667 F.3d at 755.

[6] GIAMPIETRO's "as applied" vagueness argument is not clear or consistent throughout her motion. She first contends that Count Two of the Indictment penalizes her use of Telegram to communicate on social media, raising a potential First Amendment violation. (*See* Doc. 113 at 6.) She then cites cases for the proposition that statutes implicating First Amendment rights trigger a "more stringent vagueness test." *Id.* at 7. It is well established, however, that Section 1519 "regulates conduct, not speech. The conduct it regulates—destruction of documents with the intent to obstruct a federal investigation—is not expressive. Similarly, [section] 1519 does not regulate expressive association." *United States v. Fumo*, 628 F. Supp. 2d 573, 601 (E.D. Pa. 2007); *see also United States v. McRae,* 702 F.3d 806, 837 (5th Cir. 2012); *United States v. Moyer,* 674 F.3d 192, 211 (3d Cir. 2012); *accord United States v. Brown,* No. 14 CR 674, 2015 WL 6152224 at *3 (N.D. Ill. Oct. 19, 2015) ("Section 1519 criminalizes the destruction, alteration, or falsification of records related to federal investigations and has no bearing on First Amendment freedoms."). GIAMPIETRO then cites *United States v. Maslenjak,* 821 F.3d 675 (6th Cir. 2016) as support for a challenge to the statute "as applied," in the case of a statute that does not involve First Amendment rights. (*See* Doc.

4

This argument lacks merit. GIAMPIETRO's argument derives principally from her effort to distinguish her case from *Kernell*. But the distinctions GIAMPIETRO draws do not strengthen her position or establish a basis for challenging § 1519 as applied to her. GIAMPIETRO asserts that her destructive conduct did not occur "after she . . . committed any alleged crime, but rather while the alleged potential criminal conduct was in contemplation. . . ." (*See* Doc. 113 at 9.) On this point, GIAMPIETRO is mistaken, as the government intends to elicit evidence at trial that she was aware in approximately May 2018 that one "sister" with whom she had been in contact had been interviewed by the FBI, and that she also became aware in approximately October 2018 that another "sister" with whom she had an online relationship was under investigation for possible immigration violations. By early October 2018, GIAMPIETRO had also provided extensive guidance to an FBI undercover employee in response to the undercover's stated interest in traveling to Syria to join Hay'at Tahrir al-Sham. GIAMPIETRO engaged in obstructive conduct during that time frame, aware of investigative interest in her associates as well as a potential investigative interest in GIAMPIETRO's own conduct. Indeed, in an interview with FBI agents on October 23, 2018, GIAMPIETRO admitted to deleting entire online accounts after learning of these federal investigations into her "sisters" in order to avoid detection by law enforcement.

In any event, all that is required as proof of a violation of 18 U.S.C. § 1519 is that the defendant acted "in contemplation of" the investigation of any matter within the jurisdiction or

---

113 at 7.) She thereafter attempts to distinguish the clear reasoning of this Circuit's opinion in *Kernell,* returning to claims that her First Amendment activities were violated by application of § 1519 to her conduct. (*See* Doc. 113 at 9-11.) In any event, and regardless of whether GIAMPIETRO is attempting to maintain a general void for vagueness challenge or a vagueness "as applied" challenge, both challenges fail under applicable case law. *See Village of Hoffman Estates v. Flipside Hoffman Estates, Inc.,* 455 U.S. 489, 495 (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.").

5

agency of the United States. *See United States v. Moyer,* 674 F.3d 192, 212 (3d. Cir. 2012) ("Although this interpretation makes criminal liability very broad under § 1519, this is consistent with the legislative history and other cases to consider the question."); *Kernell,* 667 F.3d at 755 ("Courts considering the question have consistently held the belief that a federal investigation directed at the defendant's conduct might begin at some point in the future satisfies the 'in contemplation' prong"); *United States v. Gray,* 642 F.3d 371, 379 (2d Cir. 2011) ("§ 1519 does not require the existence or likelihood of a federal investigation."); *United States v. Lanham,* 617 F.3d 873, 887 (6th Cir. 2010) (prosecution for violation of § 1519 against police officers who falsified documents even before an investigation began upheld; "the falsification was presumably done in contemplation of an investigation that might occur.").

