# IN THE UNITED DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cr-00013 |
| | ) | |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | Chief Judge Waverly D. Crenshaw, Jr. |
|     Defendant. | ) | |

## DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT THREE AS DUPLICITOUS AND/OR MULTIPLICITOUS, OR IN THE ALTERNATIVE AMEND COUNT THREE (Doc. 122)

### A. Count Two is duplicitous because charges multiple crimes rather than multiple means of committing one crime.

The government argues that Count Two is not duplicitous because it charges multiple means of committing the same offense. This contention is in error because each of the alleged documents/records destructions are their own separate offenses rather than a different way of committing the same offense.

The logic employed by the government mirrors the government's contentions in *United States v. D-2 Chavonne Simmons*, 2013 U.S. Dist. LEXIS 158158, at *14-15 (E.D. Mich. Nov. 4, 2013), that multiple attempts to obstruct justice by tampering with a witness, in violation of 18 U.S.C. §1512(b), constituted a singular course of conduct using multiple means of committing the same offense. As Judge Cox explained in rejecting the government's contention on its duplicitous charge,

> if it had charged [the defendant] with separate counts of witness tampering – each based upon a separate action taken by [the defendant] ...such separate counts would not be duplicitous by virtue of alleging, alternatively or additionally, that [the

defendant] engaged in a specific act with different intents. For example, suppose the indictment charged that during a March 1, 2013 meeting with Joyce, Simmons threatened Joyce with physical violence if Joyce testified before the Grand Jury. The count based upon that action would not be duplicitous under *Hixon* if it alleged that Simmons took that action with the intent to "delay" Joyce's testimony in violation of §1512(b)(1) and/or that she took that same action with the intent to "induce" Joyce to "withhold testimony" from the Grand Jury in violation of § 1512(b)(2)"

*D-2 Chavonne Simmons*, 2013 U.S. Dist. LEXIS 158158, at *14-15.

The Court however, found that is not what the indictment did. Instead, the Court concluded:

the Government is alleging multiple separate actions by the defendant that violate the statute, but includes them all in the same count. Such separate actions that allegedly violate the statute "are not mere 'multiple factual predicates' but rather are entirely separate offenses." *Dedman,* 527 F.3d at 600 n. 10; *see also United States v. Anderson-Bagshaw,* 509 Fed. App'x. 396, 411 (6th Cir. 2012) ("In a crime involving a false statement, separate false statements are 'entirely separate offenses.'"). Thus, they are duplicitous when they are combined into a single count.

*Id*.

The same is true here. Here, the government alleges multiple destructions instead of attempts to corrupt a witness. As such, they are not part of a continuous course of conduct any more than multiple lies allegedly told to an investigator. Each act stands distinctly on its own. The government is incorrect in asserting that either *United States v. Anderson*, 605 F.3d 404, 414-15 (6th Cir. 2010)*, United States v. Schmeltz*, 667 F.3d 685 (6th Cir. 2011), or *United States v. Moyer*, 674 F.3d 192 (3d Cir. 2012) holds to the contrary. *Schmeltz* and *Moyer* both involved a singular report with multiple falsifications, thereby meeting Judge Cox's first hypothetical.[1] Likewise, *Anderson* is typified by a singular intent to hide the absence of a medical director that is either true

---

[1] The government mischaracterizes the defenses argument by stating that the defense's distinction is based on the fact that a paper form constitutes a "distinct conceptual grouping" from electronic records. This is a misstatement of the defense's argument and the law.

or false in every case. Here, however, no overriding intent can be ascribed to any event. Each destruction stands on its own, and accordingly, must be charged separately.

As Judge Cox explains, in the absence of such a decision appellate review would be impossible. If, upon review, it is determined that there was insufficient evidence to find that one of the means of destruction was obstructive (e.g. using the secret chat feature in Telegram prior to August 2018), but there would be sufficient evidence to find the deletion of contact information on the defendant's phone obstructive, it would be impossible to say whether the jury found her guilty of using the secret chat feature prior to August 2018 or of the deletion of contact information.

### B. The proffered conduct for Count Three is not included within the present charge, requiring dismissal.

In response to the defense's argument that Count Three is multiplicitous with Count Two, the government proffers their intent to prove the following conduct with regards to Count Three: that the defendant attempt to obstruct justice by "directing the UCE to…'unfollow' GIAMPIETRO's Telegram channel, delete any references to or photographs of GIAMPIETRO in any of the UCE's electronic devices, get rid of the UCE's cell phone, and get a new number…". Doc. 122 at 2. The defense agrees with the government that the conduct described in their Response, is not multiplicitous with Count Two, but it is also not what Count Three charges. Count Three charges a violation of § 1512(c)(1), but the conduct described is actually a violation of §1512 (b)(2)(B). Section 1512(b)(2)(B) prohibits those who "knowingly… corruptly persuades another person, or attempts to do so, with intent…to alter, destroy, mutilate or conceal an object with intent to impair the object's availability for use in an official proceeding."

