IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 2:19-cr-00013 |
| v. ) | |
| ) | Chief Judge Crenshaw |
| ) | |
| GEORGIANNA A.M. GIAMPIETRO ) | |

## GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE REGARDING 404(b) EVIDENCE

The United States, through the United States Attorney for the Middle District of Tennessee, and the Counterterrorism Section of the National Security Division, U.S. Department of Justice, respectfully files this Reply to defendant Georgianna A.M. GIAMPIETRO's "Response to Government's Notice Regarding 404(b) Evidence and Memorandum of Law." (Doc. 166.) GIAMPIETRO's Response is untimely and legally unsupported. GIAMPIETRO's Response also purports to advance several arguments regarding positions she plans to take in this case, but which may not be advanced in the context of a Response to a government Notice regarding 404(b) evidence and must instead be advanced by separate motion, if at all.

In its Scheduling Order, the Court directed the government to "give notice to the Defendant of its intent to use at trial evidence under Federal Rule of Evidence 404(b)(2) sufficiently in advance of trial so as to afford Defendant the opportunity to file a motion in limine regarding the same, if necessary." (Doc. 89 at 1). The Court's Scheduling Order also provided that "Federal Rule of Evidence 404 motions to admit or exclude shall be filed by June 5, 2020." (*Id.* at 1-2.)

On May 22, 2020—two weeks before the Court's deadline for filing Rule 404(b)

1

motions—the government filed a Notice Regarding 404(b) Evidence. (Doc. 102.) In that Notice, the government explained that it intends to introduce a substantial amount of evidence at trial which, although it relates to conduct which predates the approximate dates of the specific offenses alleged in Counts One, Two, and Three of the Superseding Indictment, is nevertheless intrinsic to those offenses and is therefore admissible as evidence of those offenses. The government explained further that this evidence is additionally, or alternatively, admissible for various purposes under Rule 404(b)(2) or for other purposes, as outlined in the Notice.

GIAMPIETRO filed no motions to exclude 404(b) evidence by the Court's deadline of June 5, 2020. Instead, one week after the deadline had passed, on June 12, 2020, GIAMPIETRO filed a "Response" to the government's Notice. That Response contained requests that the Court exclude nearly all of the evidence referenced in the government's Notice as inadmissible Rule 404(b) evidence, and excludable in any event under Federal Rule of Evidence 403. (*See* Doc. 116.) GIAMPIETRO's Response was therefore an untimely motion to exclude evidence under Rule 404(b), and should be rejected on that basis alone. Alternatively, the government requests that this Court treats GIAMPIETRO's Response as a motion to exclude the evidence identified in the government's Notice as impermissible 404(b) evidence, and permit the government an opportunity to respond to the arguments GIAMPIETRO raised in that Response.

In an effort to address those arguments in a comprehensive way, and indeed in order to aid this Court in its consideration of those arguments, the government attempted to file an oversize reply with supporting attachments on July 17, 2020. (*See* Docs. 135, 136.) The government filed this oversize reply while the government's motion for leave to file an oversize reply was pending. The Court denied the government's motion for leave to file an oversize reply, and also ordered

2

that the government's reply be stricken from the record, given (in part) that the government filed its oversize reply before the Court ruled on the government's motion to file that reply. (*See* Doc. 137.) But litigants before this Court routinely file motions for leave to file oversize briefs contemporaneously with the filing of those briefs, in part so that the Court can determine whether granting such requests would be appropriate. Litigants likewise file sealed documents contemporaneously with motions for leave to seal such documents, again in part so that the Court can determine whether sealing such documents would be appropriate.[1] That is why the government filed its motion for leave to file an oversize reply contemporaneously with its filing of the oversize reply itself, not because it made any assumptions about whether that request would be granted. It is apparent from the face of that oversize reply, moreover, that the only reason that the government found it necessary to prepare such a lengthy filing was because of the nature of GIAMPIETRO's Response.

In any event, it is clear that GIAMPIETRO has used the government's filing of the Notice—which was intended only as a document reflecting the government's view that a substantial body of evidence the government intends to introduce at trial is *not* Rule 404(b) evidence—as an opportunity to file what amounts to an untimely motion to exclude nearly all of that evidence. Ordinarily, the government would have at least 25 pages to respond to such a motion. Instead, the government has only 5 pages in a reply. That is plainly insufficient, given the length of GIAMPIETRO's "Response" and the panoply of arguments she advances in it.

WHEREFORE, the government respectfully requests that the Court treat

---

[1] Indeed, the government has previously done so in this case. *See*, *e.g.*, Docs. 39, 40.

3

GIAMPIETRO's "Response" as an untimely motion to exclude evidence under Rule 404(b), and reject it. Alternatively, the government requests that the Court permit the government an opportunity to respond to the arguments GIAMPIETRO raised in that "Response," given that the manner in which these issues have been developed in the record have deprived the government of a meaningful opportunity to do so.

        Respectfully submitted,

        DONALD Q. COCHRAN
        United States Attorney
        Middle District of Tennessee

By:    *s/Ben Schrader*
      BEN SCHRADER
      Assistant U.S. Attorney
      110th Avenue South, A96l
      Nashville, Tennessee 37203
      Phone: (615) 736-5151

By:    *s/Philip Wehby*
      PHILIP WEHBY
      Assistant U.S. Attorney
      110th Avenue South, A96l
      Nashville, Tennessee 37203
      Phone: (615) 736-5151

By:    *s/Jennifer Levy*
      JENNIFER LEVY
      Trial Attorney
      Counterterrorism Section
      U.S. Department of Justice
      950 Pennsylvania Avenue, N.W., Suite 7600
      Washington, D.C. 20530
      Phone: (202) 514-1092

Dated:    July 17, 2020

4

Case 2:19-cr-00013   Document 138   Filed 07/17/20   Page 4 of 5 PageID #: 1427

## CERTIFICATE OF SERVICE

  I hereby certify that on July 17, 2020 I electronically filed one copy of the government's Reply to Defendant's Response to Notice Regarding 404(b) Evidence via the CM/ECF electronic filing system, which will send a Notice of Electronic Filing to counsel for defendant.

                *s/Ben Schrader*
                BEN SCHRADER
                Assistant U.S. Attorney
                110th Avenue South, A96l
                Nashville, Tennessee 37203
                Phone: (615) 736-5151