# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:19-cr-00013 |
| | ) | |
| **GEORGIANNA A.M. GIAMPIETRO** | ) | |

## ORDER

Now that the Government has filed a "Reply to Response to Government's Notice Regarding 404(b) Evidence" (Doc. No. 138) conforming with the page limits in the Local Rules, the Court enters this Order to address two points. One has to do with the Government's request for leave to file an oversize brief and the Court's response thereto. The other relates to Giampietro's "Response to Government's Notice Regarding 404(b) Evidence" (Doc. No. 116).

First, in its Reply, the Government takes the opportunity to "educate" the Court about the standard practice in its own Court. That the Government believes it has the authority to "educate" the Court about practice standards in the Middle District of Tennessee is at a minimum peculiar[1]. More over, it is not the province of the Government to "educate" this or any other Court of the standards of practice. This is because the Court exclusively has the responsibility to improve the standards of practice so that it promotes the administration of justice and a standard practice only becomes so with the Court's blessing. What the Government fails to appreciate is that practice standards change over time so what once was acceptable is no longer appropriate. The Government, like other litigants, must adjust. In its reply, the Government observes that "litigants before this Court routinely file motions for leave to file oversize briefs contemporaneously with the filing of

---

[1] Would it so inform the likes of Judges Thomas A. Whiseman, John T. Nixon, Thomas A. Higgins, Robert L. Echols, William J. Haynes, or Aleta A. Trauger? This is a rhetorical question because the answer is undoubltedly "no."

those briefs, in part so that the Court can determine whether granting such requests would be appropriate." (Id. at 3). This is generally correct: the proposed oversized document is usually filed as an attachment. Alternatively, and at a minimum, the size of the proposed brief is identified in the motion for leave to file. Either way, the Court gets some sense of the need for an oversized brief.

That is not what occurred here, however. Instead, the Government filed a Motion for Leave to File Oversized Reply (Doc. No. 135) that did not attach the proposed reply, or even suggest how long that brief might be. Instead, the motion merely stated that, "[i]n order to address the panoply of arguments Giampietro has raised in her Response in a comprehensive way, it is necessary for the government to file a reply that exceeds five pages," and requested that the Government be allowed to file a reply "that exceeds five pages." (Id. at 2). Nowhere did the Government disclose that it intended to file a brief that was 50+ pages long, even though it had to have known the approximate size because the actual brief was filed without permission less than a half hour later. Nowhere did the Government suggest that it was intending to file a reply brief that exceed the page limit by a factor of ten. It was only when the brief was subsequently filed that the Court learned of its enormity. Under any view of the local practice, this is not routine or proper.

Second, the Court agrees with the Government that Giampietro's "Response to Government's Rule 404(b) Evidence" (Doc. No. 116) is more properly characterized as a motion in limine. This is best evidenced in the very first paragraph of the response wherein Giampeitro argues:

> The government seeks to admit at trial documents containing allegations and suggestions of uncharged acts and speech that serves little, if any, probative value. These documents are not relevant to the charged offenses, are not admissible under Rule 404(b), and should be excluded as more prejudicial than probative under Federal Rule of Evidence 403 and 404(a) and (b). For these reasons, as set forth below, the Court should exclude the government's 404(b) evidence.

2

(Id. at 1). Giampietro's filing of a response, instead of a motion, effectively hamstrung the Government because it was limited to filing a 5-page reply, instead of a 25-page response.

The deadline for filing motions in limine was June 5, 2020, but Giampietro's response was not filed until June 12, 2020, a week later. It does not follow, however, that the Government's Rule 404(b) evidence should be admitted *en masse* at trial as a matter of default.

Rule 404(b) provides, in relevant part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Fed. R. Evid. 404(b). Admissibility under Rule 404(b), in turn, is determined utilizing a three-step process:

> "First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect."

United States v. Yu Qin, 688 F.3d 257, 261–62 (6th Cir. 2012) (quoting, United States v. Jenkins. 345 F.3d 928, 936 (6th Cir. 2003)).

Even considering "[a] trial judge is accorded broad discretion in determining the admissibility of bad acts evidence under Rule 404(b)," id., the Court finds that exercising that discretion in this case is best served by having input in the proper format from both Giampietro and the Government. Moreover, the Federal Rules of Evidence are to "be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R.

3

Evid. 102. Accordingly, the Court will extend the deadline for the filing of a motion in limine solely as it relates to the Government's Notice regarding the 404(b) evidence that it wants to introduce at trial.

On or before August 3, 2020, Giampietro shall file a motion in limine and memorandum of law (not to exceed 25 pages) if she seeks to preclude evidence at trial based upon the Government Notice Regarding Rule 404(b) Evidence (Doc. No. 102). The Government will have until August 17, 2020 within which to file a response (also limited to 25 pages). Any reply (limited to 5 pages) shall be filed by August 24, 2020. Once the issues have been properly briefed, the Court will consider setting the matter for a hearing.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE