IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cr-00013 |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | Chief Judge Waverly D. Crenshaw, Jr. |
|     Defendant. | ) | Magistrate Judge Alistair E. Newbern |

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION IN LIMINE

The government's argument that the defendant's statements and other evidence prior to the charged period, are intrinsic to the charged conduct, is in error because the statements are not directly related to the defendant's charged conduct. Likewise, they are impermissible under Federal Rule of Evidence 404(b) because her motive is not relevant to the elements of 18 U.S.C 2339B(a)(1). Further, even if this evidence was marginally admissible under Rule 404(b) the Court should nevertheless exclude the defendant's political and religious statements and conduct prior to the charged period under Rule 403, because the probative value of such evidence outweighs the prejudicial effect, and constitutes protected speech.

### A. The disputed evidence is not intrinsic to the charged offense.

The government argues that the defendant's statements and online conduct[1] are admissible because they are a prelude to her charged conduct and are probative of her motive and intent to provide support to HTS. The flaw in the government's argument is that the prior statements and other evidence are not directly related to the alleged material support in the form of provision of Individual A's contact

---

[1] The defendant's online advocacy of Muslim terror groups posted to social media in 2015, her statements online between 2017 and 2018 showing knowledge of and approval of foreign fighters, her dissemination of radical Islamic teachings via Telegram between 2016 and 2018, her statements regarding Jihadi John and the Pulse nightclub attacks, as well as photographs on her phone of dead bodies, and explosive devices and other disputed speech conduct.

information. Outside of the charged period, the defendant did not have any contact with Individual A or comment about him or his organization. As such the statements are extrinsic to the charged conduct.

### B. The defendant's statements, photographs, and study are not admissible under 404(b) because they do not show a pattern of conduct.

The underlying principle of Rule 404(b) is that past bad acts are admissible where they are sufficiently reliable to show a "continuing pattern of illegal activity". *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). The problem for the government here is that no reliable pattern can be shown by this extrinsic evidence because the defendant later, during the charged period, repudiated many of the statements and beliefs that the government seeks to admit. [2] None of the evidence relates to Individual A or the charged conduct and thus is inadmissible character evidence.

### C. Inflammatory evidence of the defendant's earlier conduct is excludable under Rule 403

Against this weak backdrop, the government's arguments regarding the probative value of the disputed evidence are also in error because the evidence does not make any element of the charged offense more likely, and unfairly seeks to admit highly prejudicial and inflammatory evidence.

Evidence that is otherwise relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Some factors that may assist a court in balancing the prejudice include the following: the similarity between the prior acts and the acts charged, the proximity in time of the prior acts to the acts charged, the frequency of the prior acts, the presence or absence of intervening circumstances, the reliability of the evidence of the prior acts, and the necessity of the evidence beyond the other evidence at trial. *See United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007); *United States v. Hawpetoss*, 478 F.3d 820, 825 (7th Cir. 2007). As discussed above, the evidence is unreliable and has been intervened

---

[2] *See* Exhibit A, an example of statements by the defendant repudiating her earlier statements in support of different terrorist organizations.

2

by subsequent statements that contradict her previous advocacy of HTS and ISIS. The evidence is also unnecessary as it does not prove any element of the charged offense.

The mental state necessary to violate § 2339B, requires knowledge of the foreign group's designation as a terrorist organization or the group's commission of terrorist acts. § 2339B(a)(1). Congress plainly spoke to the necessary mental state for a violation of § 2339B, and it chose knowledge about the organization's connection to terrorism, not specific intent to further the organization's terrorist activities. Thus, the government's argument that any of the disputed evidence is necessary to prove the intent element is in error.

Prior bad acts evidence is potentially prejudicial because it can be inflammatory and distracting. Such evidence is inadmissible where "[a]ny jury will be more alarmed and disgusted by the prior acts than the actual charged conduct. As a consequence, the jury is likely to pay undue attention to it . . . [and] there is strong possibility that the jury will be improperly distracted from the primary evidence at hand." *United States v. Stout*, 2006 U.S. Dist. LEXIS 74828, at *4 (W.D. Ky. Oct. 12, 2006). Here there is certain danger that the defendant might be convicted, not for the charged offense, but for her prior statements approving of terrorist groups and their actions.

The defendant's statements and posts on social media involve terrorist organizations and themes that invoke strong emotional reactions among all Americans. Terrorism, ISIS, jihadi fighters, dead bodies, and similar topics of the defendant's online conduct do not prove any element of the charged offense and would result in distracting disgust and alarm unrelated to the charged conduct.

