IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cr-00013 |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | Chief Judge Waverly D. Crenshaw, Jr. |
| Defendant. | ) | Magistrate Judge Alistair E. Newbern |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION IN LIMINE**

To establish an attempt under 18 U.S.C. § 2339B(a)(1), the government must prove four elements: (1) Defendant intended to commit the crime of providing material support or resources to HTS; (2) she intended to provide UCE-2 and UCE-3 as personnel to work under HTS' direction and control; (3) she knew HTS was a designated foreign terrorist organization (FTO) or had engaged in terrorist activity; and (4) she did some overt act which was a substantial step[1] toward committing the crime. *See United States v. Wesley*, 417 F.3d 612, 618 (6th Cir. 2005). Defendant maintains that the provision of Individual A's contact information to UCE-2 constitutes mere preparation for travel and was not a substantial step.

**A. The Western Union Transfers[2] are Inadmissible.**

Defendant's unrelated Western Union transfers, contrary to the government's claims, are not intrinsic to the charged offense because they represent a separate theory of liability rather than a continuous course of criminal conduct. The transfers are not related to travel or providing of services and were made independent of the defendant's interactions with the undercover.[3]

---

[1] A substantial step must consist of "objective acts that mark the defendant's conduct as criminal in nature." *Wesley*, 417 F.3d at 618-19. "A substantial step must be something more than mere preparation." *United States v. Bailey*, 228 F.3d 637, 640 (6th Cir. 2000).

[2] Category 4 of Defendant's Motion in Limine.

[3] The government clarified, as stated in the Superceding Indictment, that the only conduct alleged to constitute the provision of material support (in the form of personnel and services) to HTS was

1

As the Court is aware, although the government represented in 2019 that it intended to issue a Superceding Indictment charging the transfers made to individuals in Turkey via Western Union as material support, it never did. It is reasonable to conclude that the government chose not to charge these transfers as the provision of material support because there is no evidence linking the individuals to any FTO. Instead, the evidence shows only that Defendant visited a social media page for a charity aimed at raising money for "the mujahideen" the day after she sent a transfer to a different individual in Turkey. Although the government can show that Defendant made transfers of $150, $200, and $500 to Muhammad Muhammad, Omar Ali, and Ahmet Hayek respectively, it has not identified these men, much less tied them to HTS or any other FTO.

1. **Evidence of the transfers is not admissible under Rule 404(b) because it is insufficient to show that Defendant provided support to FTOs, is not substantially similar to the charge offense, and its unfair prejudice to Defendant outweighs any probative value.**

Before admitting evidence under Rule 404(b), the court must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in Rule 404(b); and even if the first two requirements are met, it must then (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or other concerns embodied in Rule 403. *United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010). The Court must also make a specific finding of relevancy before engaging in Rule 403 balancing. *See United States v. Link*, Nos. 98-1305, 98-1747, 1999 U.S. App. LEXIS 24310, at *8 (6th Cir. Sep. 27, 1999).

---

Defendant's provision of Individual A's contact information to UCE-2 to facilitate their travel to Syria. Defendant admits that she knew HTS was an FTO. Defendant instead asserts that this conduct is insufficient to constitute a violation of 18 U.S.C. § 2339B.

***Prong 1: The Preliminary Finding.*** Here, the government claims that it seeks to admit evidence of the Western Union transfers to show that Defendant intended to and provided money to Islamic terror organizations in June 2018. However, the government provides no evidence for this Court to make the requisite preliminary finding that any of the three transfers were provided to any person or organization aside from Muhammad Muhammad, Omar Ali, and Ahmed Hayek. Thus, the government fails first prong for admissibility.

***Prong 2: The Probative Value.*** The government argues that under the second prong, Defendant's transfers are admissible because they are probative of intent and serve as a prelude to the offense. But Defendant is charged with providing personnel and services—not money—to HTS. In *United States v. Yu Qin*, the government proffered evidence that one defendant stole electrical parts, information, and time from another employer, which allegedly was probative of the defendants' specific intent to steal trade secrets from a different company. 688 F.3d 257, 263 (6th Cir. 2012). The Court, however, held that such unrelated evidence was not probative of the defendant's criminal intent because it was "not substantially similar to the charged offenses." *Id*. Here, Defendant's earlier financial transfers to individuals in Turkey are not substantially similar to the charged offense of providing contact information to UCE-2 to facilitate with travel. As a result, like the evidence in *Yu Qin*, they are not probative of intent, do not serve as a prelude, and are inadmissible under Rule 404(b).

