UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No.  2:19-cr-00013 |
| v. ) | |
| ) | Chief Judge Crenshaw |
| ) | |
| GEORGIANNA A.M. GIAMPIETRO ) | |

**NOTICE OF STATUS OF CONSULTATIONS**

Pursuant to the Court's direction to the parties on June 17, 2021, counsel for the government and for the defendant have met and consulted as to the government's motion for a protective order relating to undercover government witnesses expected to testify at trial. The parties are continuing to consult about certain aspects of protection sought by the government for its undercover witnesses. As a result of these consultations, the parties are prepared to outline certain areas of agreement and disagreement at this time, in response to the Court's Order to file a notice, by July 2, 2021, concerning the extent to which the parties have reached an agreement on the terms of a protective order. Insofar as there are members of the prosecution team who are currently on leave, and not scheduled to return until July 6, 2021, the government respectfully requests that the parties be permitted to submit an amended notice to the Court by July 9, 2021, providing the Court with additional information concerning areas of agreement or disagreement addressed in this Notice.

Areas of Agreement

1. The parties agree that no questions will be asked of undercover government witnesses designed to elicit any identifying information about these witnesses. There will be no

1

questioning about their true names, addresses, dates of birth or any other personal information that would tend to identify them. The parties were unable to agree as to the manner in which these witnesses will initially identify themselves for the record as they take the stand, as further addressed below. The parties agree, however, that after their initial identification as witnesses, these witnesses will then identify the moniker used with the defendant in this investigation and then continue testimony using that moniker.

2. The parties agree that no questions will be asked of undercover witnesses concerning any other online monikers or personas used in other investigations.

3. The parties agree, with a noted exception regarding two specific areas of testimony that will be addressed in an amended filing referenced above, that no questions will be asked of undercover witnesses concerning their participation in other past investigations or undercover operations. Should the defendant deem such an inquiry is relevant and necessary, defense counsel will address the issue outside the presence of the jury before attempting to probe any such areas.

4. The parties agree that no questions will be asked of undercover witnesses designed to elicit information about the FBI's Undercover programs. Should the defendant deem such an inquiry becomes relevant and necessary, defense counsel will address the issue outside the presence of the jury before attempting to probe any such areas.

5. The parties agree that no recordings of the voices of undercover witnesses should be allowed, except in the official court record.

6. The parties agree that no non-official recording devices should be allowed in the courtroom during the testimony of undercover witnesses.

7. The parties agree that there will be no public disclosure of any audio or video recording

or similar reproduction of vocal or visual images of undercover employees while they are testifying.

8. The parties agree that the facial appearances of the undercover witnesses shall be protected from being revealed to the public.

9. The parties agree that no courtroom sketches shall be allowed of the undercover witnesses.

10. The parties agree that the undercover witnesses should be permitted to use a non-public entrance and exit to the courthouse and to the courtroom.

Areas of Disagreement

1. The parties were unable to agree to the manner in which the undercover witnesses will initially identify themselves when they take the stand to testify. The defense proposed that these witnesses identify themselves using an alias. The government was unable to agree to this proposal, offering as an alternative that the witnesses identify themselves using certain initials rather than a full alias name. The defense would not agree to this alternative. This issue remains outstanding.

2. The parties were unable to agree to the government's request to preclude questioning of the undercover witnesses concerning pending investigations or undercover operations, as noted in paragraph 3 above.

3. The parties were unable to agree to the government's request that the undercover witnesses appear before the court to testify in light disguise. The parties were also unable to agree to the government's request that the appearance of undercover witnesses be obscured in any video or photographic evidence introduced at trial. It is the position of the defense that the undercover witness should testify in court appearing the same as the

witness is depicted in video or photographic evidence. In this case, the undercover witness principally appeared on video wearing a hijab that covered the witness's head but left the witness's face exposed. The defense does not insist that the undercover witness testify wearing a similar hijab, but would not object to the undercover witness testifying before the jury wearing the same clothing, including the hijab.

4. The defense does not agree to obscuring the facial features of the undercover witness in any video or photographic evidence, as requested by the government, because, in the view of the defense, this would indicate to the jury that there is a reason to protect the identity of the witness.

5. As an alternative, the defense suggested partial closing of the court to protect the undercover identities from public disclosure. The government was initially unable to agree to this suggestion because the current policy of the Department of Justice is not to seek partial closure of public court proceedings. In subsequent discussions, the government agreed to explore seeking permission from the requisite Department of Justice authorities to close court proceedings to the public during the testimony of undercover witnesses, based on the defense suggestion to do so and assuming that the Court would agree to do so.

4

Case 2:19-cr-00013   Document 191   Filed 07/02/21   Page 4 of 6 PageID #: 2298

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney
Middle District of Tennessee


By: */s/ Philip H. Wehby*
PHILIP H. WEHBY
Assistant U.S. Attorney
110th Avenue South, A961
Nashville, TN 37203
Phone: (615) 736-5151



*/s/ Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 514-1092

Approved for Entry:
*/s/ Charles D. Swift*
CHARLES D. SWIFT
Pro Hac Vice Attorney for Georgiana Giampietro
Constitutional Law Center for Muslims in America
833 E. Arapaho Road, Suite 102
Richardson, TX 75081
Phone: (972) 914-2504

5