IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No.  2:19-cr-00013 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

## UNITED STATES' MOTION FOR LEAVE TO FILE *PRELIMINARY* WITNESS LIST UNDER SEAL AND EX PARTE

The United States of America, through Mary Jane Stewart, Acting United States Attorney for the Middle District of Tennessee, by and through Assistant United States Attorneys Kathryn Risinger and Philip Wehby, and the Chief of the Counterterrorism Section of the National Security Division, United States Department of Justice, by and through Trial Attorney Jennifer E. Levy, hereby files this Motion to File *Preliminary* Witness List Under Seal and *Ex Parte*. In support thereof, the Government states as follows:

1. On April 16, 2021, the Court issued an Order, setting forth certain trial deadlines in this case. (D.E. 173.) According to that Order, trial was scheduled for September 14, 2021, and ordered the parties to file their respective witness lists, with a short summary of the expected testimony, on August 18, 2021. (*Id*.) Subsequently, on June 17, 2021, the Court issued a separate Order, asking the parties to "file a [sic] preliminary witness lists by August 4, 2021[, two weeks prior to the date on which the final witness list is due]. For each identified witness, a sufficient description of their testimony shall be provided that covers the topics on which they intend to testify so that the Court will be in a better position to understand the anticipated evidence and estimate the required length of the trial." (D.E. 187.) Then, on July 29, 2021, the Court rescheduled the trial date to September 20, 2021, one week later.

2. The Government has prepared a *Preliminary* Witness List that is responsive to the Court's Order (D.E. 187). However, at this point, we are still approximately seven weeks from trial, and as a result, the Government is still identifying witnesses and determining which witnesses will testify to certain topics. The Court requested this information early so that the Court "will be in a better position to understand the anticipated evidence and estimate the required length of the trial." (D.E. 187.) In its current form, with the short summary of expected testimony for each witness, the Government's *Preliminary* Witness List essentially provides a detailed roadmap to the Government's case, not only to the Court, but also to the defense, something not required by the Federal Rules of Criminal Procedure or case law. The Government therefore requests permission to file the *Preliminary* Witness List *ex parte* and under seal, mindful that the final Witness List will be publicly filed on August 18, 2021, which is approximately five weeks before trial actually begins.

3. As a general rule, the Government has no obligation "to disclose [to the defense] all the minutia of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present." *United States v. Anderson*, 481 F.2d 685, 694 (4th Cir. 1973) (quoting *United States v. Fioravanti*, 412 F.2d 407, 411 (3d Cir. 1969)). As one court has noted, the United States has "no obligation to produce an outline of the evidence it will offer at trial," *United States v. Beech*, 307 F.R.D. 437, 441 (W.D. Pa. 2015), and "there is no authority to support a defendants' request for the specifics of each government witness' proposed testimony." *Id.* (citing *Fioravanti*, 412 F.2d at 410)). Indeed, defendants are not entitled to obtain a list of government witnesses through discovery, *United States v. Wilson*, 2016 WL 3647327, at *10 (D.N.J. July 6, 2016), nor are defendants entitled to conduct a wholesale review of the United States' investigation. *United States v. Johnson*, 218 F. Supp. 3d 454, 458 (W.D. Pa. 2016) (citing *Weatherford v. Bursey*, 429

U.S. 545, 559). Because we are still approximately seven weeks before the start of trial, the Government seeks to delay disclosure of this information to the defense. The Government would not object to the defendant likewise filing her *Preliminary* Witness List *ex parte* and under seal.

4. Filing the *Preliminary* Witness List *ex parte* and under seal will not prejudice the defendant. Indeed, on August 18, 2021, in accordance with the Court's prior scheduling order, the Government will file its Witness List on the public docket, thus making the Government's witness list available to the defense approximately five weeks before trial actually begins. (D.E. 173.)

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant this motion and allow the Government to file its *Preliminary* Witness List under seal and *ex parte*, with the final Witness List being publicly filed on August 18, 2021.

Respectfully Submitted,

MARY JANE STEWART
Acting United States Attorney
Middle District of Tennessee

By: /s/ *Kathryn Risinger*
KATHRYN RISINGER
Deputy Criminal Chief – Organized Crime

/s/ *Phil Wehby*
PHIL WEHBY
Assistant United States Attorney
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 736-5151

/s/ *Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Suite 7600
Washington, D.C. 20530
(202) 514-1092

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 4, 2021, a true and correct copy of the foregoing document was filed electronically via CM/ECF, which will automatically provide service to Charles Swift and Peter Strianse, counsel for the defendant.

      /s/ *Kathryn Risinger*
      KATHRYN RISINGER
      Deputy Criminal Chief – Organized Crime