IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No.  2:19-cr-00013 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

**REPLY TO DEFENDANT'S RESPONSE OPPOSING UNITED STATES' MOTION FOR LEAVE TO FILE *PRELIMINARY* WITNESS LIST UNDER SEAL AND EX PARTE**

The United States of America, through Mary Jane Stewart, Acting United States Attorney for the Middle District of Tennessee, by and through Assistant United States Attorneys Kathryn Risinger and Philip Wehby, and the Chief of the Counterterrorism Section of the National Security Division, United States Department of Justice, by and through Trial Attorney Jennifer E. Levy, hereby files this Reply to Defendant's Response to Government's Motion to File *Preliminary* Witness List Under Seal and *Ex Parte.* (D.E. 210.) In support thereof, the Government states as follows:

1. As set forth in the Government's Motion to File *Preliminary* Witness List Under Seal and *Ex Parte*, according to the Court's June 17, 2021, Order, the purpose of the preliminary witness list and preliminary summary of testimony is "so that the Court will be in a better position to understand the anticipated evidence and estimate the required length of the trial." (D.E. 187.)

2. The Government has complied with the Court's Order and timely filed preliminary witness list; it has merely sought to do so under seal and *ex parte* at this time as we are still seven weeks out from trial. Further, the Government intends to publicly file its final witness list on August 18, 2021, in accordance with the Court's April 16, 2021, Order (D.E. 173).

3. As this Court is aware, the Government bears the burden of proof at trial. As a general rule, the Government has no obligation "to disclose [to the defense] all the minutia of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present." *United States v. Anderson*, 481 F.2d 685, 694 (4th Cir. 1973) (quoting *United States v. Fioravanti*, 412 F.2d 407, 411 (3d Cir. 1969)). As one court has noted, the United States has "no obligation to produce an outline of the evidence it will offer at trial," *United States v. Beech*, 307 F.R.D. 437, 441 (W.D. Pa. 2015), and "there is no authority to support a defendants' request for the specifics of each government witness' proposed testimony." *Id.* (citing *Fioravanti*, 412 F.2d at 410)).

4. In this particular case, the Government anticipates calling approximately 30 plus witnesses at trial, each of which has been noticed in its preliminary witness list and which will be publicly noticed in its final witness list on August 18, 2021. On the other hand, today, the defendant, while not charged with the same burden as the Government at trial, only noticed two witnesses when it filed its preliminary witness list, both of whom are expert witnesses whose testimony was previously summarized as part of the defense's expert notices.

5. The difference between the Government's noted disclosure of witnesses and the defendant's disclosure only underscores that the party most likely to suffer prejudice is the Government if the Government is not allowed to file is preliminary witness list under seal and *ex parte* – because as a general rule, the Government should not be required "to disclose [to the defense] all the minutia of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present [at trial]," especially seven weeks before trial. *Anderson*, 481 F.2d at 694 (quoting *Fioravanti*, 412 F.2d at 411). To that end, the Government should not be required to chart its course for the defense this far in advance of trial.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's motion and allow the Government to file its *Preliminary* Witness List under seal and *ex parte*, with the final Witness List being publicly filed on August 18, 2021.

Respectfully Submitted,

MARY JANE STEWART
Acting United States Attorney
Middle District of Tennessee

By: /s/ *Kathryn Risinger*
KATHRYN RISINGER
Deputy Criminal Chief – Organized Crime

/s/ *Phil Wehby*
PHIL WEHBY
Assistant United States Attorney
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 736-5151

/s/ *Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Suite 7600
Washington, D.C. 20530
(202) 514-1092

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2021, a true and correct copy of the foregoing document was filed electronically via CM/ECF, which will automatically provide service to Charles Swift and Peter Strianse, counsel for the defendant.

/s/ *Kathryn Risinger*
KATHRYN RISINGER
Deputy Criminal Chief – Organized Crime

3

Case 2:19-cr-00013   Document 211   Filed 08/04/21   Page 3 of 3 PageID #: 2374