IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 2:19-cr-00013 |
| v. | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

**UNITED STATES' SEPARATELY PROPOSED JURY INSTRUCTIONS**

*OFFENSE INSTRUCTIONS*:

**COUNT ONE – ATTEMPTING TO PROVIDE MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION**

Count One charges the defendant with Attempting to Provide Material Support to a Foreign Terrorist Organization, specifically Hayat Tahrir al-Sham. For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly attempted to provide material support or resources to a foreign terrorist organization, specifically Hayat Tahrir al-Sham;

Second, that the defendant knew that Hayat Tahrir al-Sham was a designated foreign terrorist organization or had engaged in or was engaging in terrorist activity or terrorism;

Third, that the defendant is a national of the United States; and

Fourth, that the defendant did some act as a substantial step in an effort to provide material support to Hayat Tahrir al-Sham.

1

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The term, "foreign terrorist organization" has a particular meaning under the statute. In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State of the United States through a process established by law. I instruct you as a matter of law that HTS has been designated as a foreign terrorist organization by the Secretary of State.

The term, "terrorist activity" includes any activity that if it had been committed in the United States, would have been unlawful under the laws of the United States or any State and that involves a threat, attempt, or conspiracy to use any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain) with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term, "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

The term, "material support or resources" is defined as any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance,

safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

The term, "personnel" means one or more persons, which can include the defendant's own person. According to the statute, no person may be prosecuted in connection with the term, "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with one or more individuals to work under that terrorist organization's direction or control or to organize, manage, supervise or otherwise direct the operation of that organization. Individuals who act entirely independent of the foreign terrorist organization to advance its goals and objectives shall not be considered to be working under the direction and control of the foreign terrorist organization.

---

18 U.S.C. § 2339B; Sixth Circuit Pattern Jury Instruction No. 12.01. (March 2021) (definition of "knowingly"); *see also United States v. Khweis*, Crim. No. 1-16-CR-00143-LO (E.D. VA 2017) (Doc.165); *United States v. Moalin*, Case 3:10-cr-04246-JM (S.D. Cal. 2013) (Doc. 301); *United States v. Amina Ali*, Case 0:10-cr-00187-MJD-FLN (D. Minn. 2011) (Doc. 153).

# COUNT THREE – TAMPERING WITH EVIDENCE

Count Three charges the defendant with corruptly altering, destroying, mutilating, or concealing records, OR attempting to corruptly alter, destroy, mutilate, or conceal records and documents with the intent to impair the record and document's integrity and availability for use in an official proceeding. For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant altered, destroyed, mutilated, or concealed a record, document, or other object OR attempted to alter, destroy, mutilate, or conceal a record, document, or other object;

Second, the defendant acted knowingly;

Third, the defendant acted corruptly; and

Fourth, the defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding.

"Official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury; a proceeding before the Congress; a proceeding before a Federal Government agency which is authorized by law; or a proceeding involving the business of insurance whose activities affect

interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.

A person acts "corruptly" if she or she acts with the purpose of wrongfully impeding the due administration of justice.

_____
Seventh Circuit Pattern Jury Instruction 1512(c)(1) (2020 edition).

5

Case 2:19-cr-00013   Document 231-1   Filed 08/18/21   Page 5 of 7 PageID #: 2728

*SPECIAL INSTRUCTIONS*:

# FIRST AMENDMENT[1]

Count One charges the defendant with Attempting to Provide Material Support to a Foreign Terrorist Organization, specifically Hayat Tahrir al-Sham, in violation of Title 18, United States Code, Section 2339B.

Nothing in this section shall be construed or applied as to abridge the exercise of rights guaranteed under the First Amendment to the Constitution of the United States.

The First Amendment to the United States Constitution provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

This amendment guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. Because of these constitutional guarantees, no one can be convicted of a crime simply on the basis of his beliefs, his expression of those beliefs, or his associations.

---

[1] The Government has filed a Motion in Limine asking the Court to preclude defense counsel from arguing to the jury (including during opening statement), or suggesting through the questioning of witnesses, that the defendant's unlawful conduct is protected by the First Amendment to the United States Constitution, or that the defendant's statements, whether spoken, online, or recorded in any way, may not be considered as evidence of her attempted material support activities because they are protected by the First Amendment. *Assuming arguendo* that the Court is inclined to give the jury an instruction on the First Amendment and denies the Government's Motion in Limine No. 2, the Government submits this proposed instruction.

However, Evidence of the defendants' statements on political, public or religious issues may be considered by you if you find them relevant for either of the following two purposes: First, you may consider whether such statements are evidence of why the defendant was taking certain actions at the time he spoke, and what his purpose was. Second, you may consider whether his opinions expressed at one time are evidence that at some other time he took actions in accordance with those opinions.

_____

*Adapted from United States v. Jones & Schimenti*, No. 17-cr-00236 (N.D. Ill. 2019) (Doc. 189); and *United States v. Hassoun, et al.*, No. 04-60001-cr-Cooke (S.D. Fla. Aug. 14, 2007) (Doc. 1189 at pp. 33-34).