# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:19-cr-00013** |
| | ) | |
| | ) | |
| **GEORGIANNA A.M. GIAMPIETRO** | ) | **Chief Judge Waverly D. Crenshaw, Jr.** |
| **Defendant.** | ) | |

**MOTION IN LIMINE – To Exclude Portions of Maria William's Testimony and to Permit Ms. William's Presence in the Courtroom.**

COMES NOW, Defendant, Georgianna Giampietro, by and through undersigned counsel and makes this Motion to Exclude Portions of Maria William's Testimony and to Permit Ms. William's Presence in the Courtroom during trial.

## Background

The government's Preliminary Witness list indicates that they intend to call Maria Williams, Ms. Giapietro's mother, as a witness for trial. The government proffers that

> Ms. Williams is expected to testify that she is the mother of the defendant and that during the time of this investigation, the defendant was living at the Ms. Williams's residence. She is further expected to testify that while living at the residence, Ms. Williams was unaware that the defendant had converted to Islam. Ms. Williams is further expected to testify that the defendant did not share her support for radical Islamic beliefs and that she was unaware of the postings and communications the defendant was making/having on social media related to her support for the Mujahideen fighting for jihad.

## Argument

The defendant is charged with violating 18 U.S.C. § 2339B(a)(1) by attempting to provide material support to Hayat Tahrir al-Sham ("HTS") in the form of personnel and services; 18 U.S.C.

1

§ 1519 by destruction of electronic documents; and 18 U.S.C. § 1512(c)(1) by obstructing and attempting to obstruct a federal proceeding by destroying evidence.

Rule 401 of the Federal Rules of Evidence permits the entry of evidence if the evidence is relevant. Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

The only charge to which Ms. Williams testimony is potentially relevant is the attempted provision of material support by the defendant attempting to provide herself to work under the direction and control of HTS. In order to prove this charge, the government will have to establish that Ms. Giamipetro took a substantial step that amounted to more than mere plans and preparations to provide herself to HTS, and that when she took that step she knew that HTS was a designated terrorist organization or knew that HTS had committed terrorist acts. See 18 U.S.C. §2339(B).

Ms. William's testimony, as proffered by the government, has no bearing to this offense. The fact that the defendant was living at her home is of little consequence; the fact Ms. Williams was unaware that the defendant had converted to Islam, is also of little consequence. Finally, the fact Ms. Williams does not share her daughter's beliefs, is irrelevant to the proceedings, as Ms. William's opinions regarding beliefs her daughter is alleged to have had, is irrelevant to the determination of the charge.

The scant relevance of Ms. William's testimony is clearly outweighed by the prejudicial nature of the testimony. Fed. R. Evid 403 permits this Court to exclude marginally relevant evidence that causes "unfair prejudice, [and] confusing the issues". This Court has had an

opportunity to observe Ms. Williams on the stand. The testimony from a distressed mother that she had no idea what was going on and would not have supported it if she had, is precisely the type of testimony that Fed. R. Evid 403 excludes.

The defense does note that outside of the proffer, Ms. Williams does have information that the defense is a national of the United States, one of the charged elements. As the defendant's mother, she can testify that the defendant was born in the United States, thereby satisfying the national of the United States element. This fact, however, is not as issue, as the defense has indicated to the government that the defense is willing to stipulate that the defendant is a United States national.

**Ms. William Should Not Be Excluded from Attending Her Daughter's Trial**

Defense also requests that Ms. Williams be permitted to remain in the courtroom during trial. An ancillary effect of the government's placement of Ms. William's on the government Witness List, is that she will be excluded from trial until after she has testified. Ms. Williams is, as the Court is aware, the defendant's mother, cares deeply about her daughter, and desires to attend the trial. In the interest of justice, the defense submits that even if the Court were to find any relevant testimony to be obtained from Ms. Williams, that this Court allow her to remain in the courtroom an all times during trial.

Counsel for defense moves that testimony by Maria William be excluded, and that Ms. Williams be allowed to be present in the courtroom during the entire trial.

Respectfully submitted this 18th day of August, 2021.

/s/ *Charles D. Swift*
CHARLES D. SWIFT
*Pro Hac* Attorney for Giampietro
Constitutional Law Center for Muslims in America
100 N. Central Expy., Suite 1010
Richardson, TX 75080

3

Phone: (972)-914-2507
Email: cswift@clcma.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2021, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of

electronic filing to all counsel of record.

*/s/ Charles D. Swift*
CHARLES D. SWIFT
*Pro Hac* Attorney for Georgianna Giampietro