IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>)<br>) | Case No.: 2:19-cr-00013 |
| GEORGIANNA A.M. GIAMPIETRO<br>    Defendant. | )<br>)<br>) | Chief Judge Waverly D. Crenshaw, Jr. |

### MOTION IN LIMINE – To Exclude Witness Testimony

COMES NOW, Defendant, Georgianna Giampietro, by and through undersigned counsel and makes this Motion to exclude any testimony from government witness, Elizabeth Griffin, during trial.

In its Preliminary Witness List, the government has indicated its intent to call Elizabeth Griffin as a witness for trial and proffers that:

> Ms. Griffin is the defendant's ex-girlfriend who was incarcerated with the defendant following her arrest in this case. Ms. Griffin subsequently went to live with the defendant's mother upon her release from jail. Ms. Griffin is expected to testify regarding conversations about this case that she had with the defendant while incarcerated and after Ms. Griffin's release from jail.

Ms. Griffin has been interviewed by the defense, and has indicated to the defense that she has never been interviewed by the FBI, nor any other government agent or agency. Ms. Griffin only met Ms. Giampietro for the first time when they both were in custody at the Daviess County Detention Center, in Kentucky. At no time when Ms. Giampietro and Ms. Griffin were either detained together, or after Ms. Griffin's release, did Ms. Giampietro discuss her present case with Ms. Griffin. Ms. Griffin told defense counsel that she was told by Ms. Giampietro that her defense

1

counsel instructed her NOT to discuss her case, and that Ms. Griffin respected that admonition not to discuss the case. [1]

Ms. Griffin and Ms. Giampietro had a romantic relationship while in custody. Ms. Griffin is now out of custody. Ms. Griffin relayed to defense counsel that she and the defendant ended their romantic relationship after the detention hearing before this Court.

## ARGUMENT

The defendant is charged with violating 18 U.S.C. § 2339B(a)(1) by attempting to provide material support to Hayat Tahrir al-Sham ("HTS") in the form of personnel and services; 18 U.S.C. § 1519 by destruction of electronic documents; and 18 U.S.C. § 1512(c)(1) by obstructing and attempting to obstruct a federal proceeding by destroying evidence.

Rule 401 of the Federal Rules of Evidence permits the entry of evidence if the evidence is relevant. Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and;
> (b) the fact is of consequence in determining the action.

Based on the above, Ms. Griffin's knowledge concerning the defendant consists of the fact that the defendant is in pre-trial custody, and while in pre-trial custody she had a romantic relationship, with Ms. Giampietro. Neither of these facts are of any relevance to the charged offense as they do not go to establish any elements of the charges and do not make any relevant fact more or less probable. The government proffer does not specify beyond this what the defendant discussed with Ms. Griffin or what its relevance would be to the case.

---

[1] The defense has not completely reviewed jail calls between the defendant and Ms. Griffin and recognizes that Ms. Griffin's memory may be in error.

Fed. R. Evid 403 permits this Court to exclude marginally relevant evidence that causes "unfair prejudice, [and] confusing the issues". Ms. Griffin's proposed testimony is precisely the type of testimony that Fed. R. Evid. 403 excludes. Any evidence that the government may seek to bring through Ms. Griffin must be weighed against the prejudicial effect that the foundational questions will require. These include that the defendant is in pre-trial custody, that she potentially had a romantic relationship with Ms. Griffin, and that Ms. Griffin has an extensive criminal record. Based on Ms. Griffin's statements and the lack of an interview the government has no foundation to illicit testimony regarding in-person conversations at the detention facility. Despite, Ms. Griffin's statements that she did not discuss the case with Ms. Giampietro, it is possible that the recordings of jail calls may show such discussions. The defense notes that to the extent that any recordings constitute relevant admissions by a party opponent, there is a better way to introduce them. The better way is to introduce the recording rather that calling Ms. Griffin as its sponsor with appropriate stipulations as to their authenticity.

In any event the present proffer is insufficient to establish the relevant of Ms. Griffin's testimony and this Court should require the government to proffer the relevant admissions by party opponent that they seek to illicit from Ms. Griffin.

Counsel for defense moves that Elizabeth Griffin be excluded from providing any testimony, absent an offer of proof by the government, as to what relevant testimony she could offer.

Respectfully submitted this 18th day of August, 2021.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac* Attorney for Giampietro
Constitutional Law Center for Muslims in America
100 N. Central Expy., Suite 1010
Richardson, TX 75080

3

Phone: (972)-914-2507
Email: cswift@clcma.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac* Attorney for Georgianna Giampietro