IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No.   2:19-cr-00013 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

## GOVERNMENT'S MOTION TO AMEND ITS EXPERT WITNESS NOTICE

The United States of America, through Mary Jane Stewart, Acting United States Attorney for the Middle District of Tennessee, by and through Assistant United States Attorneys Kathryn Risinger and Philip Wehby, and the Chief of the Counterterrorism Section of the National Security Division, United States Department of Justice, by and through Trial Attorney Jennifer E. Levy, hereby files this Motion to Amend Its Expert Witness Notice. In support of this Motion, the Government states the following:

## BACKGROUND

On August 14, 2019, the defendant was initially charged in a single count indictment with violating 18 U.S.C. § 2339B for attempting to provide material support in the form of personnel and resources to Hayat Tahrir al Sham ("HTS"), a designated foreign terrorist organization. (D.E. 3.) On December 18, 2019, a superseding indictment was returned against the defendant, charging her with two additional counts of obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(1) and 1519. (D.E. 77.) Then, recently, on August 23, 2021, a second superseding indictment was returned against the defendant, adding a second violation of 18 U.S.C. § 2339B for her attempt to provide material support to HTS in the form of currency based upon three money transfers she made in June 2018, intending that the money be used to support extremist fighters affiliated with HTS. (D.E. 256.)

On May 15, 2020, the Government filed its Notice Regarding Expert Witnesses, based upon the pendency of the December 18, 2019, superseding indictment. (D.E. 101.) The Government identified two expert witnesses in its initial notice, Dr. Mia Bloom and Mr. Hassan Hassan. The Government filed expert reports prepared by these witnesses on August 18, 2021. (D.E. 245). On the same date, the Government filed its proposed witness list for trial, then scheduled to begin on September 20, 2021. (D.E. 233). The Government's witness list included Karam Kamel and Catherine Schreck, along with a brief summary of their anticipated testimony.

Since the filing of the Government's initial Expert Witness Notice, a second superseding indictment was returned against the defendant, adding a second charge of attempting to provide material support to a designated foreign terrorist organization based on the defendant's attempt to send currency to HTS. Subsequently, the trial date of September 14, 2021, was continued to January 31, 2022.

The Government now moves to amend its expert witness notice, approximately three months in advance of the current trial date, to add two more experts to be presented at trial: Catherine Schreck ("Schreck") and Karam Kamel ("Kamel"). Schreck's anticipated expert testimony would relate specifically to the new count charged in the Second Superseding Indictment, returned in August 2021: specifically, the defendant's attempt to provide material support to HTS in the form of currency based upon money transfers she made in June 2018, intending that the money be used to support extremist fighters affiliated with HTS. Kamel's anticipated expert testimony would relate to the translation of certain Arabic terms used in verbal or written conversations or contained in certain writings and pictures that the Government will seek to admit into evidence at trial.

# ADDITIONAL EXPERTS

**Catherine Schreck**

The Government now proffers Catherine Schreck, already noticed as a prosecution fact witness in this case, as an expert witness in support of Count Two of the second superseding indictment, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). A copy of Schreck's curriculum vitae ("CV") is attached to this notice as Exhibit A. While the Government initially proffered Schreck as a fact witness in this case, the Government now proffers her as both a fact witness and an expert witness for the prosecution. As stated in the Government's witness list previously filed in anticipation of the previous September trial date, Schreck is a senior analyst with the SITE Intelligence Group and will be called to testify about the research that SITE Intelligence Group has conducted concerning entities that hold themselves out as charities to raise funds for terrorist organizations. Among the entities that raise funds for terrorist organizations are Alsadaqah and The Merciful Hands, entities to which the defendant sent money. As reflected in her CV, Schreck is a multilingual counterterrorism analyst, fluent in Arabic, French and Spanish, who specializes in research relating to Syria and to terrorist activity and terrorist financing. She follows all Syrian groups that support Al Qaeda and HTS. She monitors, collects and analyzes terrorist content on-line in a number of languages. She oversees finance related research, compiles data into reports and presentations and conducts training workshops for clientele of SITE Intelligence Group.

