IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 2:19-cr-00013 |
| v. | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

## UNITED STATES' MOTION IN LIMINE NO. 3

The United States of America, by and through its attorneys, the Acting United States Attorney for the Middle District of Tennessee, and the Chief of the Counterterrorism Section of the National Security Division, United States Department of Justice, hereby files this Motion in Limine No. 3, in which the Government moves the Court to take judicial notice of the actions of the United States Secretary of State in designating al-Nusrah Front as a foreign terrorist organization on May 15, 2014, and later identifying Hayat Tahrir al-Sham as an alias for al Nusrah Front on May 17, 2018, in an amendment to the original designation of al-Nusrah Front that was published in the Federal Register on June 1, 2018.[1] In support thereof, the government submits the following:

## SECOND SUPERSEDING INDICTMENT

Counts One and Two charge the defendant with Attempted Material Support of a Foreign Terrorist Organization ("FTO"), specifically Hayat Tahrir al-Sham ("HTS"), in violation of 18

---

[1] The parties have discussed a potential stipulation regarding the fact that Hayat Tahrir al-Sham ("HTS") was designated as a foreign terrorist organization throughout the charged conduct. However, while the parties have an agreement-in-principle, the stipulation has not been executed by the parties, including the defendant. Therefore, out of an abundance of caution, the Government files this Motion in Limine No. 3, asking this Court to take judicial notice of the facts set forth herein as an appropriate exercise of the Court's discretion pursuant to Federal Rule of Evidence 201. The parties will notify the Court if and when we have an executed stipulation.

1

U.S.C. § 2339B.[2] (D.E. 255.) In order to find the defendant guilty of the offense, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant knowingly attempted to provide material support or resources to a foreign terrorist organization, specifically Hayat Tahrir al-Sham;

Second, that the defendant knew that Hayat Tahrir al-Sham was a designated foreign terrorist organization or had engaged in or was engaging in terrorist activity or terrorism;

Third, that the defendant is a national of the United States; and

Fourth, that the defendant did some act as a substantial step in an effort to provide material support to Hayat Tahrir al-Sham.

## ARGUMENT

The United States Secretary of State, in consultation with the Attorney General and the Secretary of the Treasury, has the authority to designate foreign entities as foreign terrorist organizations, pursuant to Section 219 of the Immigration and Nationality Act, 8 U.S.C. § 1189, as amended. The designation of foreign terrorist organizations is published in the Federal Register soon after the Secretary of State signs the announcement. Publication is deemed notice to the public of the Secretary's action, and the publication date is the effective date of the action.

On May 7, 2014, the Secretary of State designated al-Nusrah Front as a foreign terrorist organization. The notice of this action was published in the Federal Register on May 15, 2014. A copy of that designation is attached to this Motion as Exhibit A. On May 17, 2018, the Secretary of State officially recognized a number of aliases used by al-Nusrah Front, and the list of aliases

---

[2] The defendant is also charged in Count Three with the Destruction and/or Alteration of Records in a Federal Investigation, in violation of Title 18, United States Code, Section 1519; and in Count Four with Altering, Destructing, Mutilating, or Concealing a Record or Document, or Attempting to do so, in violation of Title 18, United States Code, Section 1512(c)(1).

2

included Hayat Tahrir al-Sham. The notice of this action was published in the Federal Register on June 1, 2018. A copy of that notice is attached to this Motion as Exhibit B.

Pursuant to Federal Rule of Evidence 201(c)(2), the Government moves the Court to take judicial notice of the designation of al-Nusrah Front as a foreign terrorist organization, as well as the recognition notice identifying Hayat Tahrir al-Sham as an alias of al-Nusrah Front, making Hayat Tahrir al-Sham a designated foreign terrorist organization. It is well established in this Circuit and in other jurisdictions that the Court can take judicial notice "of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority." *International Brotherhood of Teamsters v. Zantop Air Transportation Corp.*, 394 F.2d 36, 40 (6th Cir. 1968); *see also United States v. Bradford*, 160 F.2d 729, 730 (2d Cir. 1947); *Bland v. Eva Airways Corporation,* No. 11 Civ. 5200 (PGG), 2014 WL 1224466 (S.D.N.Y. March 24, 2014) at *6; *see generally Coho v. United States*, 152 U.S. 211, 221-22 (1894). This Circuit has also recognized that "administrative regulations fall within the category of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,'" as required by Federal Rule of Evidence 201(b). *Toth v. Grand Trunk Railroad*, 306 F.3d 335, 349 (6th Cir. 2002). Moreover, the Federal Register Act, 44 U.S.C. § 1101, allows a court to take judicial notice of the regulations published in the Federal Register. *See United States v. Levin*, 443 F.2d 1101, 1106 (8th Cir. 1971); *see also United States v. Messer Oil Corp.*, 391 F. Supp. 557, 561-62 (W.D. Pa. 1975) ("regulations and Executive Orders when duly published have the force of law.").

In this case, Congress conferred upon the Secretary of State the power to designate foreign terrorist organizations as a method of combatting terrorism. The Secretary of State exercised this authority, pursuant to Section 219 of the Immigration and Nationality Act, as amended, to designate al-Nusrah Front as a foreign terrorist organization on May 15, 2014, and amended this designation to include Hayat Tahrir al-Sham as an alias of al-Nusrah Front, a previously designated

3

foreign terrorist organization, on May 17, 2018. The publication of the notice concerning the coverage of Hayat Tahrir al-Sham on June 1, 2018, has the force of law that the Court is empowered to recognize pursuant to the Federal Register Act and Federal Rule of Evidence 201(c)(2).

**CONCLUSION**

Wherefore, the Government requests that the Court enter an order granting the Government's Motion in Limine No. 3 and take judicial notice of the designation of al-Nusrah Front as a foreign terrorist organization as well as the inclusion of Hayat Tahrir al-Sham as an alias of al-Nusrah Front.

Respectfully Submitted,

MARK H. WILDASIN
Acting United States Attorney
Middle District of Tennessee

By: /s/ *Kathryn Risinger*
KATHRYN RISINGER
PHIL WEHBY
Assistant United States Attorneys
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 736-5151

/s/ *Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Ste. 7600
Washington, D.C. 20530
(202) 514-1092

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for the defendant in this case.

/s/ *Kathryn D. Risinger*
KATHRYN D. RISINGER
Deputy Criminal Chief