IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | Case No.: 2:19-cr-00013 |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO<br>Defendant. | )<br>) | Chief Judge Waverly D. Crenshaw, Jr. |

## **MOTION IN LIMINE – To Exclude Kirk Evans' Testimony**

COMES NOW, Defendant, Georgianna Giampietro, by and through undersigned counsel and makes this Motion to Exclude Mr. Kirk Evans's testimony.

### Background

The government's Preliminary Witness List indicates that they intend to call Kirk Evans, Ms. Giampietro's ex-husband and father of her minor son, as a witness for trial. The government proffers that:

> Mr. Evans is the father of the defendant's minor son and with whom she shared joint custody during this investigation. During the investigation in this case, the defendant repeatedly discussed with other individuals her desire to move to Syria in order to support the Mujahideen and her desires to take her minor son with her to Syria, despite knowing that Mr. Evans would not allow his son to go to Syria. Mr. Evans is expected to testify that during the time of this investigation, the defendant never discussed moving to Syria with their son, and had she discussed as much, he would not have allowed her to move to Syria with her son.

### Argument

The defendant is charged with violating 18 U.S.C. § 2339B(a)(1) by attempting to provide material support to Hayat Tahrir al-Sham ("HTS") in the form of personnel and services; 18 U.S.C. § 1519 by destruction of electronic documents; 18 U.S.C. § 1512(c)(1) by obstructing and attempting to obstruct a federal proceeding by destroying evidence; and 18 U.S.C. § 2339A(b)(1)

1

by attempting to provide material support to Hayat Tahrir al-Sham ("HTS") in the form of currency.

Rule 401 of the Federal Rules of Evidence permits the entry of evidence if the evidence is relevant. Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and;
> (b) the fact is of consequence in determining the action.

The only charge to which Mr. Evans's testimony is potentially relevant is the attempted provision of material support by the defendant to provide personnel to work under the direction and control of HTS. In order to prove this charge, the government will have to establish that Ms. Giampietro took a substantial step that amounted to more than mere plans and preparations to provide herself to HTS, and that when she took that step she knew that HTS was a designated terrorist organization or knew that HTS had committed terrorist acts. See 18 U.S.C. §2339(B).

Mr. Evans's testimony, as outlined by the government in its Preliminary Witness List, actually rebuts the government's theory that the defendant took a substantial step to providing herself as personnel. The referenced discussions by the defendant all indicated that the defendant was searching for a way to get permission from the father as prerequisite to taking her son. The fact that she never sought his permission to take her son to Syria, or anywhere else outside of the United States, would indicate that the defendant never got farther than the mere planning stage. The lack of any discussion between the defendant and her son, or Mr. Evans's is further indication of the irrelevance of his testimony as there is nothing Mr. Evans can offer to make any fact related to the charged conduct more or less probable.

The scant relevance, if there is any at all, of Mr. Evans's testimony is clearly outweighed by the prejudicial nature of the testimony. Fed. R. Evid 403 permits this Court to exclude marginally relevant evidence that causes "unfair prejudice, [and] confusing the issues". Mr.

2

Evans's proposed testimony is precisely the type of testimony that Fed. R. Evid 403 excludes. The government is attempting to bring in the highly prejudicial insinuation that Ms. Giampietro would have taken her son to Syria without his, or his father's permission. This claim is not supported by the evidence and is pure speculation. It can only serve to emotionally inflame the jury's feelings towards Ms. Giampietro by portraying her as a bad mother.

## Conclusion

Counsel for defense moves that testimony by Kirk Evans be excluded, and that Ms. Williams be allowed to be present in the courtroom during the entire trial.

Respectfully submitted this 24th day of November, 2021.

Respectfully submitted,

By: */s/ Charles Swift*
Charles D. Swift,
*Pro Hac Vice* Attorney for Giampietro
CLCMA
100 North Central Expressway, Suite 1010
Richardson, TX 75080
(972) 914-2507

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /s/ Charles Swift
Charles D. Swift,
*Pro Hac Vice* Attorney for Giampietro