IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cr-00013 |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO, | ) | Chief Judge Waverly D. Crenshaw, Jr. |
|     Defendant. | ) | |

**MOTION IN LIMINE – To Limit Witness Testimony of Kelsey Craig**

COMES NOW, Defendant, Georgianna Giampietro, by and through undersigned counsel and makes this Motion to exclude and/or limit the testimony from government witness, Kelsey Craig, during trial.

### BACKGROUND

In its Preliminary Witness List, the government has indicated its intent to call Kelsey Craig as a witness for trial and proffers that:

> Ms. Craig was a friend of the defendant who is expected to testify regarding her observations of some radical postings the defendant made on social media, including an image on Instagram of the Statue of Liberty headless, burning, and holding a black flag with Arabic writing, and New York City burning in the background.

### ARGUMENT

Rule 401 of the Federal Rules of Evidence permits the entry of relevant evidence. Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and;
> (b) the fact is of consequence in determining the action.

1

Ms. Craig's knowledge concerning the charges is limited to her observation of postings and pictures that Ms. Giampietro made on Instagram. The only relevance of Ms. Craig's testimony is to establish that Ms. Giampietro was the author of the Instagram posts at issue. Ms. Craig's testimony as a foundational witness, however, is only necessary if required to introduce the Instagram. Otherwise, her testimony is unnecessarily cumulative, and should be excluded.

Rule 403 permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. See FED. R. EVID. 403. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996). In this case, the authorship of the posts on Ms. Giampietro's Instagram is not in contention, and the testimony of this "friend", Kelsey Craig, runs the risk of straying into impermissible areas.

To the extent that Ms. Craig's testimony is not cumulative, the defense moves to: (1) limit her testimony to identifying Ms. Giampietro as the author of the Instagram/Social Media posts in question, (2) prohibit her from offering an opinion as to whether Ms. Giampietro supported terrorism, and/or (3) the effect that the posts had on Ms. Craig. Lay opinion testimony is admissible if it is (1) "rationally based on the witness's perception," (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (3) is "not based on scientific, technical, or other specialized knowledge." FED. R. EVID. 701. A witness, however, may not "spoon feed" conclusions about evidence to the jury when the jury is able to evaluate the

2

evidence for itself. *United States v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013); *see also United States v. Kilpatrick*, 798 F.3d 365, 380 (6th Cir. 2015). In this case the jury is able to draw their own conclusions concerning the Instagram/Social Media posts, and it is therefore inappropriate to admit Ms. Craig's opinions regarding the meaning of the posts.

Likewise, testimony regarding how the posts impacted Ms. Craig is also inappropriate. How the posts affected Ms. Craig's would only be relevant if Ms. Craig's reactions goes to establishing an element of the charged offenses. *See United States v. Ford,* 761 F.3d 641, 650-51 (6th Cir. 2014) (holding that it was error to admit witness reaction testimony when it failed to establish the proffered purpose—whether the robbery effected interstate commerce). Ms. Craig's reactions do not make any element of the charged crimes more likely, and are therefore not admissible.

Respectfully submitted this 24th day of November, 2021.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac Vice* Attorney for Giampietro
Constitutional Law Center for Muslims in America
100 N. Central Expy., Suite 1010
Richardson, TX 75080
Phone: (972)-914-2507
Email: cswift@clcma.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac* Attorney for Georgianna Giampietro

3

Case 2:19-cr-00013  Document 329  Filed 11/24/21  Page 3 of 3 PageID #: 3830