IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case No.: 2:19-cr-00013 |
| ) | |
| ) | |
| GEORGIANNA A.M. GIAMPIETRO, ) | Chief Judge Waverly D. Crenshaw, Jr. |
|     Defendant. ) | |

### MOTION IN LIMINE – To Limit Witness Testimony of Jacelyn Phillips

COMES NOW, Defendant, Georgianna Giampietro, by and through undersigned counsel and makes this Motion to limit the testimony from government witness, Jacelyn Phillips, to identify Ms. Giampietro as the author of the Snapchat posts.

### BACKGROUND

In its Preliminary Witness List, the government has indicated its intent to call Jacelyn Phillips as a witness for trial and proffers that:

> Ms. Phillips is expected to testify that during this investigation, she was friends with the defendant and observed graphic postings and pictures that the defendant made on Snapchat related to the Middle East.

### ARGUMENT

Rule 401 of the Federal Rules of Evidence permits the entry of evidence if the evidence is relevant. Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and;
> (b) the fact is of consequence in determining the action.

1

Ms. Phillips's knowledge concerning the charges is limited to her observation of postings and pictures that Ms. Giampietro made on Snapchat related to the Middle East two plus years prior to the alleged offenses. The only relevance of Ms. Phillip's testimony is to establish that Ms. Giampietro was the author of the Snapchat posts. Ms. Phillip's testimony, as a foundational witness, however, is only necessary if required to introduce the Snapchat posts; otherwise her testimony is unnecessarily cumulative, and should be excluded.

Rule 403 permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. See FED. R. Evid. 403. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996). In this case, the authorship of the posts on Ms. Giampietro's Snapchat account are not in contention, and the testimony of a "friend", Jacelyn Phillips, runs the risk of straying into impermissible areas.

To the extent that Ms. Philips's testimony is not cumulative, the defense moves to limit her testimony to identifying Ms. Giampietro as the author of the Snapchat posts in question and prohibit her from offering an opinion as to whether Ms. Giampietro supported terrorism, and/or the effect that the posts had on Ms. Philips.

Lay opinion testimony is admissible if it is (1) "rationally based on the witness's perception," (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (3) is "not based on scientific, technical, or other specialized knowledge." FED. R.

EVID. 701. A witness, however, may not "spoon feed" conclusions about evidence to the jury when the jury is able to evaluate the evidence for itself. *United States v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013); *see also United States v. Kilpatrick*, 798 F.3d 365, 380 (6th Cir. 2015). In this case, the jury is able to draw their own conclusions concerning the Snapchat posts, and it is therefore inappropriate to admit Ms. Phillips's opinions regarding the meaning of the posts.

Likewise, testimony regarding how the posts impacted Ms. Philips is also inappropriate. This would only be relevant if Ms. Philips's reactions goes to establishing an element of the charged offenses. *See United States v. Ford,* 761 F.3d 641, 650-51 (6th Cir. 2014) (holding that it was erroneous to admit witness reaction testimony when it failed to establish the proffered purpose—whether the robbery effected interstate commerce). Ms. Philips's reactions do not make any element of the charged crimes more likely and are therefore not admissible.

Respectfully submitted this 24th day of November, 2021.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac Vice* Attorney for Giampietro
Constitutional Law Center for Muslims in America
100 N. Central Expy., Suite 1010
Richardson, TX 75080
Phone: (972)-914-2507
Email: cswift@clcma.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac* Attorney for Georgianna Giampietro