IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cr-00013 |
| | ) | |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | Chief Judge Waverly D. Crenshaw, Jr. |
|     Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT TESTIMONY OF DR. NEELY AND DR. LEFLFER

COMES NOW, Defendant, Georgianna Giampietro, by and through undersigned counsel and makes this Motion to prohibit Dr. Kari Sue Neely and Dr. Vanessa Lefler from offering irrelevant and cumulative testimony.[1]

## FACTS

In its Preliminary Witness List, the government has indicated its intent to call Kari Sue Neely as a witness for trial and proffers that:

> Dr. Neely was a professor at MTSU at the time the defendant was enrolled as a student at MTSU. Dr. Neely is expected to testify regarding the courses that she taught and in which of those courses the defendant was a student. Dr. Neely is further expected to testify that she never asked the defendant to pose as someone who supported extremist Islamic views in order to conduct research for her classes

The government has also indicated its intent to call Vanessa Lefler as a witness and proffers that:

> Dr. Lefler was a professor at MTSU at the time the defendant was enrolled as a student at MTSU. Dr. Lefler is expected to testify regarding the courses that she taught and in which of those courses the defendant was a student. Dr. Lefler is further expected to testify that she never asked the defendant to pose as someone

---

[1] The defense moves to further prohibit Dr. Neely and Dr. Lefler's testimony that would be in violation of the Proffer Agreement by separate motion. *See* Doc. 331.

1

who supported extremist views in order to conduct research for her classes. Dr. Lefler is further expected to testify that during the defendant's time at MTSU, she took some of Dr. Lefler's classes, including "International Security in a Changing World," "Literature Review in International Affairs," and "Readings in International Relations."

## ARGUMENT

Rule 401 of the Federal Rules of Evidence permits the entry of evidence if the evidence is relevant. Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and;

(b) the fact is of consequence in determining the action.

Dr. Neely and Dr. Lefler's testimony concerning Ms. Giampietro's academic studies' potential relevance to the charges in this case pertains to her knowledge. Specifically, evidence that Ms. Giampietro had knowledge of Hayat Tahrir Al-Sham (HTS), as the government must prove that Ms. Giampietro knew that HTS was a designated terrorist organization or engaged in acts which constitute terrorism.

Whether Dr. Neely and Dr. Lefler's classes in "International Security in a Changing World," "Literature Review in International Affairs," and "Readings in International Relations", and the unspecified classes taught by Dr. Neely, have a tendency to make it more probable that Ms. Giampietro knew that HTS was a designated terrorist organization or engaged in acts which constitute terrorism cannot be determined from the proffered testimony. However, given that HTS was not in existence at the time Ms. Giampietro took the above classes, Dr. Neely and Dr. Lefler's testimony on their face has little to no relevance to the material issues in this trial. Moreover, the issue of Ms. Giampietro's knowledge concerning HTS's activities is not seriously in question given her admissions to FBI agents during questioning on October 23, 2018.

2

## CONCLUSION

The defendant respectfully requests that Kari Sue Neely and Vanessa Lefler be excluded from providing irrelevant and prejudicial evidence.

Respectfully submitted this 24th day of November, 2021.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac Vice* Attorney for Giampietro
Constitutional Law Center for Muslims in America
100 N. Central Expy., Suite 1010
Richardson, TX 75080
Phone: (972)-914-2507
Email: cswift@clcma.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac* Attorney for Georgianna Giampietro