IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>GEORGIANNA A.M. GIAMPIETRO, )<br>Defendant. ) | <br><br><br><br>Case No.: 2:19-cr-00013<br><br><br>Chief Judge Waverly D. Crenshaw, Jr.<br> |

**DEFENDANT'S MOTION IN LIMINE TO LIMIT DR. STEPHEN MORRIS TO NON-CUMULATIVE RELEVANT EVIDENCE AND TO PROHIBIT DR. MORRIS FROM OFFERING LAY OPINION AS TO DEFENDANT'S KNOWLEDGE**

COMES NOW, Defendant, Georgianna Giampietro, by and through undersigned counsel and makes this Motion to prohibit Dr. Stephen Morris from offering irrelevant and cumulative testimony, and from offering lay opinion testimony concerning whether the defendant had knowledge that Merciful Hands and or Al Sadaqah Syria funded Hayat Tahrir Al-Sham (HTS) or other designated terrorist organizations.[1]

### BACKGROUND

In its Preliminary Witness List, the government has indicated its intent to call Dr. Morris as a witness for trial and proffers that:

> Dr. Morris was a professor at MTSU at the time the defendant was enrolled as a student at MTSU. Dr. Morris is expected to testify regarding the courses that he taught and in which of those courses the defendant was a student. Dr. Morris is further expected to testify that he never asked the defendant to pose as someone who supported extremist views in order to conduct research for his classes. Finally, Dr. Morris is expected to testify that while the defendant was a graduate student at MTSU, she took his class: Comparative Politics in the International Affairs Program. Dr. Morris is further expected to testify that when she took his

---

[1] The defense separately objects to Dr. Morris's testimony that he never asked Ms. Giampietro to pose as an extremist to conduct research by separate motion. Doc. 331.

1

class in the spring of 2014, she wrote a paper for that class entitled, "Money in all the Wrong Places: Corruption and Financing Terrorist Organizations." Dr. Morris is further expected to testify that this paper detailed how terrorist organizations will use sham charities as a means for funneling money to support terrorist groups.

## ARGUMENT

Rule 401 of the Federal Rules of Evidence permits the entry of evidence if the evidence is relevant. Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and;

(b) the fact is of consequence in determining the action.

Dr. Morris testimony concerning Ms. Giampietro's academic studies' potential relevance to the charges in this case pertains to knowledge. Specifically, evidence that Ms. Giampietro had knowledge of HTS, as the government must prove that Ms. Giampietro knew the that HTS was a designated terrorist organization or engaged in acts which constitute terrorism. Dr. Morris's proffered testimony also provides foundation to establish that Ms. Giampietro was the author of a paper entitled, "Money in all the Wrong Places: Corruption and Financing Terrorist Organizations."

Whether Dr. Morris class in Comparative Politics has a tendency make it more probable that Ms. Giampietro knew that HTS was a designated terrorist organization or engaged in acts which constitute terrorism cannot be known from the proffered testimony. However, given that HTS was not in existence at the time Ms. Giampietro took the class, Dr. Morris's testimony on its face has little to no relevance to the material issues in this trial. Moreover, the issue of Ms. Giampietro's knowledge concerning HTS's activities is not seriously in question given her admissions to FBI agents during questioning on October 23, 2018.

A more relevant purpose is for Dr. Morris's testimony to serve as foundation to prove that Ms. Giampietro was the author of a paper entitled, "Money in all the Wrong Places: Corruption and Financing Terrorist Organizations." Ms. Giampietro's authorship of this paper, however, is not in dispute. The paper was found during the search of her electronics and the defense will stipulate that she is the author.

Given that the authorship is not in dispute, the defense is primarily concerned that Dr. Morris's proffered testimony will include opinions as to whether Ms. Giampietro had knowledge that terrorist organizations use charities for fundraising, including Merciful Hands and Al-Sadaqah Syria, the charities in question in this case. Such opinion testimony is improper and inadmissible.

Lay opinion testimony is admissible if it is (1) "rationally based on the witness's perception," (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (3) is "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. The proponent of the opinion testimony has the burden of satisfying each of these elements.

With respect to Dr. Morris, the government's proffer would be facially insufficient to satisfy these elements. First, an opinion that the defendant knew that Merciful Hands or Al-Sadaqah Syria were financing terrorism, is not rationally based on Dr. Morris's perception. The defendant's alleged interaction with these charities occurred years after Dr. Morris's class. In the interim, Dr. Morris did not observe and did not have reason to know what he defendant learned or believe in the interim. As such any opinion as to her knowledge would not be based on his personal observations. The Sixth Circuit has warned explicitly that these are the types of situations that render lay opinion testimony inadmissible. *See United States v. Freeman*, 730 F.3d 590, 595-97 (6th Cir. 2013) (holding that an officer describing a particular event must limit testimony to his or

3

her "own sensory and experiential observations" and finding that speaking outside of these personal observations can potentially lead to "merely tell[ing] the jury what result to reach" or, worse, spoon-feeding the jury the government's theory by using hearsay or otherwise unreliable conclusory statements. *Id.* at 597). Further, to the extent that Dr. Morris's opinion is only based on the paper that Ms. Giampietro wrote, his lay opinion usurps the role of the jury by effectively testifying as to guilt and speculating. Those dangers are present particularly here because although Dr. Morris is not listed as an expert witness, he is Ms. Giampietro's former professor, exacerbating the risk that the jury will defer to him as the expert.[2]

## Conclusion

For the reasons stated above, the defendant moves this Court to exclude Dr. Morris's testimony concerning the classes Ms. Giampietro took and the authorship of her paper as irrelevant and cumulative, and to the extent Dr. Morris is permitted to testify, to prohibit the government from eliciting lay opinion regarding Ms. Giampietro's knowledge.

Respectfully submitted this 24th day of November, 2021.

> /s/ Charles D. Swift
> CHARLES D. SWIFT
> *Pro Hac* Attorney for Giampietro
> Constitutional Law Center for Muslims in America
> 100 N. Central Expy., Suite 1010
> Richardson, TX 75080
> Phone: (972)-914-2507
> Email: cswift@clcma.org

---

[2] It is precisely for this reason that expert witnesses are not permitted to testify as to mental state. See Rule 702(b).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Charles D. Swift
CHARLES D. SWIFT
*Pro Hac* Attorney for Georgianna Giampietro