# *INTRODUCTORY INSTRUCTIONS*

## <u>GENERAL INTRODUCTION</u>

<u>Members of the Jury</u>:

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

―――――――――――――
Sixth Circuit Pattern Jury Instruction No. 1.01. (March 2021)

## JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

_____

Sixth Circuit Pattern Jury Instruction No. 1.02. (March 2021)

## **PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,<br>REASONABLE DOUBT**

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime she is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against her, and the law presumes that she is innocent. This presumption of innocence stays with her unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that she is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that she is innocent. It is up to the government to prove that she is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that she is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common

3

sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

_____

Sixth Circuit Pattern Jury Instruction No. 1.03. (March 2021)

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

_____
Sixth Circuit Pattern Jury Instruction No. 1.04. (March 2021)

5

# CONSIDERATION OF EVIDENCE

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

_____

Sixth Circuit Pattern Jury Instruction No. 1.05. (March 2021)

6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

_____

Sixth Circuit Pattern Jury Instruction No. 1.06. (March 2021)

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice,

8

or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your

everyday experience in dealing with other people.  And then decide what testimony

you believe, and how much weight you think it deserves.

_____

Sixth Circuit Pattern Jury Instruction No. 1.07. (March 2021)

## ORDINARY OBSERVATIONS AND EXPERIENCES

In reaching your verdict, you are to consider only the evidence in this case. However, you are not required to set aside your common sense, and you have the right to weigh the evidence in the light of your own observations and experiences. Do not decide the case based on "implicit biases" which are hidden thoughts that can impact what we see and hear, how we remember what we see and hear, and how we make important decisions. As we discussed in jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, implicit biases, that we may not be aware of. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.[1]

_____

Instruction given in *U.S. v. Darden,* Case 3:17-cr-00124, Document 1397, Page ID #10707.

_____

[1] The defendant does not object to instruction. However, as part of their separate instructions, the defense intends to submit potential alternatives to the Court for the Court's consideration.

11

## <u>NUMBER OF WITNESSES</u>

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

―――――――――――

Sixth Circuit Pattern Jury Instruction No. 1.08. (March 2021).

## LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

_____
Sixth Circuit Pattern Jury Instruction No. 1.09. (March 2021).

## **INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

_____

Sixth Circuit Pattern Jury Instruction No. 2.01. (March 2021).

## SEPARATE CONSIDERATION – SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

_____
Sixth Circuit Pattern Jury Instruction No. 2.01A. (March 2021).

# ON OR ABOUT

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crime happened "on or about" certain dates. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

_____
Sixth Circuit Pattern Jury Instruction No. 2.04. (March 2021).

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

_____

Sixth Circuit Pattern Jury Instruction No. 2.08. (March 2021).

Case 2:19-cr-00013   Document 341-1   Filed 12/26/21   Page 17 of 51 PageID #: 4023

## USE OF THE WORD "AND" IN THE INDICTMENT

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

_____

Sixth Circuit Pattern Jury Instruction No. 2.12. (March 2021).

# **ATTEMPTS**

Counts One, Two, and Three of the indictment accuse the defendant of attempting to commit the crime specified in each count in violation of federal law. For you to find the defendant guilty of these crimes, you must be convinced that as to each respective count, the government has proved both of the following elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime specified in each specified count.

And second, that the defendant did some overt act that was a substantial step towards committing the crime specified in each specified count.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that she intended to commit the crime specified in each count. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

If you are convinced that the government has proved both of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty.

---

Sixth Circuit Pattern Jury Instruction No. 5.01. (March 2021).

