IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No.  2:19-cr-00013 |
| v. | ) | |
| | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF THE GOVERNMENT'S SEPARATELY PROPOSED JURY INSTRUCTION AND VERDICT FORM**

The United States of America, through Mark H. Wildsain, United States Attorney for the Middle District of Tennessee, by and through Assistant United States Attorneys Kathryn Risinger and Philip Wehby, and the Chief of the Counterterrorism Section of the National Security Division, United States Department of Justice, by and through Trial Attorney Jennifer E. Levy, hereby files this Memorandum in Support of the Government's Separately Proposed Jury Instruction and Verdict Form regarding Counts One and Two of the Second Superseding Indictment.

Counts One and Two charge the defendant with Attempted Material Support of a Foreign Terrorist Organization ("FTO"), in violation of Title 18, United States Code, Section 2339B. The essential elements of the offense are:

> First, that the defendant knowingly attempted to provide material support or resources to a foreign terrorist organization, specifically Hayat Tahrir al-Sham;
>
> Second, that the defendant knew that Hayat Tahrir al-Sham was a designated foreign terrorist organization or had engaged in or was engaging in terrorist activity or terrorism;
>
> Third, that the defendant is a national of the United States; and
>
> Fourth, that the defendant did some act as a substantial step in an effort to provide material support to Hayat Tahrir al-Sham.

*See* 18 U.S.C. § 2339B(a)(1); *United States v. Alebbini*, 979 F.3d 537, 546 (6th Cir. 2020) (describing elements as follows: "(1) that Alebbini intended to commit the crime of providing material support or resources to ISIS; (2) that he intended to provide himself to ISIS to work under its direction and control; (3) that he knew ISIS was a designated foreign terrorist organization or had engaged in terrorist activity; and (4) that he did some overt act which was a substantial step toward committing the crime") (citing transcript of verdict proceedings); *United States v. Khweis*, Crim. No. 1-16-CR-00143-LO (E.D. VA 2017) (Doc.165); *United States v. Moalin*, Case 3:10-cr-04246-JM (S.D. Cal. 2013) (Doc. 301); *United States v. Amina Ali*, Case 0:10-cr-00187-MJD-FLN (D. Minn. 2011) (Doc. 153).

With respect to the first element, attempting to provide material support or resources specifically includes for Count One: personnel and services; and for Count Two: currency. *See* 18 U.S.C. § 2339A(b)(1) (providing definition); 18 U.S.C. § 2339B(g)(4) (adopting definition).

The parties agree that a central element the Government must prove is that the defendant attempted to provide **material support or resources**. However, the parties disagree as to whether an unanimity instruction and accompanying special verdict form should be included, which would require the jury to unanimously agree regarding the means by which the "material support or resources" element is proven. The Government respectfully requests the Court follow the Sixth Circuit's guidance and Pattern Instruction § 8.03B, as discussed below, and find that an unanimity instruction and accompanying special verdict form is not required.

The Supreme Court has rejected the practice of requiring jury unanimity regarding the means used to commit an offense when the means simply satisfy an element of the crime and do not themselves constitute a separate offense or element of an offense. *See, e.g., Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016) (explaining that where a statute "merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual

2

ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors 'conclude[d] that the defendant used a knife' while others 'conclude[d] he used a gun,' so long as all agreed that the defendant used a 'deadly weapon.'"); *Richardson v. United States*, 526 U.S. 813, 817 (1999) ("a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime. Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.") (internal citations omitted); *Schad v. Arizona*, 501 U.S. 624, 630-33 (1991) (plurality opinion) ("We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.").

This Court has likewise recognized this principle regarding defendant's charges. In denying defendant's motions to dismiss, this Court noted the distinction between the *elements* of an offense and the *means* by which the defendant's conduct satisfied a particular element. *See United States v. Giampietro*, 475 F. Supp. 3d 779, 785-86 (M.D. Tenn. 2020). Specifically, in discussing Counts Two and Three of the Superseding Indictment, the Court rejected the defendant's argument that the Government had improperly alleged "multiple means" through which the defendant obstructed the FBI and grand jury investigations. *Id.* at 785.[1] The Court explained that the government "must prove each of the essential elements" of each statute,

---

[1] Since the time of this Court's decision, referred to herein, the Government again superseded the indictment. Counts Two and Three of the Superseding Indictment are now Counts Three and Four in the Second Superseding Indictment. (D.E. 255.)

3
Case 2:19-cr-00013   Document 343-2   Filed 12/26/21   Page 3 of 7 PageID #: 4081

including "that Giampietro knowingly (Count Two) or corruptly (Count Three) altered, destroyed, mutilated or concealed a 'record, document, or object,' but it is not necessary that the jury unanimously decide whether she altered or destroyed social media accounts, text messages, or chat conversation, etc., or some or all of those things." *Id.* at 786; *see United States v. Schmeltz*, 667 F.3d 685, 687-88 (6th Cir. 2011) (concluding district court did not err in instructing jury in accordance with Pattern Instruction § 8.03B, because "[a]lthough a jury must unanimously find that the government has proven each element of a crime, it need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element.") (internal citations omitted). The same is true here regarding the means by which the Government intends to show that the defendant provided "material support and resources" in Counts One and Two.

The Government submits that, consistent with the Court's prior ruling and as set forth in Sixth Circuit Pattern Instruction 8.03B, the Court should instruct the jury that unanimity is not required regarding the specific means by which the element is satisfied, and that the jurors need not agree that the same means was proven. *See* Sixth Circuit Pattern Instruction 8.03B (explaining that "the indictment accuses the defendant of committing the crime . . . in more than one possible way. . . . The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved."). And, consistent with Pattern Instruction 8.03B, the Government submits that there is no need for a special verdict form -- since jurors need not unanimously agree regarding the means by which the element is satisfied.[2]

---

[2] The "specific means used by a defendant to effect his or her crime does not constitute an 'essential element' of the offense." *United States v. D'Amelio*, 683 F.3d 412, 422-23 (2d Cir. 2012) (finding no constructive amendment). The essential element at issue here is whether the defendant provided "material support and resources," not the particular manner in which the defendant did so. *See id*.

