IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>GEORGIANNA A.M. GIAMPIETRO )<br>　　Defendant. ) | Case No.: 2:19-cr-00013<br><br>Chief Judge Waverly D. Crenshaw, Jr. |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO UNITED STATES' MOTION IN LIMINE NO. 1**

In Motion in Limine No. 1, the government seeks to exclude argument or evidence "relating to renunciation being a defense to attempt to commit an offense." Gov't Mot. in Lim. No. 1, Doc. 318. The Court can easily resolve this Motion because Ms. Giampietro does not assert renunciation as a defense to the charged offenses. Ms. Giampietro will, however, offer evidence of her renunciation to show that she did not intend to commit nor did she take a substantial step toward committing the charged offenses. In other words, evidence of her renunciation demonstrates that she did not attempt to provide material support to HTS.

Count 1 charges Ms. Giampietro with attempting to provide material support to HTS in the form of personnel and services. *See* Second Superseding Indictment. Count 2 charges Ms. Giampietro with attempting to provide material support to HTS in the form of currency. *Id*. "[A]ttempt crimes require proof of a specific intent to complete the acts constituting the substantive offense. . . . coupled with affirmative acts toward that end." *United States v. Calloway*, 116 F.3d 1129, 1135-36 (6th Cir. 1997); *see also United States v. Gibbs*, 182 F.3d 408, 433 (6th Cir. 1999) ("In a specific intent crime, 'the defendant must . . . act with the purpose of violating the law.'").

1

The Sixth Circuit in *United States v. Shelton* rejected the abandonment defense of Model Penal Code § 5.01(4) and held that renunciation is not a defense to attempt. 30 F.3d 702, 706 (6th Cir. 1994). The *Shelton* Court however, stated that abandonment was nevertheless relevant to the crime of attempt in determining whether the defendant had the requisite intent and finding that renunciation can demonstrate that the defendant lacked the requisite intent or did not take a substantial step toward commission of the crime:

> [T]he attempt crime is complete with proof of intent together with acts constituting a substantial step toward commission of the substantive offense. *When a defendant withdraws prior to forming the necessary intent or taking a substantial step toward the commission of the offense, the essential elements of the crime cannot be proved*. At this point, the question whether a defendant has withdrawn is synonymous with whether he has committed the offense.

*Id*. (emphasis added); *see also* Mot. in Lim. No. 1 at 5. *United States v. Joyce* out of the Eight Circuit is instructive. 693 F.2d 838 (8th Cir. 1982). There, the court of appeals reversed a defendant's conviction for attempting to possess cocaine with the intent to distribute, finding that he abandoned his intent to purchase the drugs prior to performing a substantial step toward commission of the offense. *Id*. at 843. In *Joyce*, the defendant agreed to purchase cocaine from an undercover agent posing as a seller, acquired $22,000 in cash, and then flew from Oklahoma to Missouri for the deal. *Id*. at 840. When agents handed the defendant with a duct-taped package and refused to open it before he presented the money, the defendant decided not to make the purchase and left. *Id*. The court explained, "Here it is undisputed that Joyce, despite having both the opportunity and ability to purchase the cocaine at the agreed upon price, unambiguously refused either to produce his money or to purchase the cocaine. This effectively negated the government's effort to consummate the sale." *Id*. at 842. The court also rejected the government's argument that the defendant's "expressed interest in [the purchase] at the stated price and his momentary possession of the wrapped package . . . constituted a substantial step toward possession of cocaine

2

with the intent to distribute." *Id*. *Joyce* is in accord with *Shelton* and other Sixth Circuit cases because it did not regard abandonment as an affirmative defense but instead concluded that the evidence of abandonment—despite the defendant's prior plans and motive—demonstrated that the defendant did not possess the requisite intent to commit the offense at all.

Here, the defense will offer evidence to demonstrate that Ms. Giampietro abandoned any desire or interest in supporting HTS prior to forming the requisite intent to commit the charged offenses and prior to performing a substantial step toward commission of those offenses. With regard to Count 1, the evidence will show that in September 2018, UCE-1 told Ms. Giampietro that she and UCE-2 intended to travel to Syria to join HTS. It will show that as of September 2018, Ms. Giampietro did not support HTS - in fact, she openly and stridently condemned HTS. The evidence will show that Ms. Giampietro discouraged the UCEs from leaving; she gave UCE-1 a variety of reasons, including that there was no work or fighting for the UCEs to do in Syria. The evidence will further show that Ms. Giampietro provided the @alsadaqahsyria contact information to UCE-1 in hopes that the contact would affirm Ms. Giampietro's reason not to travel.[1] The defense will argue that this evidence shows that even if Ms. Giampietro once had desires or plans to support HTS, she had abandoned them by the time of the charged offenses.

With all attempt cases, there is a "danger of convicting for mere thoughts, desires or motives." *United States v. Pennyman*, 889 F.2d 104, 106 (6th Cir. 1989) (quoting *United States v. Reeves*, 794 F.2d 1101, 1103-04 (6th Cir. 1986)). As a result, the Sixth Circuit requires the government to show both specific intent to commit the crime and a substantial step consisting of

---

[1] Contrary to the government's argument, the defense does not intend to argue that Ms. Giampietro abandoned an intent to commit the charged offense (supporting HTS) *after* she gave UCE-1 the contact information. *See* Mot. in Lim. No. 1 at 5. Rather, the evidence will show that when it became clear to Ms. Giampietro that UCE-1 intended to use the @AlSadqahSyria contact to aid her in traveling, Ms. Giampietro told UCE-1 not to use the contact and that she did not want to be involved, thus demonstrating that Ms. Giampietro did not have the intent to attempt to assist UCE-1 in traveling to Syria to join HTS.

3

"objective acts [which] . . . mark defendant's conduct as criminal in nature." *Id*. Permitting the defendant to offer evidence that she changed her mind, discouraged others, or denounced the very group that she is accused of supporting is relevant to both the specific intent and substantial step factual inquiries.

Accordingly, Ms. Giampietro respectfully requests that the Court deny the government's Motion in Limine No. 1.

Respectfully submitted this 30th day of December, 2021.

/s/ *Charles D. Swift*
CHARLES D. SWIFT
*Pro Hac* Attorney for Giampietro
Constitutional Law Center for Muslims in America
100 N. Central Expy., Suite 1010
Richardson, TX 75080
Phone: (972)-914-2507

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Charles D. Swift*
CHARLES D. SWIFT
*Pro Hac* Attorney for Georgianna Giampietro