IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
  Plaintiff, )
          )   Case No.: 2:19-cr-00013
v. )
          )   Chief Judge Waverly D. Crenshaw, Jr.
GEORGIANNA A.M. GIAMPIETRO )
  Defendant. )

## DEFENDANT'S RESPONSE IN OPPOSITION
## TO UNITED STATES' MOTION IN LIMINE NO. 3

In its Motion in Limine No. 3, the government moves the Court to take judicial notice of the actions of the United States Secretary of State in designating al-Nusrah Front as a foreign terrorist organization on May 15, 2014, and later identifying Hayat Tahrir al-Sham (HTS) as an alias for al-Nusrah Front on May 17, 2018, in an amendment to the original designation of al-Nusrah Front that was published in the Federal Register on June 1, 2018. 3 (Gov't Mot. in Lim. No. 3, Doc. 320)

The government's position is that the amended designation effectuated on May 17, 2018, has the force of law that the Court is empowered to recognize pursuant to the Federal Register Act and Federal Rule of Evidence 201(c)(2). The government further notes that they proposed a potential stipulation regarding HTS's designation, but that no stipulation has yet been executed by the parties.

Count One of the Indictment charges Ms. Giampietro with attempting to provide material support to HTS in the form of personnel and services between November 24, 2017 and October 2018. In order to find Ms. Giampietro guilty of this offense, the government must prove: (1) that Ms. Giampietro knowingly attempted to provide material support or resources to a foreign terrorist

1

organization, specifically HTS; (2) that the defendant knew HTS was a designated foreign terrorist organization or engaged in terrorist activity; (3) that Ms. Giampietro did some act as a substantial step in an effort to provide material support to HTS; and (4) that Ms. Giampietro is a national of the United States. The government's requested judicial notice and proposed stipulation implicate the first two elements.

The defense does not oppose the court taking notice that HTS was added as an alias of al-Nusrah Front on May 17, 2018. However, the government's proposed stipulation to the defense on August 11, 2021, stated:

> *At all times relevant to the Superseding Indictment in this Case*, Hayat Tahrir Al-Sham ("HTS"), recognized as an alias for Al-Nusrah Front, was designated by the U.S. Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act. (emphasis added)

HTS was created in January 2017. *See* Timeline below. It was not added as an alias of al-Nusra Front (a designated terrorist organization) until May 17, 2018. The government's proposed stipulation suggests the conclusion that because the al-Nusra Front designation was amended in May 2018 to include HTS as an alias, that amendment applies retroactively to the original designation date of al-Nusra Front in May 15, 2014.

This conclusion makes no sense and is not supported by the history of the ever-evolving groups involved. First, to conclude that the amended designation acts retroactively to the original designation would mean that HTS was deemed to be a terrorist organization back in May 2014, over two years before HTS was even created. Second, the State Department did not even amend its designation for al-Nusra Front to include HTS until May 2018, and HTS was never separately designated as a foreign terrorist organization. The conclusion that *can* be drawn is the United States did not officially consider HTS to be a terrorist organization, or an alias for an existing terrorist organization, until May 17, 2018. The effect of the designation is that prior to May 17, 2018, HTS

2

was considered part of al-Nusrah Front, without being separately designated. Thus, an individual providing material support in violation of 18 USC § 2339B to a person in HTS, would be violating the statute by supporting al-Nusrah Front. For an individual to have culpable knowledge, they would have to know that HYS was operating under the direction and control of al-Nusrah Front, or engaged in terrorist activities.



Ms. Giampietro is charged with attempting to provide material support to HTS between November 24, 2017 and October 23, 2018. While the defense does not oppose, and the facts support, that HTS was a designated terrorist organization from May 17, 2018 to October 23, 2018, the government still has to prove either that HTS was a designated terrorist organization between November 24, 2017 and May 17, 2018, or it must prove that Ms. Giampietro knew that HTS engaged in terrorist activity during those dates. As such, the defense cannot stipulate that "at all

times relevant to the indictment" HTS was designated as a foreign terrorist organization. In order to prove elements one and two of Count One the government will have to use evidence in this case to show Ms. Giampietro's knowledge of HTS's engagement in terrorist activity. This evidence includes numerous messages Ms. Giampietro exchanged with undercover agents speaking negatively of HTS and denouncing them - the organization she is also charged with attempting to support. The defense acknowledges that it may be counter-intuitive for the government to prove this aspect of Count One, but it must.

**Conclusion**

For the reasons above, the defendant does not oppose the Court taking judicial notice that HTS was added as an alias of al-Nusra Front, a designated terrorist organization, on May 17, 2018. The defense respectfully requests that such notice clarify that this only means that HTS was considered a foreign terrorist organization from that date onwards. The government must still prove that Ms. Giampietro knew that HTS engaged in terrorist activity or terrorism between November 24, 2017 and October 23, 2018.

Respectfully submitted this 30th day of December, 2021.

/s/ *Charles D. Swift*
CHARLES D. SWIFT
*Pro Hac* Attorney for Giampietro
Constitutional Law Center for Muslims in America
100 N. Central Expy., Suite 1010
Richardson, TX 75080
Phone: (972)-914-2507

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of December, 2021, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of

electronic filing to all counsel of record.

/s/ Charles D. Swift

CHARLES D. SWIFT
*Pro Hac* Attorney for Georgianna Giampietro