IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 2:19-cr-00013 |
| v. ) | Chief Judge Crenshaw |
| ) | |
| GEORGIANNA A.M. GIAMPIETRO ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE WITNESS TESTIMONY**

The United States of America, by and through its attorneys, the United States Attorney for the Middle District of Tennessee and the Chief of the Counterterrorism Section of the National Security Division, United States Department of Justice, hereby files this Response to Defendant's Motion in Limine – To Exclude Witness Testimony (D.E. 327) of Elizabeth Griffin.

**I.     Background**

A federal grand jury in the Middle District of Tennessee has charged the defendant in the Second Superseding Indictment with attempting to provide material support to a foreign terrorist organization ("FTO") (personnel and services), in violation of Title 18, United States Code, Section 2339B(a)(1) (Count One); attempting to provide material support to an FTO (currency), in violation of Title 18, United States Code, Section 2339B(a)(1) (Count Two); obstruction of justice, in violation of Title 18, United States Code, Section 1519 (Count Three); and obstruction of justice, in violation of Title 18, United States Code, Section 1512(c)(1) (Count Four). These offenses are based on allegations that the defendant attempted to provide material support to Hayat Tahrir al-Sham, also known as "HTS," and then tried to obstruct the government's investigation into that attempt.

1

## II. Relevancy

Relevant evidence is defined in Federal Rule of Evidence 401 as evidence having "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." "As the Supreme Court and this Court have noted on numerous occasions, this standard of relevancy is liberal." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587, 113 S. Ct. 2786 (1993); *Hildebrand v. Bd. of Trustees of Mich. State Univ.*, 607 F.2d 705, 713 n. 15 (6th Cir.1979)).

However, Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citing *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir.1988); *United States v. Mendez–Ortiz*, 810 F.2d 76, 79 (6th Cir.1986)). "Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403." *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (quoting *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir.1996)).

## III. Anticipated Testimony of Elizabeth Griffin

The defendant challenges the admissibility of any testimony from Elizabeth Griffin - a person with whom the defendant was previously housed and shared a personal relationship - in the absence of a further showing by the government establishing her relevancy to the case. In response, the government submits that it previously identified Griffin out of an abundance of

Case 2:19-cr-00013  Document 363  Filed 12/30/21  Page 2 of 4 PageID #: 4309

caution as a potential trial witness in this case. (*See* D.E. 233.) In its latest Witness List (D.E. 346), the government has clarified its position and listed her only as a potential rebuttal witness related to her interactions with the defendant. As the government does <u>not</u> intend to call Ms. Griffin in its case-in-chief, and possibly not at all, the defendant's motion is effectively rendered moot. However, should the defendant elicit testimony from other witnesses that makes Griffin's testimony necessary or otherwise opens the door to such testimony, the government may seek to revisit this matter and admit such testimony. In that event, the government will notice the Court and defense counsel of its desire to call this witness, outside the presence of the jury so that the relevancy and admissibility of such testimony can be further discussed, addressed, and then ruled upon by the Court.

## **CONCLUSION**

WHEREFORE, the Government submits that Defendant's motion in limine to exclude the testimony of Elizabeth Griffin is moot at this time and should be denied.

Respectfully Submitted,

MARK H. WILDASIN
United States Attorney
Middle District of Tennessee

By: /s/ *Kathryn Risinger*
KATHRYN RISINGER
PHIL WEHBY
Assistant United States Attorneys
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 736-5151

/s/ *Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Ste. 7600
Washington, D.C. 20530
(202) 514-1092

## CERTIFICATE OF SERVICE

      I hereby certify that on December 30, 2021, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for all defendants in this case.

      /s/ ***Kathryn D. Risinger***
      KATHRYN D. RISINGER
      Deputy Criminal Chief

Case 2:19-cr-00013   Document 363   Filed 12/30/21   Page 4 of 4 PageID #: 4311