IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 2:19-cr-00013 |
| v. | ) | Chief Judge Crenshaw |
| | ) | |
| GEORGIANNA A.M. GIAMPIETRO | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE PORTIONS OF MARIA WILLIAMS' TESTIMONY AND TO PERMIT
MS. WILLIAMS PRESENCE IN THE COURTROOM**

The United States of America, by and through its attorneys, the United States Attorney for the Middle District of Tennessee and the Chief of the Counterterrorism Section of the National Security Division, United States Department of Justice, hereby files this Response to Defendant's Motion in Limine – To Exclude Portions of Maria Williams' Testimony and to Permit Ms. Williams' Presence in the Courtroom (D.E. 328).

**I.  Background**

A federal grand jury in the Middle District of Tennessee has charged the defendant in the Second Superseding Indictment with attempting to provide material support to a foreign terrorist organization ("FTO") (personnel and services), in violation of Title 18, United States Code, Section 2339B(a)(1) (Count One); attempting to provide material support to an FTO (currency), in violation of Title 18, United States Code, Section 2339B(a)(1) (Count Two); obstruction of justice, in violation of Title 18, United States Code, Section 1519 (Count Three); and obstruction of justice, in violation of Title 18, United States Code, Section 1512(c)(1) (Count Four). These offenses are based on allegations that the defendant attempted to provide material support to Hayat Tahrir al-Sham, also known as "HTS," and then tried to obstruct the government's investigation into that attempt.

1

## II. Relevancy

Relevant evidence is defined in Federal Rule of Evidence 401 as evidence having "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." "As the Supreme Court and this Court have noted on numerous occasions, this standard of relevancy is liberal." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587, 113 S. Ct. 2786 (1993); *Hildebrand v. Bd. of Trustees of Mich. State Univ.*, 607 F.2d 705, 713 n. 15 (6th Cir.1979)).

However, Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citing *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir.1988); *United States v. Mendez–Ortiz*, 810 F.2d 76, 79 (6th Cir.1986)). "Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403." *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (quoting *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir.1996)).

### III. Anticipated Testimony of Maria Williams

The government has identified Maria Williams as a potential trial witness in this case. (D.E. 346.)[1] The government has summarized the subject matter of Ms. Williams' anticipated testimony as follows:

> Ms. Williams is expected to testify that she is the mother of the defendant and that during the time of this investigation, the defendant was living at Ms. Williams's residence. She is further expected to testify that while living at the residence, Ms. Williams was unaware that the defendant had converted to Islam. Ms. Williams is further expected to testify that the defendant did not share her support for radical Islamic beliefs and that she was unaware of the postings and communications the defendant was making/having on social media related to her support for the Mujahideen fighting for jihad.

*Id.*[2] On the basis of this summary, the defendant seeks to exclude this testimony, alleging that such testimony is irrelevant and its admissibility is substantially outweighed by the prejudicial nature of such testimony (D.E. 328). For the reasons expressed below, the defendant's motion is erroneous and should be denied.

Ms. Williams' testimony is clearly relevant on a number of issues: (1) establishing the defendant's background and citizenship, as noted by the defense; (2) establishing the witness' close relationship with the defendant and the covert nature of the defendant's conversion to Islam and adoption of an extremist ideology; and (3) establishing who resided at the residence during the timeframe noted in the Second Superseding Indictment and the defendant's access to the home's Internet, which was used to post social media images and engage in various

---

[1] In its Witness List, filed at Docket Entry 346, the government inadvertently included a footnote stating that the government does not intend to call Ms. Williams in its case-in-chief, and would likely do so only in rebuttal. However, that footnote was in error, and at this point, the government has not made a final decision on whether to call Ms. Williams in its case-in-chief. Accordingly, the government responds in opposition to the defendant's motion in limine to exclude her testimony, preserving the right to call Ms. Williams in its case-in-chief.

[2] As part of her testimony, the government may question Ms. Williams regarding her own use of the Internet and various electronic devices, including computers, recovered from the house. As we get closer to trial, the government may approach the defense regarding a potential stipulation that could resolve and address any potential reasons the government would need to call Ms. Williams as a witness in its case-in-chief at trial. Additionally, at this time, we cannot forecast the need to call Ms. Williams as a potential witness in rebuttal, if we decide not to call her in our case-in-chief.

communications related to her support for the Islamic extremism and the mujahideen fighting for jihad. These issues are all central to the case and, to that end, are highly probative of the defendant's background, intent, and identity as the person making certain extremist posts and communications supporting jihad. Relatedly, Ms. Williams' testimony will provide appropriate context regarding the defendant from which the jury can properly view the evidence. As such evidence is directly relevant to the core issues in the case, the government should be able to call this witness in its case-in-chief. Given that such evidence is germane to the core of the case, the introduction of such evidence is not in the least unduly prejudicial. Stated another way, the introduction of such evidence at trial should not be excluded at trial under Federal Rule of Evidence 403 because it is *not unfairly prejudicial*, meaning that any probative value is *not substantially outweighed* by the evidence's prejudicial effect, if any.

As to the defendant's concern regarding Ms. Williams' ability to sit in the courtroom during the entirety of the trial, the government submits that it will invoke the rule of sequestration of witnesses, thereby precluding her observation of the trial until after she testifies. *See* FED. R. EVID. 615. The government notes, however, that Ms. Williams is likely to be called very early in the government's case, and she can thereafter observe the trial.

## CONCLUSION

WHEREFORE, the Government submits that Defendant's motion in limine to exclude the testimony of Maria Williams is in error, as her testimony is directly relevant to central issues in the case, and her motion should therefore be denied.

Respectfully Submitted,

MARK H. WILDASIN
United States Attorney
Middle District of Tennessee

By: /s/ *PHIL WEHBY*
KATHRYN RISINGER
PHIL WEHBY
Assistant United States Attorneys
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 736-5151

/s/ *Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Ste. 7600
Washington, D.C. 20530
(202) 514-1092

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2021, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for all defendants in this case.

/s/ *PHIL WEHBY*
PHIL WEHBY
Assistant United States Attorney