IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 2:19-cr-00013 |
| v. ) | Chief Judge Crenshaw |
| ) | |
| GEORGIANNA A.M. GIAMPIETRO ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE
TO LIMIT WITNESS TESTIMONY OF KELSEY CRAIG**

The United States of America, by and through its attorneys, the United States Attorney for the Middle District of Tennessee and the Chief of the Counterterrorism Section of the National Security Division, United States Department of Justice, hereby files this Response to Defendant's Motion in Limine – To Limit Witness Testimony of Kelsey Craig (D.E. 329).

**I.  Background**

A federal grand jury in the Middle District of Tennessee has charged the defendant in the Second Superseding Indictment with attempting to provide material support to a foreign terrorist organization ("FTO") (personnel and services), in violation of Title 18, United States Code, Section 2339B(a)(1) (Count One); attempting to provide material support to an FTO (currency), in violation of Title 18, United States Code, Section 2339B(a)(1) (Count Two); obstruction of justice, in violation of Title 18, United States Code, Section 1519 (Count Three); and obstruction of justice and attempted obstruction of justice, in violation of Title 18, United States Code, Section 1512(c)(1) (Count Four). These offenses are based on allegations that the defendant attempted to provide material support to Hayat Tahrir al-Sham, also known as "HTS," and then tried to obstruct the government's investigation into that attempt.

1

## II. Relevancy

Relevant evidence is defined in Federal Rule of Evidence 401 as evidence having "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." "As the Supreme Court and this Court have noted on numerous occasions, this standard of relevancy is liberal." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587, 113 S. Ct. 2786 (1993); *Hildebrand v. Bd. of Trustees of Mich. State Univ.*, 607 F.2d 705, 713 n. 15 (6th Cir.1979)).

However, Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citing *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir.1988); *United States v. Mendez–Ortiz*, 810 F.2d 76, 79 (6th Cir.1986)). "Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403." *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (quoting *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir.1996)).

## III. Lay Opinion

Rule 701 of the Federal Rules of Evidence permits a nonexpert to give an opinion if it is "rationally based on the witness's perception"; "helpful to clearly understanding the witness's testimony or to determining a fact in issue"; and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701(a)–(c). "In applying Rule

2

701, the modern trend among courts favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *United States v. Harris*, 786 F.3d 443, 446 (6th Cir. 2015) (quoting *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010) (internal quotation marks omitted)). Unlike expert testimony, lay testimony "results from a process of reasoning familiar in everyday life, whereas an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Williamson*, 483 F. App'x 139, 143 (6th Cir. 2012) (quoting *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007) (internal citations and quotations omitted)).

### IV. Anticipated Testimony of Kelsey Craig

The government has identified Kelsey Craig as an expected trial witness in this case. (D.E. 346.) The government has briefly summarized the subject matter of Ms. Craig's anticipated testimony as follows:

> Ms. Craig was a friend of the defendant who is expected to testify regarding her observations of some radical postings the defendant made on social media, including an image on Instagram of the Statue of Liberty headless, burning, and holding a black flag with Arabic writing, and New York City burning in the background.

*Id.*[1] On the basis of this summary, the defendant essentially seeks to limit or exclude the witness' testimony regarding certain topical areas. (*See* D.E. 329.) The defendant principally asserts that the only relevant area of the witness' testimony relates to the identification of the defendant as the author of Instagram posts the government intends to introduce. The defendant, however, submits that the authorship of the posts on the defendant's Instagram account are not in contention and that

---

[1] Ms. Craig worked with the defendant off and on at a Chili's restaurant in Cookeville between 2011 and 2015, during which time they developed a friendship and traveled on vacations together. In and around 2016, the defendant began outwardly changing her behavior, wearing traditional Islamic clothing, which she posted on social media, and also posting disturbing photos on Instagram, including a photo of a headless statue of liberty with New York city burning in the background and a black flag believed to represent ISIS. Craig thereafter deleted the defendant from her social media accounts.

3

said testimony may be cumulative and generally runs the risk of straying into other alleged impermissible areas. The defendant also seeks to exclude the witness' opinions about the posts as improper lay opinion testimony under Fed. R. Evid. 701. For the reasons expressed below, the defendant's motion is erroneous and should be denied.

In response, the government first submits that the witness' testimony is directly relevant in a couple of areas: (1) establishing a timeline through the witness, a former friend, regarding when the defendant began to espouse support for extremist ideologies (i.e. ISIS, and subsequently other foreign terrorist groups); and (2) relatedly, identifying extremist posts made by the defendant, as also noted by the defense. While the defendant proffers that the defendant's authorship is not in contention here, the government still must establish that fact and intends to do so with this and other similar witnesses. Also, the defendant points to nothing concrete that would indicate the witness' testimony would be truly cumulative in nature or would needlessly extend the trial. In fact, the government expects this witness' testimony to be relatively brief, subject to the defendant's cross-examination. Moreover, the witness' testimony is particularly relevant here given the defendant's anticipated entrapment defense, which, if raised, would necessitate the government establishing, in part, the defendant's predisposition to commit the crime to defeat such a claim.[2] *See United States v. Nelson*, 922 F.2d 311, 317 (6th Cir. 1990). As such, evidence of her intent prior to her involvement with UCE 1 is relevant and admissible. Thus, the introduction of such evidence at trial should not be excluded at trial under Federal Rule of Evidence 403 because it is *not unfairly prejudicial*, meaning that any probative value is *not substantially outweighed* by the evidence's prejudicial effect, if any.

---

[2] During various conversations with defense counsel, Mr. Swift indicated that the defendant intends to rely on the defense of entrapment at trial.

4

Second, on the issue of lay opinion testimony, the government does not intend to elicit the witness' opinion as to her interpretation of the meaning of the posts, but rather simply identifying the posts themselves and what measures the witness took in response to the postings (i.e., she stopped communicating with the defendant). This line of questioning and the witness's responses are clearly appropriate and do not run afoul of Rule 701. Moreover, the government does not intend to elicit an opinion from the witness as to whether the defendant in fact supported terrorism as the defendant fears and will instruct the witness not to provide such an opinion. Of course, the defendant proceeds at her peril on cross-examination. Here, the government will simply be eliciting testimony related to the witness' interactions with and observations of the defendant and any extremist social media posts made by the defendant that the witness observed.

## CONCLUSION

WHEREFORE, the Government submits that Defendant's motion in limine to limit the testimony of Kelsey Craig is in error and should therefore be denied.

    Respectfully Submitted,

    MARK H. WILDASIN
    United States Attorney
    Middle District of Tennessee

By: /s/ *Phil Wehby*
    KATHRYN RISINGER
    PHIL WEHBY
    Assistant United States Attorneys
    110 9th Avenue South
    Nashville, Tennessee 37203
    Phone: (615) 736-5151

/s/ *Jennifer E. Levy*
JENNIFER E. LEVY
Trial Attorney-Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Ste. 7600
Washington, D.C. 20530
(202) 514-1092

## CERTIFICATE OF SERVICE

      I hereby certify that on December 30, 2021, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for all defendants in this case.

      /s/ *Phil Wehby*
      PHIL WEHBY
      Assistant United States Attorney