# PROFFER AGREEMENT

The United States Attorney's Office for the Middle District of Tennessee ("United States"), represented by its undersigned attorney, and Georgianna Giampietro enter into this proffer agreement with respect to a proffer of information and cooperation to be made by Ms. Giampietro to agents and attorneys of the United States concerning matters about which Ms. Giampietro has purported knowledge.

1. Ms. Giampietro will answer honestly, truthfully and completely all questions posed to her by agents and attorneys of the United States.

2. By discussing these matters and by accepting Ms. Giampietro's proffer, the United States does not intend in any way to agree to, or represent that it will, confer immunity upon Ms. Giampietro for any possible federal criminal acts committed by her, nor has the United States made any representation or agreement about the disposition of any federal criminal charges which might be filed against her. At this juncture, the only promise is that the evaluation of Ms. Giampietro's proffer will be made in good faith.

3. Unless otherwise specified in this agreement, no statement made by Ms. Giampietro during this proffer discussion will be offered against Ms. Giampietro in the government's case-in-chief in any criminal prosecution of Ms. Giampietro or in aggravation at Ms. Giampietro's sentencing for the matters currently under investigation, in accordance with Sentencing Guideline Section 1B1.8, except in a prosecution for false statements, obstruction of justice in the current investigation, or perjury, or as noted in paragraph 5.

4. The United States can use information derived from statements by Ms. Giampietro under the proffer agreement directly or indirectly for the purpose of obtaining leads to other

evidence, which evidence may be used by the United States against Ms. Giampietro in any prosecution of her.

5. The United States may use Ms. Giampietro's statements as substantive evidence for the purpose of cross-examination of her should Ms. Giampietro testify at any phase of trial, sentencing or any other legal proceeding. The United States may also use Ms. Giampietro's statements as substantive evidence to rebut any evidence, factual assertions, or arguments offered by or on behalf of Ms. Giampietro that are inconsistent with the statements made during this proffer. This is to ensure that Ms. Giampietro does not abuse the opportunity for this proffer by making false or misleading statements, either at the proffer or trial.

6. The provisions of Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure do not apply to any statements made by Ms. Giampietro or any evidence derived from those statements, and Ms. Giampietro waives any right to challenge the admissibility of such evidence under either of these rules.

7. It is understood that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

FOR THE UNITED STATES

BEN SCHRADER
Assistant United States Attorney
Middle District of Tennessee

BRENT A. HERVEY
Special Agent
Federal Bureau of Investigation

12/6/2018
Date

COUNSEL

PETER STRIANSE
Attorney for Georgianna Giampietro

GEORGIANNA GIAMPIETRO