IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>)<br>) | Case No.: 2:19-cr-00013 |
| GEORGIANNA A.M. GIAMPIETRO<br>    Defendant. | )<br>) | Chief Judge Waverly D. Crenshaw, Jr. |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The defendant, Georgianna A.M. Giampietro, through undersigned counsel, respectfully submits this response to the government's Position with Respect to Sentencing. The defendant notes that while the correct applicable term of supervised release may be any term of years or life, any conditions of release and their duration should be narrowly tailored to the defendant.

1. **Defendant agrees on applicable statute for term of supervised release, but notes constitutional limitations on any such term.**

The government objects to the PSR's stated supervised release term of 0 to 3 years. Defendant agrees that pursuant to 18 USC § 3583(j), the correct term of supervised release the Court may impose for the offense of conviction is "any term of years or life". However, there are limitations on the term of supervised release and the conditions of release that may be imposed.

Any condition of supervised release must impose "no greater deprivation of liberty than is reasonably necessary" to deter future criminal conduct, protect the public, and rehabilitate the defendant. 18 U.S.C. § 3583(d)(2); *see United States v. Pruden,* 398 F.3d 241, 248 (3d Cir.

1

2005) (noting that the considerations included in § 3583 by the incorporation of § 3553 "are fairly broad, but they do impose a real restriction on the district court's freedom to impose conditions on supervised release."). *See also United States v. Zobel*, 696 F.3d 558, 577 (6th Cir. 2012) (collecting cases).

Conditions of supervised release must be supported by some evidence that the condition imposed is tangibly related to the circumstances of the offense, the history of the defendant, the need for general deterrence, or similar concerns. *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007) citing *Pruden,* 398 F.3d at 248-49. "[A] condition with no basis in the record, or with only the most tenuous basis, will inevitably violate § 3583(d)(2)'s command that such conditions involve no greater deprivation of liberty than is reasonably necessary." *Id.* at 249 . Accordingly, "courts of appeals have consistently required district courts to set forth factual findings to justify special probation conditions." *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007) quoting *United States v. Warren,* 186 F.3d 358, 366 (3d Cir. 1999); *see also Voelker*, 489 F.3d 139, 144 (3d Cir. 2007) (finding that conditions must be narrowly tailored, including the term length of any condition).

Should this Court find any term of supervised release is appropriate for the defendant, the defendant respectfully requests that such a term, and any conditions are narrowly tailored to her specific conduct and personal characteristics, and that the Court make the necessary factual findings to support any conditions of release and their term.

**Conclusion**

For the reasons set forth above, the defendant respectfully requests that this Court narrowly tailor any conditions of supervised release, including the term-length of any conditions.

Respectfully submitted this 6th day of May, 2022,

By: /s/ *Charles Swift*
Charles D. Swift,
Pro Hac Attorney for Giampietro
CLCMA
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May, 2022, I electronically filed the foregoing Defendant's Response to Government's Position with Respect to Sentencing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /s/ *Charles Swift*
Charles D. Swift, Pro Hac
Attorney for Giampietro
100 N. Central Expy, Suite 1010
Richardson, TX 75080

3

Case 2:19-cr-00013 Document 399 Filed 05/06/22 Page 3 of 3 PageID #: 4555