Throughout her motion to dismiss, GIAMPIETRO insists that she is being prosecuted for protected speech in general and the use of the Telegram secret chat function in particular, even though § 1519 broadly prohibits destructive conduct of many types in contemplation of obstructing a matter within the jurisdiction of the United States. She then attempts to present a due process argument that the use of the Telegram secret chat function to destroy evidence of criminal conduct in violation of § 1519 is "beyond what an ordinary person would understand." (*See* Doc. 113 at 11.) The plain language of § 1519 is clear, however, and requires nothing more than ordinary intelligence to understand. As the Eighth Circuit observed,

> The plain language of the statute forbids the knowing falsification of a document with the intent to impede, obstruct, or influence the investigation or proper administration of a federal matter, even if that matter is not pending at the time of the obstructive act. A person of ordinary intelligence should understand that falsification of the [document] in the circumstances of this case qualifies as prohibited conduct.

*United States v. Yielding,* 657 F.3d 688, 715 (8th Cir. 2011); *see also United States v. Hunt,* 526

6

F.3d 739, 743 (11th Cir. 2008) ("A person of ordinary intelligence would understand a police report to be a 'record' or 'document,' and would also read the language 'any matter within the jurisdiction of [a] department . . . of the United States' to include an FBI investigation.").

GIAMPIETRO's final argument alleging arbitrary and discriminatory enforcement merits little response. GIAMPIETRO cites no authority for the proposition that holding her accountable for obstructing justice by destroying records and documents in her social media accounts in violation of § 1519 "will lead to arbitrary and discriminatory prosecutions." (*See* Doc. 113 at 13.)[7] In the absence of any evidence of arbitrary and discriminatory enforcement of § 1519, and in the absence of any judicial support for this argument, the Court need not consider it in deciding the motion.[8] *See* Mem. Op., *United States v. Darden, et al.*, M.D. Tenn. No. 3:17-cr-124, ECF No. 1460, at 3 (Aug. 20, 2019) (Crenshaw, C.J.) (citing cases) ("In this circuit, it is well-settled that '[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

---

[7] Congressional intent relating to this statute is also instructive. As Senator Patrick Leahy noted:

> Section 1519 is meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation or proper administration of any matter, and such matter is within the jurisdiction of an agency of the United States, or such acts done either in relation to or in contemplation of such a matter or investigation.

S. Rep. No. 107-146 at 14 (2002). This is not to suggest that it is illegal to post comments on social media platforms, or that the use of the Internet to communicate will generally subject a person to prosecution. Certain communications, however, may be the basis for a prosecution if they constitute threats, incitement to commit crimes, or are used as a means to further other criminal activity. *See, e.g.,* 18 U.S.C. §§ 112(b), 115, 119, 175, 229, 247, 373, 794, 842(p), 844(e), 871, 875, 876, 878, 879, 956, 1030, 1470, 1951, 2332a, 2332b, 2332i, 2339A, 2339B, 2383, 2384, 2385, 2389. In this case, GIAMPIETRO is not being prosecuted for the innocent use of social media accounts, such as the Telegram application. She is being prosecuted for the specific manner and use of social media to obstruct a federal investigation.

[8] Likewise, and contrary to GIAMPIETRO's assertions on page 13 of her motion, there is no basis for contending that this prosecution has anything to do with GIAMPIETRO's exercise of her right to free speech or her political or religious beliefs. This is instead a prosecution of an individual who sought to provide material support to a designated foreign terrorist organization and then cover up her conduct in an effort to obstruct an investigation into her material support activities.

7

### III. The Motion to Dismiss Count Three Should be Denied Because it Requires the Court to Invade the Province of the Jury

A motion to dismiss pursuant to Rule 12(b) "should be denied if it requires a pretrial test of the government's evidence." *Hahn,* 574 F. Supp. 2d at 830 (quoting *United States v. Jones,* No. 1:05-132, 2006 WL 399234 at *1 (E.D. Tenn. Feb. 16, 2006)). GIAMPIETRO contends that the government cannot establish a nexus between her conduct in instructing the undercover employee to delete contact information and a federal proceeding, but fails to cite any legal or factual support for this assertion. GIAMPIETRO has therefore failed to provide the Court with a basis to grant the motion to dismiss Count Three of the Indictment. Moreover, GIAMPIETRO concedes that the nexus between a defendant's conduct and an official proceeding need not be alleged in the Indictment. (*See* Doc. 113 at 14.)