Section 1512 was originally conceived as a witness tampering statute. Section 1512(b)(2)(B) prohibited the corrupt persuasion, or attempted persuasion, of another person to

3

destroy documents and did not apply to the document shredders themselves. Congress corrected this disparity in the Sarbanes-Oxley bill by adding a new section, § 1512(c), which uses the language of § 1512(b) to punish the actor who destroys documents himself. *See* Christopher R. Chase, *To Shred or Not to Shred: Document Retention Policies and Federal Obstruction of Justice Statutes*, 8 FORDHAM J. CORP. & FIN. L. 721, 729 (2003) at 741 ("[W]hat was seen as a technical distinction (punishing the persuader only) burdening prosecutors has now been lifted with the inclusion of language to prosecute the document destroyer himself.").

As such, § 1512(c)(1) deals with the actions of an individual who intends to destroy documents herself, not with those who direct or persuade another to destroy them. The *in pari materia* principle of statutory construction counsels against extending liability under § 1512(c)(1) to include the corrupt persuasion of another. *In pari materia* counsels that a court should interpret statutes *in pari materia* together, rather than in isolation, and cautions against construing statutes so as to render them wholly redundant. *See Branch v. Smith*, 538 U.S. 254, 281 (2003) (stating that "the most rudimentary rule of statutory construction" is that courts do not consider statutes *in pari materia* in isolation, "but in the context of the *corpus juris* of which they are a part" and interpreting statutory language to avoid surplusage); *Singer v. United States*, 323 U.S. 338, 344 (1945) ("[W]here another interpretation is wholly permissible, we would be reluctant to give a statute that construction which makes it wholly redundant."). Interpreting § 1512(c)(1) to encompass the alleged conduct would necessarily render § 1512(b)(2)(B) wholly redundant. Applying these rules to the present case makes clear that the proffered conduct by the government would necessarily be properly charged under § 1512(b)(2)(B).

Ordinarily, an error charging conduct under the wrong statute does not require the court to dismiss the indictment unless the defendant is misled thereby. *United States v. Garner*, 529 F.2d

4

962, 966 (6th Cir.1976). Fed. R. Crim. P. 7(c)(1)-(3) require that an indictment "shall state for each count the official or customary citation of the statute… which the defendant is alleged therein to have violated…" and that "error in the citation *or its omission* shall not be ground for dismissal of the indictment…if the error or omission did not mislead the defendant to the defendant's prejudice."  Charging the wrong statute here, requires dismissal because the broad language used in Count Three describes individual destruction rather than corrupt persuasion of another. This language does not put the defendant on notice of the actual conduct the government intends to prove. Nor does the language describe the conduct with sufficient particularity to put the defendant on notice of alleged corrupt persuasion of another. The reference to a cell phone puts the defendant on notice that she, herself, destroyed a cell phone, not that she corruptly tried to persuade another to do so. Likewise, the reference to deletion, or attempted deletion, of accounts puts the defendant on notice that she, herself, attempted to destroy accounts. As explained in the Defendant's initial motion to dismiss Count Three for multiplicity, these actions would be multiplicitous to Count Two. Doc. 112 at 10-13. The government's now proffered actions are not multiplictous, but the defendant cannot be said to have fair notice of them based on the current charge. Additionally, because the count does not describe the defendant's conduct in any detail, a court cannot conclude that a grand jury actually indicted the defendant on the theory now proffered by the government.

## C.  Conclusion

For these reasons, the defendant urges that the Court dismiss Count Three. Ordinarily, such a dismissal would be without prejudice, however, for the reasons set forth above, the dismissal should be with prejudice because the government also cannot establish a nexus for the conduct described. *See* Def's Motion to Dismiss as Void for Vagueness As-Applied and Absence of a Nexus. Doc. 113.

5

Respectfully submitted this 17th day of July, 2020.

By: /s/ *Charles D. Swift*
Charles D. Swift,
*Pro Hac Vice* Attorney for Giampietro
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2020, I electronically filed the foregoing Reply to the Government's Response to Defendant's Motion to Dismiss Count Three as Duplicitous and/or Multiplicitous, or in the Alternative Amend Count Three (Doc. 122) with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /s/ Charles Swift
Charles D. Swift
*Pro Hac Vice* Attorney for Giampietro
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081