"Another factor in the Rule 403 balancing is the availability of other means of proof, which would reduce the need for the potentially confusing evidence." *United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997) (citing *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996)). Here, the defendant's intent, motive and knowledge could be proved in a less prejudicial manner through other means of proof.

3

Case 2:19-cr-00013   Document 146   Filed 08/24/20   Page 3 of 6 PageID #: 1961

The government is required to prove that the defendant produced Individual A's contact information to UCE-1 with knowledge of UCE-1 and UCE-2's intention to travel to join HTS and with knowledge of HTS's foreign terrorist organization designation. The defendant stated this knowledge explicitly to FBI agents in her interview on October 25, 2018. The multiple conversations the defendant had with UCE-1 regarding UCE-1 and UCE-2's travel can also be used to show her knowledge and intent in providing Individual A's contact information. The defendant's conversations with Individual A and B during the charged period, which the government has laid out in detail, can be used to show the defendant's knowledge and intent. Further, the defendant's conversations with UCE-1 throughout the charged period can be used to show her knowledge and intent and lack of mistake. Because the availability of alternative evidence here is substantial, the limited probative value of this inflammatory evidence is outweighed by the highly prejudicial effect it would have.

### D. The evidence constitutes protected speech.

The government argues that this evidence does not constitute "protected speech". This argument is erroneous and attempts to conflate the defendant's protected advocacy speech with criminal speech that constitutes material support.

18 U.S.C.§ 2339B regulates speech on the basis of its content. Whether a defendant's speech to a terrorist organization is a violation of § 2339B depends on what they say. If a defendant's speech to a terrorist organization "imparts a 'specific skill' or communicates advice derived from 'specialized knowledge'--for example, training on the use of international law or advice on petitioning the United Nations--then it is barred…On the other hand, [defendant's] speech is not barred if it imparts only general or unspecialized knowledge…" *Holder v. Humanitarian Law Project*, 561 U.S. 1, 27 (2010). Congress, therefore, has not sought to suppress ideas or opinions in the form of "pure political speech." Instead, Congress has prohibited "material support," which most often does not take the form of speech at all. Most importantly, Congress has avoided any restriction on independent advocacy, or indeed any

4

activities not directed to, coordinated with, or controlled by foreign terrorist groups. *Holder v. Humanitarian Law Project*, 561 U.S. 1 at 6.

Here the government is incorrectly arguing that the defendant's purely political speech and advocacy is criminal because it itself is a violation of § 2339B. This is an intentional misstatement of the law and none of the defendant's online activity (except for her provision of Individual A's contact information to UCE-1) is charged in Count One. The government cites *Wisconsin v. Mitchell*, 508 U.S. 476, 489-90 (1993), for the authority that the First Amendment does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent. However, as explained above, none of the inflammatory advocacy speech goes towards any elements of the charged offense and is not relevant to the factual issue of whether the defendant provided Individual A's contact information to UCE-1 while knowing that HTS was a designated foreign terrorist organization.

The government also heavily relies on *United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012) to argue that the defendant's speech conduct is admissible under the First Amendment. In *Amawi*, the defendants were convicted of a conspiracy based on an agreement to cooperate in the commission of a crime. There, the Court found that "[f]orming an agreement to engage in criminal activities—in contrast with simply talking about religious or political beliefs—is not protected speech…" and that "…juries can consider speech as evidence in a conspiracy." *United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012). Here, the defendant is not charged with a conspiracy, nor is the evidence the government seeks to admit part of any agreement.[3]

For the reasons above, the defendant respectfully requests that this Court exclude the disputed categories of evidence under Rule 404(b), Rule 403 and the First Amendment.

---

[3] This critical distinction also distinguishes *United States v. Kaziu* 559 F. App'x 32 (2d Cir. 2014)*,* where evidence of the defendant's political beliefs was only admissible because it was introduced to prove the *mens rea* element of his conspiracy charge, the agreement with his co-conspirators.

5

Respectfully submitted this 24th day of August, 2020.

By: /s/ *Charles Swift*
Charles D. Swift,
Pro Hac Vice Attorney for Giampietro
CLCMA
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
(972) 914-2507

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August, 2020, I electronically filed the foregoing Reply to the Government's Response to Motion in Limine with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /s/ Charles Swift
Charles D. Swift, Pro Hac
Vice Attorney for Giampietro
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081

6

Case 2:19-cr-00013   Document 146   Filed 08/24/20   Page 6 of 6 PageID #: 1964