***Prong 3: The Balancing Test.*** Finally, the government fails the third prong—balancing the evidence's probative value against the risk of unfair prejudice under Rule 403. The limited, if any, probative value of the government's separate and distinct theory of guilt related to the uncharged financial transfers is also significantly outweighed by the danger of unfair prejudice to Defendant. In *Yu Qin*, the Sixth Circuit affirmed that in addition to lacking probative value under the second prong, the proffered 404(b) evidence would be highly prejudicial to the defendants and,

3

Case 2:19-cr-00013   Document 171   Filed 03/08/21   Page 3 of 6 PageID #: 2205

thus, was inadmissible under Federal Rule of Evidence 403. *Id*. at 264. The Court explained that the risk of undue delay that would result from a "trial within a trial" was "substantial enough that it [was] likely sufficient in itself to justify exclusion of the evidence under Rule 403." *Id*. And "[i]n addition to lengthening the time needed for trial, presentation of the proffered evidence carrie[d] with it a high risk of confusing and/or misleading the jury." *Id.*

   **2. The transfers are not admissible as *res gestae* evidence because they are not inextricably intertwined with or probative of the charged offense of material support by provision of personnel and services.**

The Sixth Circuit has recognized a limited exception to Rule 404(b) "for *res gestae* evidence where the evidence consis[ts] of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Brown*, 888 F.3d 829, 836 (6th Cir. 2018) (internal quotations and citations omitted). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.* (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).

Significantly, however, the Sixth Circuit has warned that the exception is not "an open ended basis to admit any and all other act evidence the proponent wishes to introduce." *Id.* at 837. Instead, to establish admissibility, the proponent must show a "'close connection between the charged offense and the proffered background evidence.'" *Id.* (quoting *Hardy*, 228 F.3d at 748). For the reasons discussed *supra* Section A. 1, the financial transfers do not satisfy the inextricably intertwined requirement.

### B. Defendant's Prior Speech Activities[4] Do Not Represent Her Opinions During the Charged Period and any Probative Value is Significantly Outweighed by Their Prejudice.

Defendant intends to stipulate to knowledge that HTS was a terrorist organization, which is an adequate alternative to admitting highly prejudicial and inflammatory photographs and statements that are arguably First Amendment protected speech activities. "[W]hat counts as the Rule 403 "probative value' of an item of evidence . . . may be calculated by comparing evidentiary alternatives." *Old Chief v. United States,* 519 U.S. 172, 184 (1997). Rule 403 "permits a judge to consider both Defendant's willingness to stipulate and the potential for prejudice [in later phases] in conducting the requisite [Rule 403] balancing." *United States v. Pepin,* 514 F.3d 193, 206-07 (2d Cir. 2008). In *Pepin*, the Court found that defendants offered an adequate evidentiary alternative at trial -- to stipulate to their knowledge of Hamas's terrorist activities, which would avoid the considerable prejudicial effect of other evidence. *See also United States v. Al-Moayad*, 545 F.3d 139, 160-61 (2d Cir. 2008). Here, Defendant's stipulation to knowledge of HTS's FTO designation and terrorist activities is a similar adequate alternative to admitting photographs that will likely inflame the jury and prejudice Defendant.

Moreover, the photographs depicting battlefield violence are not only unrelated to the charged offense of providing Individual A's contact information to UCE-2, they fail the balancing test under Rule 403 because the bulk of the photographs on Defendant's phone are from news sites documenting the atrocities in Syria, and news social media channels on applications that automatically download photographs that were opened onto the phone.[5] For these reasons and those stated in the Motion in Limine, the government's proposed evidence should be excluded.

---

[4] Categories 1, 2, and 3 of Defendant's Motion in Limine.

[5] *See How to stop saving WhatsApp media to your phone's gallery*, WHATSAPP, https://faq.whatsapp.com/android/how-to-stop-saving-whatsapp-media-to-your-phones-gallery (last visited Mar. 8, 2021) ("When you download a media file, it'll automatically be saved to your phone's gallery. The Media visibility option is turned on by default.").

Respectfully submitted this 8th day of March, 2021,

By: /s/ Charles Swift<br>
Charles D. Swift,<br>
Pro Hac Attorney for Giampietro<br>
Constitutional Law Center for<br>
Muslims in America<br>
833 E. Arapaho Rd., Suite 102<br>
Richardson, TX 75081<br>
(972) 914-2507

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March, 2021, I electronically filed the foregoing Reply to the Government's Response to Defendant's Motion In Liminie with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /s/ Charles Swift<br>
Charles D. Swift<br>
<i>Pro Hac Vice</i> Attorney for Giampietro<br>
833 E. Arapaho Rd., Suite 102<br>
Richardson, TX 75081

6

Case 2:19-cr-00013  Document 171  Filed 03/08/21  Page 6 of 6 PageID #: 2208