Schreck is expected to testify about the publication of reports by SITE Intelligence Group concerning fundraising activities by entities such as The Merciful Hands and Alsadaqah on behalf of terrorist organizations, the methods through which SITE Intelligence Group conducts research to track terrorist financing activity on-line, and the methods through which SITE Intelligence Group develops written reports of the financing activity discovered through the research. She is

further expected to testify about how SITE Intelligence Group analysts monitor social media sites to observe the activity of terrorist actors who may be planning operations or engaging in fundraising efforts; how SITE Intelligence Group analysts locate and preserve evidence concerning the activities of these terrorist organizations; and how they use groups such as The Merciful Hands and Alsadaqah to raise funds for weapons, equipment and other necessities.

As an expert witness, Schreck will be asked to explain to the jury the on-line connections among entities such as The Merciful Hands and Alsadaqah, and Al Qaeda, HTS, and the groups in Syria that support mujahideen fighting for foreign terrorist organizations there. Schreck's testimony will give the jury context for the on-line solicitations made by The Merciful Hands and Alsadaqah, and the research reflecting that these entities are embedded in the jihadi community in Syria. Schreck is expected to testify about the methods and means of support of terrorist organizations and their non-charitable activities on social media platforms such as Telegram in 2018. She will help the jury understand how financial transactions involving The Merciful Hands and Alsadaqah can be traced to foreign fighters in Syria. Schreck will offer an expert opinion as to the common practices of entities such as The Merciful Hands and Alsadaqah to support the activities of foreign terrorist organization, and the limited amount of funds solicited for the benefit of displaced persons, widows, and orphans of those fighting in Syria that actually is intended for those purposes. She is also expected to discuss how entities soliciting funds for terrorist organizations instructed potential donors to send money to avoid detection. Schreck will not offer an opinion as to the defendant's mental state when she sent funds to The Merciful Hands and Alsadaqah.

As a fact witness, Schreck is expected to testify about the publicly accessible communications and postings that can be retrieved on social media platforms such as Telegram. She is further expected to testify about the references to the Abu Ahmed Foundation ("AAF") that

appeared on The Merciful Hands platform in 2018, when the defendant sent a contribution to The Merciful Hands. Ms. Schreck is further expected to testify that publicly available information about AAF on social media platforms established AAF's support for HTS and other terrorist organizations. Schreck is also expected to testify about the results of her comparison of social media postings concerning The Merciful Hands and Alsadaqah that were located on the defendant's cellular phone with postings from those channels that have been preserved in the database of SITE Intelligence, a database created and maintained by SITE Intelligence personnel in the course of its regularly conducted activity.

**Karam Kamel**

The Government intends to offer Kamel as an expert witness to present testimony relating to official translations he conducted of Arabic language material located in the defendant's cellular phone, social media accounts, and in conversations with other individuals. Kamel is an Arabic Language Specialist with the FBI. A copy of his CV is attached to this notice as Exhibit B. As stated in the Government's witness list filed in advance of the previous trial date, and as reflected in his CV, Kamel is a native Arabic speaker, born in Egypt, who lived there until age 18. In addition to being a native Arabic speaker, Kamel is proficient in Egyptian, Iraqi, and Levantine dialects.

Kamel previously served in the United States Armed Forces, including four years as a Senior Airman at Whiteman Air Force Base in Missouri. Kamel also served as a Special Forces Linguist with Titan Corporation in Baghdad, Iraq, from 2003-2005, participating in hundreds of missions with U.S. Special Forces. Kamel's responsibilities included, among other things, serving as both a lead interrogator and translator during missions and interviews, and translating mission critical documents from Arabic to English.

Subsequent to his service with the military, Kamel graduated from Middle Tennessee State University with a Bachelor's Degree in Finance and Banking. He joined in FBI as a Language Specialist in 2007, assigned to the Nashville Field Office. As a language specialist for the FBI, Kamel is responsible for, among other things, analyzing source materials and providing translations; providing consulting services for local law enforcement and acting a lead analyst on various projects; acting as a forensic financial analyst in cases requiring language and financial expertise.

Kamel's testimony is expected to provide to the jury the English translation of phrases used by the defendant in conversations with UCE-1 and others, as well as the English translation of Arabic passages quoted by the defendant on her social media platforms, or material found in the defendant's cellular telephone or on her social media.