### *OFFENSE INSTRUCTIONS*

## <u>COUNTS ONE AND TWO– ATTEMPTING TO PROVIDE MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION</u>

*The parties could not agree on the jury instructions related to Counts One and Two of the Second Superseding Indictment, and therefore, will each separately file a proposed jury instruction for Counts One and Two.*

## COUNT THREE – DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATIONS

Count Three charges the defendant with knowingly altering, destroying, concealing, and covering up a record and document with the intent to impede, obstruct, and influence the investigation of and the proper administration of a matter within the jurisdiction of any department or agency of the United States, and in relation to and in contemplation of such a matter. For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly altered, destroyed, mutilated, concealed, or covered up a record or document;

Second, that the defendant acted with the intent to impede, obstruct, or influence the investigation of or the proper administration of in relation to or in contemplation of a matter; and

Third, that the matter was within the jurisdiction of the Federal Bureau of Investigation, which is an agency of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the defendant specifically knew the matter or investigation was within the jurisdiction of a department or agency of

21

the United States. In other words, you need not find the defendant knew she was

obstructing, impeding, or influencing a matter that was federal in nature.

_____

Fifth Circuit Pattern Jury Instruction No. 2.65. (2019).

## COUNT FOUR – TAMPERING WITH EVIDENCE

*The parties could not agree on the jury instructions related to Count Four of the Second Superseding Indictment, and therefore, will each separately file a proposed jury instruction for Count Four.*

# **INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

_____

Sixth Circuit Pattern Jury Instruction No. 7.01. (March 2021).

# DEFENDANT'S ELECTION NOT TO TESTIFY *OR PRESENT EVIDENCE*

A defendant has an absolute right not to testify *[or present evidence]*. The fact that she did not testify *[or present any evidence]* cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that she is innocent.

_____

Sixth Circuit Pattern Jury Instruction No. 7.02A. (March 2021).

25

## DEFENDANT'S TESTIMONY

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

_____

Sixth Circuit Pattern Jury Instruction No. 7.02B. (March 2021).

Case 2:19-cr-00013   Document 341-1   Filed 12/26/21   Page 26 of 51 PageID #: 4032

## **OPINION TESTIMONY**

You have heard the testimony of various witnesses, who testified as opinion witnesses.

You do not have to accept their opinion. In deciding how much weight to give their respective opinions, you should consider the witness's qualifications and how he/she reached his/her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

_____

Sixth Circuit Pattern Jury Instruction No. 7.03. (March 2021).

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of _____, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he/she reached his/her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

_____

Sixth Circuit Pattern Jury Instruction No. 7.03A. (March 2021).

28

## <u>LAW ENFORCEMENT WITNESS</u>

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal government or by state and local governments as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

_____

Modern Federal Jury Instructions-Criminal No. 7.16 (2017 Edition)—Modified; *See also* Third Circuit Pattern Jury Instruction No. 4.18 (2018 Edition).

## GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from an undercover agent who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of undercover agents, in order to investigate criminal activities. Undercover agents may use false names and appearances and assume the roles of members in criminal organizations.

_____

Modern Federal Jury Instructions-Criminal No. 4.10 (February 2021).

# ENTRAPMENT

One of the questions in this case is whether the defendant was entrapped.

Entrapment has two related elements. One is that the defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, it would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informant or a decoy. This is permissible, and without more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government. Let me suggest some things that you may consider in deciding whether the government has proved this:

(A) Ask yourself what the evidence shows about the defendant's character and reputation.

(B) Ask yourself if the idea for committing the crime originated with or came from the government.

(C) Ask yourself if the defendant took part in the crime for profit.

(D) Ask yourself if the defendant took part in any similar criminal activity with anyone else before or afterwards.

(E) Ask yourself if the defendant showed any reluctance to commit the crime and, if she did, whether she was overcome by government persuasion.

(F) And ask yourself what kind of persuasion and how much persuasion the government used.

Consider all the evidence, and decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

_____
Sixth Circuit Pattern Jury Instruction No. 6.03. (March 2021).

# IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH

You have heard the testimony of _____.  You have also heard that before this trial he/she made a statement that may be different from his/her testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his/her testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his/her testimony here in court.

_____

Sixth Circuit Pattern Jury Instruction No. 7.04. (March 2021).

Case 2:19-cr-00013   Document 341-1   Filed 12/26/21   Page 33 of 51 PageID #: 4039

## SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

---

Sixth Circuit Pattern Jury Instruction No. 7.12. (March 2021).