4

While the Sixth Circuit has not specifically addressed Section 2339B, it has repeatedly rejected efforts by defendants to require jury unanimity regarding the means by which an offense was committed.[3] At least one federal court recently entered an order with its proposed jury instructions regarding the "material support or resources" element, in the context of Section 2339A. *See United States v. Mohamed*, 2020 WL 4932227, at *27-28 (E.D.N.Y. Aug. 24, 2020). And, significantly, the court did not include a specific unanimity instruction. Instead, it made clear that the jury need only agree on the element (i.e., providing material support or resources), but not the specific means:

> **First Element – Providing Material Support or Resources**
>
> First, the Government must prove that the defendant you are considering knowingly provided material support or resources, which includes tangible or intangible property, services, lodging, safehouses, weapons, and personnel.
>
> I have already instructed you about what it means to act "knowingly" (page 20), and you must follow those instructions here as well.
>
> To "provide" material support or resources means "making available" material support or resources.
>
> The words "property," "services," "lodging," "safehouses," and "weapons" have their ordinary meanings.

---

at 422. Here, the specific means by which the defendant effected the crime "makes no difference under the relevant statute." *Id.* (citing *United States v. Knuckles*, 581 F.2d 305, 311 (2d Cir. 1978)).

[3] *See, e.g., United States v. Rios*, 830 F.3d 403, 434 (6th Cir. 2016) (explaining that RICO conspiracy does not require unanimity for the particular racketeering acts); *United States v. Eaton*, 784 F.3d 298, 308-09 (6th Cir. 2015) (finding absence of special unanimity instruction was not error where defendant pressured witness to conceal facts and provide false information, in violation of 18 U.S.C. § 1512(b)(3); conduct involved a single element that could be proved by multiple means); *United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004) (explaining that for felon in possession of firearm offense involving multiple firearms, the particular firearm possessed is not an element but "instead the means used to satisfy the element of 'any firearm'"); *United States v. Davis*, 306 F.3d 398, 414 (6th Cir. 2002) (concluding 18 U.S.C. § 2 listed various means by which the elements of the crime can be accomplished, and did not require jury unanimity); *United States v. Kimes*, 246 F.3d 800, 809 (6th Cir. 2001) (concluding 18 U.S.C. § 111(a)(1), threatening or harming a federal officer, states a singular crime which can be committed six ways); *United States v. Sanderson*, 966 F.2d 184, 188-89 (6th Cir. 1992) (concluding 18 U.S.C. § 666, theft of government services, exemplifies an offense which can be committed by a variety of acts).

> The term personnel means one or more persons, which can include a defendant's own person.
>
> ***If you should find beyond a reasonable doubt that a defendant provided material support or resources in any of these forms, the government's burden with respect to the first element has been met.***

*Id.* at *28 (emphasis added in bold italics).

For all of these reasons, it is not necessary to include a specific unanimity instruction regarding the means by which the defendant provided "material support or resources."

Moreover, the Ninth Circuit has noted the inherent risk of juror confusion when jury instructions subdivide the charges "to the atomic level," and has cautioned against doing so unnecessarily. *See United States v. Mickey*, 897 F.3d 1173, 1182 (9th Cir. 2018). The Ninth Circuit explained that:

> ***[T]he government introduced considerable, and unnecessary, risk of error by asking the jury to decide which means Mickey used*** to traffic his victims. Subdividing a particular element of a crime into possible component means on a special verdict form is likely to garner an appeal. ***Not only might it confuse the jury and require further instructions, as happened here, but depending on the nature of the individual means included, the jury may lose sight of what facts it is meant to find.*** The risk could deepen further where the specific means included are mutually exclusive. Here, force, threats of force, fraud, and coercion are compatible with one another—Mickey could have used any or all of these tactics to commit his crime. But one can imagine other circumstances where the individual means are incompatible. *See Schad*, 501 U.S. at 651, 111 S.Ct. 2491 (Scalia, J., concurring) ("We would not permit, for example, an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday. ..."). ***The important lessons from this case are that the prosecution is required to prove every element of the crime beyond a reasonable doubt—without a requirement to subdivide the inquiry to the atomic level***—and that jury instructions should not only match the statutory language but should be internally consistent.

*Id.* (emphasis added). And, similarly, courts have explained that special verdict forms "are generally disfavored in criminal cases." *See United States v. O'Rourke*, 417 F. Supp. 3d 996, 1007 (N.D. Ill. 2019) (citing *United States v. Sababu*, 891 F.2d 1308, 1325 (7th Cir. 1989) (noting special

verdicts are thought to "conflict with the basic tenet that juries must be free from judicial control and pressure in reaching their verdicts")).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests the Court adopt the Government's separately proposed jury instructions and verdict form related to Count One.

Respectfully Submitted,

MARK H. WILDASIN
United States Attorney
Middle District of Tennessee

By: /s/ *Kathryn Risinger*
KATHRYN RISINGER
Deputy Criminal Chief – Organized Crime

/s/ *Phil Wehby*
PHIL WEHBY
Assistant United States Attorney
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 736-5151

/s/ *Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Suite 7600
Washington, D.C. 20530
(202) 514-1092

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2021, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for defendant in this case.

/s/ **Kathryn D. Risinger**
KATHRYN D. RISINGER
Assistant United States Attorney