In any event, whether the government has established the requisite connection to a federal proceeding under § 1512(c)(1), as alleged in Count Three, will be a question of fact for the jury. Courts routinely deny such motions on the grounds that questions like these fall squarely within the province of the factfinder. *See*, *e.g.*, *United States v. Brimager*, No. 13-Cr-02381, 2014 WL 1515867 at *5 (S.D. Cal. Apr.17, 2014) ("a motion to dismiss for lack of nexus essentially requires the Court to make a factual determination best left for a determination by a jury, not the Court."); *see also United States v. Suarez,* Case No. 5:13 CR 420, 2014 U.S. Dist. LEXIS 63682 at *13 (N.D. Ohio May 8, 2014) (since government "must satisfy the nexus requirement at trial," dismissal of the count in the Indictment is not required); *United States v. Ring,* 628 F. Supp. 2d 195, 223-24 (D.D.C. 2009) (satisfaction of nexus requirement is a jury question); *United States v. Potts,* Crim. No. 07-85 (PAM/SRN), 2007 WL 2219392 at *4 (D. Minn. July 30, 2007) ("Whether a nexus exists, i.e,, whether Defendant knew his actions would obstruct justice, is a jury

8

question."); *United States v. Black,* 469 F. Supp.2d 513, 543 (N.D. Ill. 2006) (nexus requirement of § 1512(b)(2) need not be alleged in the indictment "but is a factual question for the jury."). Since the existence of a nexus and the adequacy of proof of a nexus in a prosecution for obstruction of justice under § 1512 is clearly a jury question, the Court should deny the defendant's pretrial motion to dismiss.

Furthermore, and even assuming that the Court elects to consider the merits of GIAMPIETRO's motion to dismiss Count Three, the applicable precedent, coupled with the evidence disclosed in discovery, establish that the motion to dismiss should be denied.

Count Three alleges that GIAMPIETRO violated 18 U.S.C. § 1512(c)(1), as follows:

> Between on or about September 23, 2018, and on or about October 23, 2018, in the Middle District of Tennessee, the defendant, GEORGIANNA A.M. GIAMPIETRO, knowingly and corruptly did alter, destroy, mutilate, and conceal a record and document, including, but not limited to, contact information, text messages, electronic communications, and a cell phone, and corruptly did attempt to do so, with the intent to impair the record and document's integrity and availability for use in an official proceeding, namely, a grand jury investigation into a possible violation of Title 18, United States Code, Section 2339B(a)(1).

(Doc. 77 at 3.) Title 18, United States Code, Section 1512(c)(1) provides in pertinent part that:

> Whoever corruptly alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding . . . shall be . . . imprisoned not more than 20 years . . . .

To prove a violation of § 1512(c)(1), the government must satisfy three elements. First, the government must show that the defendant altered, destroyed, mutilated, or concealed any record, document, or tangible object, or attempted to do so. *United States v. Akiti*, 701 F.3d 883, 887-88 (8th Cir. 2012), *cert. denied,* 570 U.S. 924 (2013); *United States v. Matthews*, 505 F.3d 698, 705 (7th Cir. 2007). Second, the government must show that the defendant acted with intent to impair

9

the record, document, or tangible object's integrity or availability for use in an official proceeding. *Akiti*, 701 F.3d at 887-88; *Matthews,* 505 F.3d at 705. Lastly, the government must show that the defendant acted "corruptly," meaning acting with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede, or influence the due administration of justice. *Akiti,* 701 F.3d at 887-88; *Matthews*, 505 F.3d at 705; *see also United States v. Mintmire*. 507 F.3d 1273, 1289-91 (11th Cir. 2007) (§ 1512(c)(2) case).

For purposes of § 1512(c)(1), an "official proceeding" means a proceeding before a court, judge, or federal agency. The proceeding may be civil or criminal. The law does not require, however, that the federal proceeding be pending at the time of the defendant's actions, as long as the proceeding was foreseeable such that the defendant knew that her actions were likely to affect the proceeding. *See Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005) (finding "nexus requirement" between defendant's conduct and official proceeding in § 1512(b)(2)(A) and (B) prosecution, including that the proceeding be foreseeable); *see also United States v. Phillips,* 583 F.3d 1261, 1264-65 (9th Cir. 2009) (§ 1512(c)(2) conviction proper if it is foreseeable that the defendant's conduct will interfere with an official proceeding); *United States v. Carson*, 560 F.3d 566, 580-82 (6th Cir. 2009) (assuming *arguendo* that a "nexus requirement" applies to prosecutions under § 1512(c)(2)). "The endeavor must have the natural and probable effect of interfering with the due administration of justice." *United States v. Agular,* 515 U.S. 593, 599 (1995) (in the context of a § 1503 prosecution, "the [obstructive] act must have a relationship in time, causation, or logic with the judicial proceedings."); *see also* 18 U.S.C. § 1512(f)(1). In addition, the defendant "must believe that his actions are likely to affect a particular, existing or foreseeable proceeding." *United States v. Persico,* 645 F.3d 85, 107-08 (2d Cir. 2011) (grand jury proceeding foreseeable because defendant was aware that he was the target of the investigation).