## LEGAL ANALYSIS

Under Federal Rule of Evidence 702, a witness may be "qualified as an expert by knowledge, skill, experience, training or education." Whether a witness is formally certified in a field by a professional organization may be relevant to his expertise, but the rule does not require any particular imprimatur." *United States v. Barker*, 53 F.2d 1013, 1024 (6th Cir. 1977); *accord Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149-50 (1999) (where a witness's expertise does not "rest[] upon scientific foundations," the "relevant reliability concerns may focus upon personal knowledge or experience."). In fact, this Circuit has held that if "a witness's qualifications are obvious," then "there is no need to formally qualify him as an expert." *United States v. Nixon,* 694 F.3d 623, 629 (6th Cir. 2012) (quoting *United States v. Cobb,* 397 F. App'x 128, 139 (6th Cir. 2010); *see also United States v. Lopez-Medina,* 461 F.3d 724, 743 (6th Cir. 2006).

In this case, the Government submits that Schreck's specialized knowledge, skill, experience, and training qualify her as an expert researcher in the field of terrorist financing

pursuant to Rule 702. Similarly, the Government submits that Kamel's linguistic knowledge, skill, and experience qualify him as an Arabic translator for this case. The Sixth Circuit has qualified translation experts pursuant to Rule 702. *United States v. Dadanovic,* No. 09-63-ART, 2010 WL 3620319 at *4 (E.D. Ky Sept. 13, 2010) (citing *United States v. Vitale,* No. 89-1989, 1990 WL 57235 at *1 (6th Cir. May 2, 1990)). Both of these proposed experts will assist the jury in considering evidence against the defendant that is not within the normal experience of the finder of fact.

The Government submits that this Motion to Amend the Government's Expert Witness Notice, identifying Schreck and Kamel as potential experts in this case, is both timely and appropriate. First, the recently filed Second Superseding Indictment contains a new charge of attempting to provide material support to a designated foreign terrorist organization based upon the defendant providing financial support to HTS when she transferred money to various organizations in June 2018 intending that such funds be used to support extremist fighters affiliated with HTS. Schreck's expertise directly relates to monitoring the financing of terrorists through entities that solicit charitable contributions, activity that forms the basis for the new criminal charge. Schreck had already been identified to the defense as a trial witness before the filing of the Second Superseding Indictment, but the addition of the second attempted material support charge justifies the Government's interest in eliciting more specialized testimony from Schreck to assist the jury in understanding how foreign terrorist organizations, such as HTS, obtain funds through entities such as The Merciful Hands and Alsadaqah.

Second, the Government also previously identified Kamel to the defense as a trial witness, describing his anticipated testimony, in part, as follows: "Mr. Kamel is expected to testify regarding his background, training, and experience related to the Arabic language and his official translation of materials and conversations from this case that included phrases, words, and writings

7

Case 2:19-cr-00013 Document 316 Filed 11/05/21 Page 7 of 9 PageID #: 3416

in Arabic." While Kamel was not previously identified as an expert witness, that particular designation should not prejudice the defendant, given that the nature of his anticipated testimony was disclosed in a timely fashion. Insofar as the trial of this case is not expected to begin until January 31, 2022, the defendant has ample time and opportunity to prepare for Kamel's testimony regarding the translations he has conducted of the defendant's Arabic postings and conversations. The defense has been provided with full discovery of the evidence obtained from the defendant's cellphone and social media accounts, as well as her conversations with other individuals such as FBI undercover and online covert employees, which is the material that Kamel has translated. Therefore, the Government submits that its notice identifying Kamel as an expert witness in this case should be accepted by the Court. *See generally United States v. Chipperfield,* 111 Fed. R. Evid. Serv. 754, No. CR 5:17-118-KKC, 2020 WL 897978 at *3 (E.D.Ky Feb. 24, 2020) (citing *United States v. Wolford,* 656 F. App'x 59, 62 (6th Cir. 2016), and *United States v. Maples,* 60 F.3d 244, 247 (6th Cir. 1995)).

## CONCLUSION

WHEREFORE, the Government requests that the Court grant the Government's Motion to Amend its Expert Notice as set forth above for trial in this case.

Respectfully Submitted,

MARY JANE STEWART
Acting United States Attorney
Middle District of Tennessee

By: /s/ *Kathryn Risinger*
KATHRYN RISINGER
Deputy Criminal Chief – Organized Crime

/s/ *Phil Wehby*
PHIL WEHBY
Assistant United States Attorney
110 9th Avenue South
Nashville, Tennessee 37203

Phone: (615) 736-5151

/s/ *Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Suite 7600
Washington, D.C. 20530
(202) 514-1092

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2021, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for defendant in this case.

/s/ *Kathryn D. Risinger*
KATHRYN D. RISINGER
Assistant United States Attorney