## SECONDARY- EVIDENCE SUMMARIES ADMITTED IN EVIDENCE

During the trial you have seen or heard summary evidence in the form of a chart, drawing, calculation, testimony, or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

_____

Sixth Circuit Pattern Jury Instruction No. 7.12A. (March 2021).

## **OTHER ACTS OF DEFENDANT**

You have heard testimony that the defendant committed acts other than the ones charged in the indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, opportunity, preparation, plan, knowledge, absence of mistake, absence of accident. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes charged in the indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

---
Sixth Circuit Pattern Jury Instruction No. 7.13. (March 2021).

## **TRANSCRIPTIONS OF RECORDINGS**

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

---

Sixth Circuit Pattern Jury Instruction No. 7.17. (March 2021).

Case 2:19-cr-00013   Document 341-1   Filed 12/26/21   Page 37 of 51 PageID #: 4043

## STATEMENT BY DEFENDANT

You have heard evidence that the defendant made a statement in which the government claims she admitted certain facts.   It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon her own uncorroborated statement or admission.

_____

Sixth Circuit Pattern Jury Instruction No. 7.20. (March 2021).

Case 2:19-cr-00013   Document 341-1   Filed 12/26/21   Page 38 of 51 PageID #: 4044

## STIPULATIONS

The government and the defendant have agreed, or stipulated, to certain facts.

Therefore, you must accept the following stipulated facts as proved:

The defendant, GEORGIANNA A.M. GIAMPIETRO, is a National of the United States.[2]

---

Sixth Circuit Pattern Jury Instruction No. 7.21. (March 2021).

[2] The parties may have additional stipulations that will need to be added to the jury instructions at a later date, including a potential stipulation regarding the fact that HTS was a foreign terrorist organization during the charged conduct, as alluded to in other filings.

39

## INTRODUCTION (DELIBERATION AND VERDICT)

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

40

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

_____

Sixth Circuit Pattern Jury Instruction No. 8.01. (March 2021).

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application [unless specifically instructed to do so by this court], such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones,

42

tablets, and computers -- and the news and social media apps on those devices --

may inadvertently expose you to certain notices, such as pop-ups or advertisements,

that could influence your consideration of the matters you've heard about in this

courtroom. You are only permitted to discuss the case with your fellow jurors during

deliberations because they have seen and heard the same evidence you have. In our

judicial system, it is important that you are not influenced by anything or anyone

outside of this courtroom. Otherwise, your decision may be based on information

known only by you and not your fellow jurors or the parties in the case. This would

unfairly and adversely impact the judicial process. A juror who violates these

restrictions jeopardizes the fairness of these proceedings, and a mistrial could result,

which would require the entire trial process to start over.

---

Sixth Circuit Pattern Jury Instruction No. 8.02. (March 2021).

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves her guilt beyond a reasonable doubt.

To find the defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

_____

Sixth Circuit Pattern Jury Instruction No. 8.03. (March 2021).

## UNANIMITY NOT REQUIRED - MEANS[3]

One more point about the requirement that your verdict must be unanimous. Count ____ of the indictment accuses the defendant of committing the crime of _____ in more than one possible way. The first is that she _____. The second is that she _____.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

---

Sixth Circuit Pattern Jury Instruction No. 8.03B. (March 2021).

[3] The Government and defense counsel agree that this instruction is appropriate as to Counts Three and Four. However, while the Government believes this instruction is also appropriate as to Counts One and Two, defense counsel believes that unanimity on Counts One and Two is required. Therefore, the defense objects to the inclusion of this instruction specifically as it relates to Counts One and Two.

45

# DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

_____

Sixth Circuit Pattern Jury Instruction No. 8.04. (March 2021).

## **PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

_____

Sixth Circuit Pattern Jury Instruction No. 8.05. (March 2021).

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

_____
Sixth Circuit Pattern Jury Instruction No. 8.06. (March 2021).

## VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

_____

Sixth Circuit Pattern Jury Instruction No. 8.08. (March 2021).

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

_____
Sixth Circuit Pattern Jury Instruction No. 8.09. (March 2021).

## **JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

_____
Sixth Circuit Pattern Jury Instruction No. 8.10. (March 2021).