10

In this case, there is ample evidence of a nexus to a proceeding that would support a violation of § 1512(c)(1). The evidence establishes (for example) that GIAMPIETRO messaged the undercover employee stating, "I need you to delete my name and number from your phone and all pictures and text messages." She then messaged the undercover employee (among other things), "I hope you understand why," "When I was planning my plan was to delete everyone 6 to 8 months before leaving and have no contact with anyone," and "Bc one wrong move." GIAMPIETRO also sent Telegram messages to an overseas contact to determine whether the undercover had messaged the individual whose contact information GIAMPIETRO had provided in order to assist the undercover in traveling travel to Syria. In those messages, GIAMPIETRO made clear that she would have to take certain steps, like breaking or destroying her phone, to avoid detection by law enforcement, if her overseas contact were in fact helping the undercover travel to Syria. GIAMPIETRO also made clear that she had "deleted everything" from her device, including the undercover's number, so that she could say that someone else used her number in contacting the undercover and providing her with the overseas contact. In addition, GIAMPIETRO made explicit references to the possibility of a criminal prosecution, stating, "One small mess up and I get 30 years," "I just don't want to go to jail for 30 years and leave my son in the hands of the Kuffar,"[9] and "I can hear it now 'she gave us the information.'"

The only plausible explanation for these messages was that GIAMPIETRO was concerned that the undercover employee would be apprehended by law enforcement, and that a subsequent investigation and criminal proceedings would reveal GIAMPIETRO's information, including all of the messages she had sent to the undercover employee on the undercover employee's devices.[10]

---

[9] "Kuffar" is a term used to refer to non-Muslims.
[10] Even if there were other explanations GIAMPIETRO could offer for this conduct, a determination as to

11

It is therefore reasonable to assume that GIAMPIETRO believed that her actions would affect a foreseeable proceeding relating to the undercover employee's efforts to travel to Syria to join a foreign terrorist organization. That is particularly so given that GIAMPIETRO was well-versed in the undercover employee's travel plans. (Indeed, as charged in Count One, GIAMPIETRO attempted to facilitate UCE- 2's travel abroad.) Furthermore, GIAMPIETRO, who demonstrated a savvy in her online communications, and who took various steps to conceal her online activity, would also have known that directing the undercover employee to delete that information would be likely to affect any future criminal proceedings related to the undercover employee's conduct. All of this evidence establishes the nexus required for a § 1512 prosecution in this case: a federal proceeding relating to the provision of material support to a designated foreign terrorist organization was foreseeable and GIAMPIETRO knew that her actions were likely to affect such a proceeding. *See Arthur Andersen LLP*, 544 U.S. at 707-08. GIAMPIETRO's obstructive conduct thus has the requisite relationship "in time, causation, or logic" with foreseeable federal proceedings. *See United States v. Aguilar,* 515 U.S. 593, 599 (1995).

IV. Conclusion

WHEREFORE, for the reasons above, the United States respectfully requests that the Court deny GIAMPIETRO's Motion to Dismiss Count Two as Void for Vagueness as Applied and Count Three for Absence of a Nexus (Doc. 113) without a hearing.

>Respectfully submitted,
>
>DONALD Q. COCHRAN
>United States Attorney
>Middle District of Tennessee

---

whether those explanations could render her conduct non-criminal is one for the finder of fact, not the court at this stage of the proceedings.

|  |  |
|---|---|
| By: | *s/Ben Schrader* |
|  | BEN SCHRADER |
|  | Assistant U.S. Attorney |
|  | 110th Avenue South, A96l |
|  | Nashville, Tennessee 37203 |
|  | Phone: (615) 736-5151 |

|  |  |
|---|---|
| By: | *s/Philip Wehby* |
|  | PHILIP WEHBY |
|  | Assistant U.S. Attorney |
|  | 110th Avenue South, A96l |
|  | Nashville, Tennessee 37203 |
|  | Phone: (615) 736-5151 |

|  |  |
|---|---|
| By: | *s/Jennifer Levy* |
|  | JENNIFER LEVY |
|  | Trial Attorney |
|  | Counterterrorism Section |
|  | U.S. Department of Justice |
|  | 950 Pennsylvania Avenue, N.W., Suite 7600 |
|  | Washington, D.C. 20530 |
|  | Phone: (202) 514-1092 |

Dated: June 18, 2020

## CERTIFICATE OF SERVICE

   I hereby certify that on June 18, 2020 I electronically served one copy of the government's opposition to the defendant's Motion to Dismiss Count Two as Void for Vagueness as Applied and Count Three for Absence of a Nexus (Doc. 113), which will send a Notice of Electronic Filing to counsel for defendant.

                   *s/Ben Schrader*
                   BEN SCHRADER
                   Assistant U.S. Attorney
                   110th Avenue South, A96l
                   Nashville, Tennessee 37203
                   Phone: (615) 736-5151